IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

| | |
|---|---|
| AMBER GASCHO,<br>3881 Orchard Way<br>Shawnee Hills, Ohio 43065,<br><br>ASHLEY BUCKENMEYER,<br>202 N. Main Street<br>Swanton, Ohio 43558,<br><br>and<br><br>MICHAEL J. HOGAN,<br>447 Morse Road<br>Columbus, Ohio 43214,<br><br>on behalf of themselves and all<br>others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GLOBAL FITNESS HOLDINGS, LLC<br>d/b/a URBAN ACTIVE,<br>300 West Vine Street<br>Suite 1100<br>Lexington, Kentucky 40507,<br><br>    Defendant. | CASE NO. 2:11 CV 436<br><br>JUDGE   JUDGE FROST<br><br>MAGISTRATE JUDGE DEAVERS |

## NOTICE OF REMOVAL

Defendant Global Fitness Holdings, LLC, d/b/a Urban Active ("Global Fitness" or "Urban Active"), by and through its attorneys and pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, hereby removes this action from the Franklin County Court of Common Pleas to the United States District Court for the Southern District of Ohio, Eastern Division. As grounds for the removal, Global Fitness states as follows:

1459240v3

## I. INTRODUCTION

This case is removable under the Class Action Fairness Act of 2005, P.L. 109-2, as codified at 28 U.S.C. §§ 1332(d) and 1453 ("CAFA"). CAFA grants federal courts original diversity jurisdiction over a class action when: (1) the putative class consists of at least 100 members, 28 U.S.C. § 1332(d)(5)(B); (2) the citizenship of at least one putative class member differs from that of at least one Defendant, 28 U.S.C. § 1332(d)(2)(A); and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2), (6). All CAFA requirements are satisfied in this case.

## II. PROCEDURAL HISTORY

1. Plaintiff Amber Gascho, on behalf of herself and others similarly situated, initiated this proceeding by filing a Complaint on April 13, 2011 in the Franklin County Court of Common Pleas, which is within the judicial district of the United States District Court for the Southern District of Ohio.

2. Gascho amended her Complaint on April 19, 2011. The First Amended Complaint ("Amend. Compl.") names two additional class representatives (Ashley Buckenmeyer and Michael J. Hogan), expands the putative class, and asserts different causes of action.

3. Plaintiffs served Global Fitness with the Summons and both the original Complaint and First Amended Complaint on April 19, 2011. This Notice of Removal is filed within 30 days of receipt by Global Fitness, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action is based. Removal, therefore, is timely. 28 U.S.C. § 1446(b); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-56 (1999).

4. Pursuant to 28 U.S.C § 1446(a), a true and correct copy of the entire state court docket, including the initial and amended Complaints and Summons, is attached hereto as

Exhibit A. Exhibit A includes all process, pleadings, and orders served upon Global Fitness in this action.

5. In the Amended Complaint, Plaintiffs bring claims against Global Fitness for breach of contract and violations of the Ohio Consumer Sales Practices Act, R.C. § 1345.01 *et seq.*, and the Ohio Deceptive Trade Practices Act, R.C. § 4165.01 *et seq.* (Ex. A, Amend. Cmplt., at ¶ 1.)

### III. ARGUMENT

6. This Court has original diversity jurisdiction over this action pursuant to CAFA because (1) the putative class action consists of at least 100 putative class members, 28 U.S.C. § 1332(d)(5)(B); (2) the citizenship of at least one putative class member is different from that of Global Fitness, 28 U.S.C. § 1332(d)(2)(A); and (3) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, 28 U.S.C. § 1332(d)(2).

#### A. The Putative Class Consists Of At Least 100 Putative Members.

7. Plaintiffs seek to certify classes comprising: (1) "[a]ll persons in Ohio to whom Urban Active sold membership contracts from November 1, 2007 until the present;" (2) "[a]ll persons in Ohio to whom Urban Active sold personal training contracts or contracts for other services from November 1, 2007 until the present;" and (3) "[a]ll persons in Ohio who cancelled Urban Active membership contracts, personal training contracts and other contracts for services and for whom Urban Active continued to charge their credit, bank, or debit accounts from November 1, 2007 until the present." (Ex. A, Amend. Cmplt., at ¶ 9.)

8. Plaintiffs acknowledge that "Defendant operates in over seventeen locations" in Ohio and that "[t]he members of the Class are so numerous and geographically diverse that joinder of all of them is impracticable." (Ex. A, Amend. Cmplt., at ¶¶ 5, 10.)

9. In fact, Global Fitness sold more than 225,000 membership contracts for Urban Active locations in Ohio from November 1, 2007 until the present. (Ex. B, May 18, 2011 Declaration of Coby DeVary ("DeVary Decl."), at ¶ 4.)

10. Therefore, the number of putative class members exceeds 100.[1] 28 U.S.C. § 1332(d)(5)(B).

### B. Diversity Of Citizenship Is Satisfied.

11. Plaintiffs are residents of Ohio and the putative classes include "all persons in Ohio" to whom Global Fitness sold membership contracts, personal training contracts, and contracts for other services. (Ex. A, Amend. Cmplt., at ¶¶ 2-4, 9.) Therefore, most (if not all) of the class members are citizens of Ohio.

12. Global Fitness is a Kentucky limited liability corporation, (Ex. A, Amend. Cmplt., at ¶ 5), with its corporate headquarters and principal place of business in Lexington, Kentucky. (Ex. B., DeVary Decl., at ¶ 3.) Therefore, Global Fitness is a citizen of Kentucky. *See Hertz Corp. v. Friend*, __ U.S. __, 130 S.Ct. 1181, 1186 (2010).

13. CAFA's minimum diversity requirement is satisfied here because at least one putative class member and Global Fitness are citizens of different states. 28 U.S.C. § 1332(d)(2)(A).

### C. The Aggregate Class Amount In Controversy Exceeds $5,000,000.

14. In their Amended Complaint, Plaintiffs seek, on behalf of themselves and the putative classes, an unspecified "award of damages," as well as litigation costs and expenses, attorneys' fees, injunctive relief, and "such other relief as this Court deems just and appropriate." (Ex. A, Amend. Cmplt., at pages 13-14.) Plaintiffs' allegations, requests for relief, and putative

---

[1] Global Fitness does not agree or concede that the alleged classes exist or can or should be certified. Rather, Global Fitness simply states that the classes as conceived and alleged by Plaintiffs exceed 100 members.

- 4 -

class definitions place the amount in controversy above the $5,000,000 threshold. 28 U.S.C. § 1332(d)(2), (6).

15. As the class definitions make clear (see *supra* at ¶ 7), Plaintiffs seek to represent all Ohio Urban Active members, past and present, since November 2007.

16. In the Amended Complaint, Plaintiffs allege that all putative class members have been damaged regardless of whether they have ever cancelled or attempted to cancel any Urban Active contract. (Ex. A, Amend. Compl., at ¶¶ 58, 75, pages 13-14.)

17. For example, Plaintiffs allege that Global Fitness failed to inform members of their right to cancel contracts, presumably claiming damages for members who would have attempted to cancel if they knew of their right to do so, but never did attempt to cancel an Urban Active contract. (Ex. A, Amend. Compl., at ¶ 63.)

18. Likewise, Plaintiffs allege that Global Fitness failed to inform members of a semi-annual maintenance fee and that Global Fitness failed to honor a contractual right to one free personal training session—allegations that do not turn on whether a member attempted to cancel a contract. (Ex. A, Amend. Compl., at ¶¶ 26, 36, 73.)

19. Since November 2007, Global Fitness has sold at least 225,000 membership contracts at its Ohio Urban Active locations, not including contracts for personal training or contracts for other services. (Ex. B, DeVary Decl., at ¶ 4.)

20. Plaintiff Michael J. Hogan alleges that he was charged over $100.00 in additional gym membership fees as a result of alleged violations in the Amended Complaint, and Plaintiffs allege that Hogan's claims are typical of the putative classes. (Ex. A, Amend. Compl., at ¶¶ 12, 50.)

21. Multiplying Plaintiff Hogan's alleged typical compensatory damages of at least $100.00 by the at least 225,000 Urban Active membership contracts sold in Ohio during the class period yields alleged aggregate class compensatory damages of at least $22,500,000, more than four times the CAFA amount-in-controversy threshold. These alleged compensatory damages do not include other alleged compensatory damages associated with personal training contracts or other contracts for services, which would increase the amount of compensatory damages Plaintiffs seek.[2]

22. In addition, Plaintiffs seek putative class-wide injunctive relief. (Ex. A, Amend. Compl., at ¶¶ 65, 69, 74, page 14.) Costs associated with injunctive relief are properly added to the above alleged compensatory damages in calculating the amount in controversy under CAFA. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006); *Karl v. Bizar*, No. 2:09-CV-34, 2009 WL 2175981, at *5 (S.D. Ohio 2009).

23. In addition, Plaintiffs allege that they are entitled to attorneys' fees under the Ohio Consumer Sales Practices Act and the Ohio Deceptive Trade Practices Act. (Ex. A., Amend. Compl., at page 14.) These demanded attorneys' fees are also properly added to the above alleged compensatory damages and costs associated with injunctive relief in calculating the amount in controversy. *See Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369 (6th Cir. 2007); *DeWeese v. Big O Tires, LLC*, No. 3:09-CV-57, 2009 WL 1163991, at *2 (S.D. Ohio 2009).

24. Moreover, a similar lawsuit against Global Fitness based on similar allegations has been filed in this court, in which the Plaintiffs have alleged that the "amount in controversy

---

[2] In this Notice of Removal, Global Fitness does not concede any allegation in the First Amended Complaint, including any allegation of conduct or liability, any allegation that any plaintiff or any putative class member suffered any damages or is entitled to any relief whatsoever, and any allegation that any named plaintiff is typical of any putative class in any way. Rather, Global Fitness states herein that, based on Plaintiffs' allegations, aggregate class damages would exceed $5,000,000 if Plaintiffs could ever certify a class, establish any liability, and prove any damages.

exceeds [CAFA's] $5,000,000 jurisdictional limit." (Ex. C., First Amended Complaint in *Lundberg v. Global Fitness Holdings LLC*, No 2:11-cv-329 (S.D. Ohio), at ¶ 15.) *See Hahn v. Auto-Owners Ins. Group*, No. 3:04-CV-380, 2006 WL 2796479, at *2 (E.D. Tenn. 2006) ("awards in similar lawsuits between other parties" are relevant evidence of the amount in controversy); *Szalay v. Yellow Freight Sys.*, 999 F. Supp. 972, 974 (N.D. Ohio 1996) (a "demand in [a] prior action . . . based on the same events as the present one" is relevant evidence of the amount in controversy).

25. Accordingly, Plaintiffs' alleged aggregate class damages exceed CAFA's $5,000,000 amount-in-controversy threshold.

### D. The Procedural Requirements Are Satisfied.

26. This lawsuit is a civil action within the meaning of the acts of Congress relating to removal of cases.

27. Pursuant to 28 U.S.C. § 1446(d), a Notice of Filing of Notice of Removal is being filed with the Franklin County Court of Common Pleas, a copy of which is attached hereto as Exhibit D.

28. In accordance with 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Global Fitness are attached hereto as Exhibit A.

29. The prerequisites for removal under 28 U.S.C. §§ 1441, 1446, and 1453 have been met. If any questions arise as to the propriety of the removal of this action, Global Fitness requests the opportunity to present a brief, oral argument, and any further evidence necessary in support of its position that this case is removable.

30. Global Fitness expressly reserves all rights to challenge the First Amended Complaint, or any later amended complaints, on jurisdictional and other grounds.

Dated: May 19, 2011                    Respectfully submitted,

_____
Douglas R. Cole (0070665)
*Trial Attorney*
  drcole@jonesday.com
Matthew A. Kairis (0055502)
  makairis@jonesday.com
Erik J. Clark (0078732)
  ejclark@jonesday.com
Alexis J. Zouhary (0085680)
  azouhary@jonesday.com
JONES DAY
Street Address:
  325 John H. McConnell Blvd., Suite 600
  Columbus, OH 43215-2673
Mailing Address:
  P.O. Box 165017
  Columbus, OH 43216-5017
Telephone: (614) 469-3939
Facsimile: (614) 461-4198

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I certify that on May 19, 2011, a copy of the foregoing **Notice of Removal**, along with all exhibits, was served by first class mail, postage prepaid, upon:

Thomas N. McCormick (0075496)
 tnmccormick@vorys.com
John M. Kuhl (0080966)
 jmkuhl@vorys.com
Kenneth J. Rubin (0077819)
 kjrubin@vorys.com
VORYS, SATER, SEYMOUR & PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43215-1008
Telephone: (614) 464-6400
Facsimile: (614) 464-6350

*Attorneys for Plaintiffs*

_____
One of the Attorneys for Defendant

1459240v3