IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **AMBER GASCHO, et al.,** | : |
| | :     Case No. 2:11cv438 |
| on behalf of themselves and all others similarly situated, | : |
| | :     Judge Smith |
|         **Plaintiffs,** | :     Magistrate Judge King |
|         v. | : |
| **GLOBAL FITNESS HOLDINGS, LLC,** | : |
|         **Defendant.** | : |

## PLAINTIFFS' MOTION TO REMAND

Now come Plaintiffs Amber Gascho, et al., by and through counsel, and moves this Court to remand this case to the Franklin County Court of Common Pleas.  This case should be remanded to state court because Defendant Global Fitness Holdings failed to file its Notice of Removal within the thirty-day time limit as required by 28 U.S.C. § 1446(b).  In support of this Motion to Remand, Plaintiffs have attached a Memorandum in Support and the Declaration of Kenneth J. Rubin.

                      Respectfully submitted,

                      /s/ Thomas McCormick
                      Thomas N. McCormick  (0075496)
                      John M. Kuhl (0080966)
                      Kenneth J. Rubin (0077819)
                      VORYS, SATER, SEYMOUR AND PEASE LLP
                      52 East Gay Street, P.O. Box 1008
                      Columbus, Ohio 43215-1008
                      T: (614) 464-6433  F: (614) 719-4693
                      tnmccormick@vorys.com
                      jmkuhl@vorys.com
                      kjrubin@vorys.com
                      Attorneys for Plaintiffs

## MEMORANDUM IN SUPPORT

**I.  INTRODUCTION**

Defendant Global Fitness Holdings owns and operates Urban Active fitness clubs. Plaintiffs filed this case against Defendant for violations of the Ohio Consumer Sales Practices Act, the Ohio Deceptive Trade Practices Act, and breach of contract.  This Court should remand this case to State court because service of the Summons and Complaint was completed by certified mail on April 18, 2011, thirty-one days before Defendant filed its Notice of Removal on May 19, 2011.  Removal pursuant to 28 U.S.C. § 1446(b) is only effective if the Notice of Removal is filed within thirty days of receipt of the initial pleading.  Because Defendant did not meet this deadline, remand is proper.

**II.  LAW AND ARGUMENT**

28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .

Statutes conferring removal jurisdiction are strictly construed in favor of the state court because removal jurisdiction infringes on state court jurisdiction.  *Harrell v. Allstate Ins. Co.*, 2011 U.S. Dist. LEXIS 32600, at *6 (N.D. Ohio Mar. 28, 2011) (citing *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999)).  Indeed, the thirty day requirement for removal is strictly applied, and failure to file within that time period is grounds for remand. *Mitchell v. Lemmie*, 231 F. Supp. 2d 693, 697–98 (S.D. Ohio 2002) (citing *Seaton v. Jabe*, 992 F.2d 79, 81 (6th Cir. 1993) (citation omitted)).  Application of this limitation is so strict that, "failure to comply with the thirty-day limitation set forth in Section 1446(b) is an <u>absolute bar</u> to

removal regardless of whether the removal would have been proper if timely filed." *Zeigler v. Beers*, 412 F. Supp. 2d 746, 750 (N.D. Ohio 2005) (emphasis added). Last, any doubts a court may have regarding removal are to be resolved in favor of remand. *Adkins v. Uranium Disposition Servs.*, LLC, 2011 U.S. Dist. LEXIS 9440, at *7 (S.D. Ohio Jan. 4, 2011) (citing *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006)).

Here, removal is barred because Defendant's Notice of Removal was filed <u>thirty-one days</u> after receipt of the Summons and Complaint via certified mail. Paragraph 3 of Defendant's Notice of Removal (filed on May 19, 2011, Docket No. 2) incorrectly states that Defendant was served with the original Complaint and the First Amended Complaint on April 19, 2011. In fact, Defendant was served with the original Complaint on April 18, 2011, and the First Amended Complaint one day later, April 19, 2011. As set forth in the Declaration of Kenneth J. Rubin, records from the United States Postal Service prove that Defendant received the original Complaint at its corporate office in Lexington, Kentucky, at 10:45am on April 18, 2011, <u>and</u> at its registered agent for service of process in Cincinnati, Ohio, at 12:34pm that same day, April 18, 2011. (Declaration attached as Exhibit 1, ¶¶ 10 and 12.).

Because service of the original Complaint on April 18, 2011 constitutes receipt by the defendant of an <u>initial</u> pleading which made this case eligible for removal, the strict application of the thirty day requirement as set forth in 28 U.S.C. § 1446(b) bars Defendant's Notice of Removal. The original Complaint, not the First Amended Complaint, was the <u>initial</u> pleading which made this case removable because, (1) the original Complaint contemplates a class of at

3

least 100 members, (2) the original Complaint satisfies diversity of citizenship, (3) the original Complaint contains an aggregate class amount in controversy which easily exceeds $5 million.[1]

The time for filing a notice of removal begins to run "from the date that a defendant has solid and unambiguous information that the case is removable," and defendants "would or should have known" that removal was possible. *Geriak v. Arnco*, 2011 U.S. Dist. LEXIS 43715, at *5 (N.D. Ohio March 3, 2011) (citing *Burns v. Prudential Secs., Inc.*, 218 F. Supp. 2d 911, 914 (N.D. Ohio 2002), *and Sanborn Plastics Corp. v. St. Paul Fire and Marine Ins. Co*., 753 F. Supp. 660, 663-64 (N.D. Ohio 1990)). A defendant may have solid and unambiguous information that a case is removable "even if that information is solely within its own possession." *Geriak v. Arnco*, 2011 U.S. Dist. LEXIS 43715, at *5 (N.D. Ohio, March 3, 2011) (citing *Holston v. Carolina Freight Carriers Corp*., 1991 U.S. App. LEXIS 14129 (6th Cir. 1991)).

Because Defendant knew that the original Complaint was removable and because Defendant did not comply with the thirty-day time limit for removal, the Notice of Removal is defective. Therefore, removal to this Court was improper and the case should be remanded back to the Franklin County Court of Common Pleas.

## III. CONCLUSION

For the reasons set forth above, this Court should grant Plaintiffs' Motion to Remand and remand this case back to the Franklin County Court of Common Pleas.

---

[1] Paragraph 21 of Defendant's Notice of Removal (Docket No. 2) states that Defendant sold at least 225,000 gym memberships since 2007. Upon information and belief, no less than twenty percent of all gym members also sign personal training contracts, meaning the alleged punitive class totaled no less than 45,000 people when Defendant's received the original Complaint on April 18, 2011. The actual damages alleged by Named-Plaintiff Amber Gascho alone exceed $1,000 meaning the total amount in controversy alleged in the original Complaint approaches $45 million. Moreover, class-wide injunctive relief and costs and attorneys fees should also be included in aggregating the amount in controversy. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006); *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007). Thus, Defendant cannot credibly argue that the original Complaint did not put it on notice that the amount in controversy exceeded $5 million.

Respectfully submitted,

/s/Thomas McCormick
Thomas N. McCormick  (0075496)
John M. Kuhl (0080966)
Kenneth J. Rubin (0077819)
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street, P.O. Box 1008
Columbus, Ohio 43215-1008
T:  (614) 464-6433  F:  (614) 719-4693
tnmccormick@vorys.com
jmkuhl@vorys.com
kjrubin@vorys.com
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

A copy of the foregoing *Motion to Remand* was served upon all counsel of record via the Court's CM/ECF System, this 7th day of June 2011.

> Respectfully submitted,
>
> /s/Kenneth Rubin
> Kenneth J. Rubin