# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION (COLUMBUS)

**AMBER GASCHO, et al.,**

on behalf of themselves and all
others similarly situated,

         **Plaintiffs,**

v.

**GLOBAL FITNESS HOLDINGS, LLC,**

         **Defendant.**

**CASE NO. 2:11-CV-00436**

**JUDGE SMITH**

**MAGISTRATE JUDGE KING**

## STIPULATION AND PROTECTIVE ORDER

**WHEREAS**, the parties to the above-captioned action (the "Action"), Plaintiffs Amber Gascho, Ashley Buckenmeyer, Michael J. Hogan, Edward Lundberg, Terry E. Troutman, Anthony Meyer, Rita Rose, Julia Snyder, and Michaela Woolum, on behalf of themselves and others similarly situated, ("Plaintiffs") and Defendant Global Fitness Holdings, LLC ("Global Fitness") (collectively the "Parties"), believe that certain information that is or may be sought by discovery requests or otherwise exchanged by the Parties in this Action may contain confidential non-public information of a financial, commercial, and/or personal nature; and

**WHEREAS**, the Parties believe that it would facilitate discovery in this Action to produce any such information under a protective order made pursuant to Rule 26(c);

**THE PARTIES HEREBY STIPULATE AND AGREE** to the terms of the following Stipulation and Protective Order ("Stipulation and Order") and respectfully request that the Court So Order it.

    1.    Use of Discovery Material. All discovery material (including, without limitation, documents, deposition testimony, physical objects, tangible things, discovery responses or any

COI-1465731v1

other material of any type whatsoever), whether by voluntary disclosure or pursuant to an order of the Court (collectively, "Material"), in this Action may be used solely for purposes of prosecuting or defending this Action, including appeals, if any.

2. <u>Designation of Material as "Confidential" or "Confidential—Attorneys' Eyes Only"</u>. Any party to the Action or other person (including non-parties) that provides any Material in this Action may designate such Material as "Confidential" or "Confidential—Attorneys' Eyes Only" by labeling each page of such Material as "Confidential" or "Confidential—Attorneys' Eyes Only" at the time it is produced. A party or person may designate Material as "Confidential" or "Confidential—Attorneys' Eyes Only" subsequent to its production by sending a letter to the other party to this Action so designating such Material at any time after its production, provided that such designation shall only apply to such Material after actual receipt by the other party of such a letter.

3. <u>Definition of "Confidential" Material</u>. A designation of Material as "Confidential" shall constitute a representation by the party or non-party and its counsel that they believe in good faith that the material so designated contains or constitutes non-public personal information of current or former members, trade secrets, accounting information, unpublished financial data, personal financial information or data, financial or investment forecasts or strategies, business or product plans, marketing plans or strategy, compensation information, appraisals, valuations or other information that is non-public in nature, not reasonably available from any other source, and considered by the producing party or person to be commercially sensitive or proprietary. The following types of information shall not be considered "Confidential": (a) information that is in the public domain or publicly available at the time of disclosure, including, but not limited to, advertising materials, press releases and publicly-filed

financial statements; (b) information that at any time is made public through no act of a non-designating party; (c) information that is in the possession of or becomes available to the receiving party other than through discovery in this action; or (d) information that is independently developed by the receiving party.

4. Correspondence or other documents that quote from or paraphrase the substance of "Confidential" Material shall be treated as Confidential and shall be labeled as such.

5. Definition of "Confidential—Attorneys' Eyes Only" Material. A designation of Material as "Confidential—Attorney's Eyes Only" shall constitute a representation by the party or non-party and its counsel that they believe in good faith that the material so designated is both "Confidential" as defined in Paragraph 3 above, and so highly sensitive that its disclosure would or could impart an unfair competitive advantage to the party receiving the information and the disclosure of which would create a substantial risk of serious injury that could not be avoided by less restrictive means.

6. Manner of Designating Certain Testimony as "Confidential" or "Confidential—Attorneys' Eyes Only". Any deposition or other testimony (including any exhibits used therein) may be designated as "Confidential" or "Confidential—Attorneys' Eyes Only" by either party or other person by any of the following means: (a) stating orally on the record of a deposition or during the testimony that certain information or testimony is "Confidential" or "Confidential—Attorneys' Eyes Only;" or (b) by sending written notice to counsel for the other party of record within ten (10) business days after receipt of the transcript of a deposition or other testimony, designating information as "Confidential" or "Confidential—Attorneys' Eyes Only." All testimony shall be treated as if designated "Confidential—Attorneys' Eyes Only" until the ten-day period expires or until notification of the designation or absence thereof is given.

7.  Restrictions on Disclosure of Material Designated as "Confidential."

"Confidential" Material and all information contained therein shall not be shown to, reviewed by, or discussed with, any person except:

(a) Counsel to the Parties to this Action and their respective staff;

(b) The Court, personnel of the court, and court reporters and videographers at depositions or other proceedings in this Action;

(c) Any party or employees of any party directly involved in instructing or assisting counsel in connection with this Action, except that disclosure to the persons specified in this paragraph shall be limited to such information that is reasonably required to assist counsel in the prosecution or defense of the claims;

(d) Deponents and witnesses at depositions or other proceedings in this Action, along with their counsel, if the deponent or witness is indicated on the face of the Material as its originator, author, or recipient of a copy thereof or who would be reasonably expected to have had prior access to the Material, or who is otherwise familiar with the "Confidential" Material, but only to the extent of the person's familiarity with the "Confidential" Material, or if the Court determines that the witness should have access to the Material, on such terms as the Court may order;

(e) Persons whom counsel in good faith believe could be called at deposition or trial, or other witnesses in this Action as well as their counsel, provided, however, that counsel shall not disclose any material designated "Confidential" to any such person unless counsel in good faith believes the Material to be reasonably related to that person's potential testimony;

(f) Outside experts and consultants, and their respective staff, to the extent deemed reasonably necessary by counsel for the prosecution or defense of the Action;

(g) Outside vendors providing copying and/or exhibit preparation services in connection with this Action;

(h) Any other person only upon written consent of the designating party or person or their counsel of record or upon order of the Court.

With respect to the persons identified in paragraphs 7(c), (e), (f), (g), and (h), prior to the disclosure of any "Confidential" Material, that person shall first be provided a copy of this Stipulation and agree to be bound by the terms of this Stipulation in the form attached hereto as Exhibit A.

8. <u>Restrictions on Disclosure of Material Designated as "Confidential—Attorneys' Eyes Only."</u> "Confidential—Attorneys' Eyes Only" Material shall not be used or disclosed by any person or entity for any purpose whatsoever other than the preparation for and trial of this Action, including appeals, if any.

"Confidential—Attorneys' Eyes Only" Material and all information contained therein shall not be shown to, reviewed by, or discussed with, any person except:

(a) Counsel to the Parties to this Action and their respective staff;

(b) The Court, personnel of the court, and court reporters and videographers at depositions or other proceedings in this Action;

(c) Deponents, witnesses, and potential witnesses at depositions or other proceedings in this Action, along with their counsel, if that person is indicated on the face of the Material as its originator, author, or recipient of a copy thereof or who would be reasonably expected to have had prior access to the Material, or who is otherwise familiar with the "Confidential—Attorney's Eyes Only" Material, but only to the extent of the person's familiarity

with the "Confidential—Attorney's Eyes Only" Material, or if the Court determines that the witness should have access to the Material, on such terms as the Court may order;

    (d)    Outside experts and consultants, and their respective staff, to the extent deemed reasonably necessary by counsel for the prosecution or defense of the Action;

    (e)    Outside vendors providing copying and/or exhibit preparation services in connection with this Action;

    (f)    Any other person only upon written consent of the designating party or person or their counsel of record or upon order of the Court

With respect to the persons referenced in paragraphs 8(d), (e), and (f), prior to the disclosure of any "Confidential—Attorneys' Eyes Only" Material, that person shall first be provided a copy of this Stipulation and agree to be bound by the terms of this Stipulation in the form attached hereto as Exhibit A.

9.    Filing Confidential Material. The Parties agree not to file any document with any Material designated "Confidential" or "Confidential—Attorneys' Eyes Only" without first providing the other Party an adequate and reasonable opportunity to file a motion requesting that the document be filed under seal. The filing party will move the Court for leave to file a designated document prior to filing any document under seal. The Court's denial of any such motion shall not prevent the subsequent filing of the designated document. Any waiver by a party of its right to have its Material designated "Confidential" or "Confidential—Attorneys' Eyes Only" filed under seal shall not constitute a waiver of confidentiality for any other purpose, and such Material shall otherwise maintain the protections provided herein.

10.    Receipt of Subpoena. Notwithstanding the foregoing, nothing in this Stipulation and Order shall prevent any party from complying with any disclosure required by law,

regulation or rule (including any rule of any industry or self-regulatory organization) whether pursuant to a subpoena or other similar process in connection with a litigation, arbitration, or other proceeding, or otherwise. If any party in possession of Material designated as "Confidential" or "Confidential—Attorneys' Eyes Only" receives a subpoena or other such process or discovery device seeking production or other disclosure of such Material, if allowed under applicable law, that party shall give written notice to counsel for the party or person who designated the Material as "Confidential" or "Confidential—Attorneys' Eyes Only" together with a copy of the subpoena or other process. The party who designated the Material as "Confidential" or "Confidential—Attorneys' Eyes Only" shall bear the burden and expense of seeking protection in court of its own Materials. Reasonable notice of at least 10 days should be given before production or other disclosure.

11. Third-Parties. A third-party subject to a discovery or trial subpoena issued by a party to the Action shall have the right to make the designations provided by this Stipulation and Order. If such third-party elects to designate Materials as provided by this Stipulation and Order, any information so designated shall be subject to the same restrictions as information designated by a party to the Action.

12. Return of Confidential Material upon Termination of this Action. All "Confidential" and "Confidential—Attorneys' Eyes Only" Material or other papers containing such information remain the property of, and under the custody and control of the party or other person producing that Material, subject to further order of the Court. Upon the conclusion of this Action (including compliance with any judgment and any appeal relating to this Action), and at the request of the producing parties, the receiving parties shall, within thirty (30) days, return to the producing parties or persons all copies of Material designated as "Confidential" or

"Confidential—Attorneys' Eyes Only" that was produced pursuant to this Stipulation and Order (including all copies, abstracts, and summaries of the Material) or destroy such Material and certify to the producing party or person in writing that all such Material has been destroyed. Notwithstanding the foregoing, each law firm representing a party to the action may retain copies of pleadings, discovery, briefs, motions, memoranda and any other paper filed in this Action together and correspondence exchanged in this Action, copies of all deposition and other transcripts, and exhibits and copies of any attorney work product.

13. Privileged Information. Neither party hereto intends to produce any Material that is protected by the attorney-client privilege, the work-product doctrine or other lawful immunity from disclosure. In the event that a party contends such Material is inadvertently produced in this Action, there shall be no waiver of the applicable privilege and the party producing it may request its return from the other parties, which will immediately cease to use such Material and will within five (5) days return or destroy all copies of such Material and all documents paraphrasing, summarizing, referencing or otherwise using such Material. In such event, if any party that received such Material wishes to challenge its protected status, it may make a motion to the Court seeking to compel production of such Material. If that receiving party elects to challenge the protected status of such Material, the producing party shall provide a copy of the Material at issue to the Court for the Court's *in camera* review. Such motion shall not rely upon the fact that the Material was inadvertently produced to that party and shall be briefed and decided as though the Material had never been produced.

14. Disputes. Neither the designation by a party of any Material as "Confidential" or "Confidential—Attorneys' Eyes Only," nor its receipt by the other party, shall constitute a concession that the Material is "Confidential" or "Confidential—Attorneys' Eyes Only." If a

party objects to a designation as "Confidential" or "Confidential—Attorneys' Eyes Only" in full or in part, it shall notify the producing party in writing, and the recipient and the producing party will thereupon confer in good faith within three (3) business days of receiving such objection as to the status of the subject Material proffered within the context of this Order. If the recipient and producing party are unable to agree upon the status of the subject Material, either party may raise the issue of such designation with the Court, provided, however, that no challenge to the designation of any Material shall be brought unless the challenging party intends in good faith to (a) file the challenged Material or to (b) use the challenged Material for the purpose of defending or prosecuting this Action in a manner that would otherwise be prohibited. In connection with any such proceeding, the burden of showing that information sought to be protected as confidential still remains with the party claiming confidentiality. Until agreement is reached by the Parties or an Order of the Court is issued changing the designation, all Material about which the dispute exists shall be treated as originally designated by the producing party. Nothing in this Stipulation and Order shall limit the ability of the producing party to use its own Material produced in this Action.

15. No Waiver. No party to this Action shall be obligated to challenge the propriety of any "Confidential" or "Confidential—Attorneys' Eyes Only" Material or designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation and shall not constitute an admission that any information is in fact confidential or proprietary information or merits the designation "Confidential" or "Confidential—Attorneys' Eyes Only" Material. Nothing contained in this Stipulation and Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary material. Additionally, inadvertent failure to designate qualified Material as "Confidential" or

"Confidential—Attorneys' Eyes Only" does not, standing alone, waive the designating party's right to secure protection for such information. If Material is appropriately designated as "Confidential" or "Confidential—Attorneys' Eyes Only" after the information was initially disclosed, the party receiving the Material, on timely notification of the designation, must make reasonable efforts to assure that the Material is treated in accordance with the designation.

16. Modification of Stipulation. The Parties expressly reserve their right to apply to the Court for modification of this Stipulation and Order, and for any further or additional relief. Prior to application to the Court, the Parties shall confer in good faith to resolve any dispute concerning the terms or application of this Stipulation and Order.

17. Sanctions. Each Party and each person bound by this Stipulation and Order or to be bound by this Stipulation and Order understands that it may be subject to sanctions or other appropriate relief by the Court for violations of this Stipulation and Order, including costs and attorneys' fees and any other relief authorized by law.

Date: September 26, 2011

s/ Thomas N. McCormick (per authority)
Thomas N. McCormick (0075496)
 tnmccormick@vorys.com
John M. Kuhl (0080966)
 jmkuhl@vorys.com
Kenneth J. Rubin (0077819)
 kjrubin@vorys.com
VORYS, SATER, SEYMOUR & PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43215-1008
Telephone: (614) 464-6400
Facsimile: (614) 464-6350

s/ Mark Troutman (per authority)
Mark H. Troutman (0076390)
 mht@isaacbrant.com
Mark Landes (0027227)
 ml@issaacbrant.com
Gregory M. Travalio (0000855)
 gmt@isaacbrant.com
Christopher J. Wagoner (0083895)
 cjw@isaacbrant.com
Joanne S. Peters (0063274)
 jsp@isaacbrant.com
ISAAC, BRANT, LEDMAN & TEETOR, LLP
250 East Broad St., Suite 900
Columbus, OH 43215-3742
Telephone: (614) 221-2121
Facsimile: (614) 365-9516

*Attorneys for Plaintiffs*

s/ Erik J. Clark
Douglas R. Cole (0070665)
*Trial Attorney*
 drcole@jonesday.com
Matthew A. Kairis (0055502)
 makairis@jonesday.com
Erik J. Clark (0078732)
 ejclark@jonesday.com
Alexis J. Zouhary (0085680)
 azouhary@jonesday.com
JONES DAY
325 John H. McConnell Blvd., Suite 600
Columbus, OH 43215-2673
Telephone: (614) 469-3939
Facsimile: (614) 461-4198

*Attorneys for Defendant*

Dated: 9/27, 2011

**SO ORDERED:**

N m Kmr
UNITED STATES MAGISTRATE JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2011, I electronically filed the foregoing Stipulation and Protective Order with the Clerk of the U.S. District Court, United States Court for the Southern District of Ohio, Eastern Division (Columbus) using the CM/ECF system, which will send notification of such filing to the following at their e-mail address on file with the Court:

    Thomas N. McCormick (0075496)
     tnmccormick@vorys.com
    John M. Kuhl (0080966)
     jmkuhl@vorys.com
    Kenneth J. Rubin (0077819)
     kjrubin@vorys.com
    VORYS, SATER, SEYMOUR & PEASE LLP
    52 East Gay Street
    P.O. Box 1008
    Columbus, Ohio 43215-1008
    Telephone: (614) 464-6400
    Facsimile: (614) 464-6350

    Mark H. Troutman (0076390)
     mht@isaacbrant.com
    Mark Landes (0027227)
     ml@isaacbrant.com
    Gregory M. Travalio (0000855)
     gmt@isaacbrant.com
    Christopher J. Wagoner (0083895)
     cjw@isaacbrant.com
    Joanne S. Peters (0063274)
     jsp@isaacbrant.com
    ISAAC, BRANT, LEDMAN & TEETOR, LLP
    250 East Broad St., Suite 900
    Columbus, OH 43215-3742
    Telephone: (614) 221-2121
    Facsimile: (614) 365-9516

                                   s/ Erik J. Clark
                                   Erik J. Clark

COI-1465731v1

## EXHIBIT A

## Agreement

I have read the Stipulation and Protective Order in the action captioned *Amber Gascho, et al. v. Global Fitness Holdings, LLC*, No. 2:11-CV-00436 ("Stipulation and Order") and certify that I fully understand the procedural and substantive requirements of that Stipulation and Order, a copy of which is attached hereto.

Before reviewing or receiving access to any Material subject to the protection of that Stipulation and Order and as a condition for such review and/or access, I certify and agree that I am personally bound by and subject to all of the terms and provisions of that Stipulation and Order. I further agree to be fully subject to the jurisdiction of the applicable Court exercising jurisdiction over this Action for the purpose of enforcing this Agreement and the Stipulation and Order.

_____

SWORN to and subscribed before me
this \_\_\_\_\_ day of _____

_____
Notary Public

My Commission Expires: _____

COI-1465731v1