**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **AMBER GASCHO, et al.,** | : | |
| | : | **Case No. 2:11cv436** |
| **on behalf of themselves and all others** | : | |
| **similarly situated,** | : | **Judge Smith** |
| | : | |
| **Plaintiffs,** | : | **Magistrate Judge King** |
| | : | |
| **v.** | : | |
| | : | |
| **GLOBAL FITNESS HOLDINGS, LLC,** | : | |
| | : | |
| **Defendant.** | : | |

**PLAINTIFFS' OBJECTION TO
REPORT AND RECOMMENDATION (DOCKET # 47)
RECOMMENDING DENIAL OF PLAINTIFFS' MOTION TO REMAND**

Plaintiffs Amber Gascho, et al., object to Section III of the Report and Recommendation (Docket # 47), recommending that this Court deny Plaintiffs' Motion to Remand this case to the Franklin County Court of Common Pleas.  This case should be remanded to state court because Defendant Global Fitness Holdings failed to file its Notice of Removal within the thirty-day time limit as required by 28 U.S.C. § 1446(b).  A  Memorandum in Support of this Objection is attached hereto.

Respectfully submitted,

s/ Thomas N. McCormick

Thomas N. McCormick   (0075496)
tnmccormick@vorys.com
Kenneth J. Rubin   (0077819)
kjrubin@vorys.com
VORYS, SATER, SEYMOUR AND
PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone:  (614) 464-6400
Facsimile:  (614) 464-6350

*Attorneys for Plaintiffs*

s/ Mark H. Troutman

Mark Landes   (0027227)
ml@isaacbrant.com
Gregory M. Travalio   (0000855)
gmt@isaacbrant.com
Mark H. Troutman   (0076390)
mht@isaacbrant.com
Joanne S. Peters   (0063274)
jsp@isaacbrant.com
ISAAC, BRANT, LEDMAN & TEETOR, LLP
250 East Broad Street, Suite 900
Columbus, Ohio 43215-3742
Telephone:  (614) 221-2121
Facsimile:  (614) 365-9516

*Attorneys for Plaintiffs*

<u>**MEMORANDUM IN SUPPORT**</u>

**I.     INTRODUCTION**

The November 14, 2011, Report and Recommendation ("R&R") (Docket # 47), incorrectly concludes that the thirty-day clock in which a defendant must remove a case does not begin to run until the defendant actually reviews the Complaint and any documents in its possession that support removal.  The R&R determined that Defendant Global Fitness Holdings acted within a "reasonable period of time" in reviewing the original complaint in this action, and therefore removal falling thirty-one days after service (one day after the congressionally mandated removal period) was timely.  The R&R's conclusion is not legally supported and this Court should reject the R&R, sustain Plaintiffs' objection, and order this case remanded to the Franklin County Court of Common Pleas.

**II.     FACTS**[1]

The R&R correctly concluded that Defendant was served with the Complaint in this action on April 18, 2011, that the original Complaint was removable, and that Defendant did not file its notice of removal until May 19, 2011, thirty-one days after service.  *See* R&R at 8 ("Defendant no longer disputes the date upon which service of the original Complaint occurred" – April 18, 2011); *id*. at 12 ("accepting all of the plaintiffs' arguments" regarding the removability of the original complaint for purposes of the motion to remand); *id*. at 5, 8 (confirming removal on May 19, 2011 – thirty-one days after service).  Defendant argues that its review of business documents in its possession confirming federal jurisdiction did not occur until after it was served, but removal thirty-one days after service was proper because it reviewed

---

[1] Plaintiffs are not objecting to the R&R's discussion of the Background, R&R at 2-6.  Accordingly, this Memorandum will not revisit that discussion by reference.  Likewise, Plaintiffs incorporate the discussion of the facts on pages 2-4 of their Reply (Docket # 23).

those documents within a reasonable time.  To be sure, the R&R's decision was based solely on when Defendant received the Complaint and began its review – the R&R thus accepted Plaintiffs view that the original Complaint was removable.  The R&R incorrectly adopted Defendant's argument as to when it "reviewed" business documents when it recommended that this Court deny Plaintiff's Motion to Remand.

## III.    OBJECTION

The R&R erred in deciding that, even though Defendant possessed all the information by which it could determine whether this case was removable when it was served with the original Complaint, Defendant was allowed to wait a "reasonable period of time" to conduct that review and then would have thirty-days after the completion of that review to remove the case.  *Id*. at 12 (quotation omitted).  Specifically, the R&R found that Defendant's review of the original Complaint and information in its possession "sometime after April 19, 2011," *id*. at 13 (quotation omitted), was reasonable and removal more than thirty days after service was timely. Essentially, this decision places the time-frame for removal in the hands of a defendant who, so long as it conducts its review of the complaint in a "reasonable time," will be allowed an additional thirty-days after concluding that review to remove.  That is neither good law nor good policy.

## IV.    ARGUMENT

It is clear and undisputed that "[r]emoval statutes are strictly construed with *all doubt* as to the propriety of the removal resolved in favor of remand."  R&R at 7 (emphasis added)

(citation omitted).[2]  Indeed, the R&R correctly concluded that "the thirty-day time requirement for removal is to be strictly applied." *Id*. (citing *Music v. Arrowood Indem. Co.*, 632 F.3d 284, 287 (6th Cir. 2011) (additional citation omitted)).  Application of this requirement is strict: "failure to comply with the thirty-day limitation set forth in Section 1446(b) is an *absolute bar* to removal regardless of whether the removal would have been proper if timely filed." *Zeigler v. Beers*, 412 F. Supp. 2d 746, 750 (N.D. Ohio 2005) (emphasis added).

The R&R relies on three cases to support the conclusion that removal here, thirty-one days after service, was proper.  *See* R&R at 12 (citing *Holston v. Carolina Freight Carriers Corp.*, 1991 U.S. App. LEXIS 14129 (6th Cir. June 26, 1991); *Fultz v. Columbia Gas of Ohio*, 2011 U.S. Dist. LEXIS 19428 (N.D. Ohio Feb. 28, 2011); and *Parks v Univ. Hosps. Case Med. Ctr.*, 2010 U.S. Dist. LEXIS 134778 (N.D. Ohio Dec. 10, 2010)).  Relying on these cases, the R&R concludes that, although a defendant may have the information necessary to determine removability when it is served with a lawsuit, the defendant has a reasonable period of time to review that information before the thirty-day removal clock starts to run.  *Id*. at 12-13.  None of the cases on which the R&R relies supports its conclusion.

The *Holston* Court held, simply, that the thirty-day period begins "running from the date that a defendant has solid and unambiguous information that the case is removable, even if that information is solely within its own possession." *Holston*, 1991 U.S. App. LEXIS 14129 at *7. *Holston* does not grant a defendant additional time to review its records to locate the

_____

[2] 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .

information; the clock starts ticking from the date the information is in the defendant's possession. *Id*. at *6 (holding that a removal petition must be filed within thirty days of the receipt of the information containing facts "*suggesting* the possibility of removal" (emphasis added)). *Holston* stands for the unremarkable proposition that if a Complaint is ambiguous, the removal clock does not begin to run until the defendant *receives* information that indicates federal jurisdiction – but the clock begins on *receipt*, not review.

Courts following *Holston* routinely find that documents in a defendant's possession start the clock for removal. For instance, the court in *Geriak v. Arnco*, 2011 U.S. Dist. LEXIS 43715 (N.D. Ohio Mar. 3, 2011) (following *Holston*), analyzed a strikingly similar situation to the one at bar: a defendant possessed business records that, combined with the allegations of the Complaint, allowed the defendant to calculate the amount in controversy. *Id*. at *13-16. Accordingly, the *Geriak* Court determined that, because defendant "has not disputed that it possessed business records at the time it received [the] Complaint that provided information regarding" the amount in controversy, the removal clock began to run upon service of the Complaint. *Id*. at *20-21; *see also id*. at *21 (holding that "[defendant] could have shown *at the time it received* [*plaintiff's*] *Complaint* that, if [plaintiff] were successful in his claims… [plaintiff's] damages would likely exceed [the jurisdictional threshold]" (emphasis added)).

Indeed, "the face of the complaint need not contain all the facts necessary to prove federal jurisdiction for the clock to start running." *Nobles v. George T. Underhill & Assocs., LLC*, 2010 U.S. Dist. LEXIS 37710, *7-8 (W.D. Ky. Apr. 16, 2010). If a case is always removable – as was the case at bar – the clock starts running as soon as there is a case to remove. *Id*. at *5 n. 2 (citing *Holston*). *See also, e.g.*, *Curry v. Applebee's Int., Inc.*, No. 1:09CV505, 2009 U.S. Dist. LEXIS 114143, at *25 n.5 (S.D. Ohio Nov. 17, 2009) (noting that Defendants'

independent knowledge of the total sales figures, *based on Defendants' own sales records*, may have rendered the case removable as early as the date they received the Complaint); *Johnson v. Hartford Fire Ins. Co.*, No. 4:08-cv-74, 2008 U.S. Dist. LEXIS 62599, at *3 (W.D. Ky. Aug. 15, 2008) ("where a fair reading of the complaint, informed by a defendant's knowledge about the case and the nature of the claims asserted, would enable the defendant to conclude that it was more likely than not that the minimum jurisdictional amount is met, *the removal must occur within 30 days of the filing of the complaint*" (emphasis added)); *Nobles*, 2010 U.S. Dist. LEXIS 37710, at *4 (noting that the rule that a defendant must remove within thirty days of acquiring knowledge that the case is removable, regardless of the source of information, is applicable to a case where the defendant had that knowledge upon receipt of a complaint).

The R&R's reliance on *Fultz* and *Parks* is likewise misplaced.  *See* R&R at 12 (concluding that "a defendant is merely required to investigate removability 'within a reasonable period of time'" (citations to *Fultz* and *Parks* omitted)).  Neither *Fultz* nor *Parks* stands for the proposition that the thirty-day removal clock does not begin to run until a defendant chooses to review information in its possession.

*Fultz* actually says the opposite:

Upon review, the Court finds that defendants' removal is untimely. The 30-day period for removing a complaint starts from the date that a defendant has solid and unambiguous information that the case is removable. 28 U.S.C. § 1446(b); *Holston v. Carolina Freight Carriers Corp.*, No. 90-1358, 1991 U.S. App. LEXIS 14129, at * 7 (6th Cir. June 26, 1991). ***This information need not be a "clear statement that the case is removable," but may be triggered by "the <u>receipt</u> of notice of facts that lead to the possibility of removal," even if the defendant itself is the source of such facts***. *Id*. at *7-10. at *7-10. The *Holston* court's holding is consistent with the conclusions of several other courts, including this one, that a defendant "has an affirmative duty to make reasonable inquiry to ascertain the existence of federal jurisdiction and pursue 'clues' of potential federal jurisdiction as soon as they are uncovered." *Haber v. Chrysler Corp.*, 958 F. Supp. 321, 326 (E.D. Mich. 1997). *See also Parks v. Univ. Hosps. Case*

7

> *Medical Center*, No. 1:10 CV 2746, 2010 U.S. Dist. LEXIS 134778, at *11 (N.D.
> Ohio Dec. 10, 2010) (Oliver, J.). Accordingly, if "jurisdiction is ambiguous,
> defendant must inquire about removability within a reasonable period of time."
> *Id.* at *14.

*Fultz v. Columbia Gas of Ohio, Inc.*, 2011 U.S. Dist. LEXIS 19428, at *8-9 (N.D. Ohio Feb. 28, 2011) (emphasis added). Indeed, *Fultz* affirmed *Holston*'s *receipt* standard. Likewise, *Parks*, in following *Holston*, concluded that *receipt* of information triggers the removal clock. *Parks*, 2010 U.S. Dist. LEXIS 134778 at *13-14 (holding that a defendant must remove within thirty days of receipt of information that the case is removable). As a matter of fact, it is Defendant's burden to show federal jurisdiction. *Id*. at *13.

There is also a practical problem with the R&R's "reasonable review" standard – it is unworkable and violates the tenants of strict construction. Under the "reasonable review" standard, so long as a defendant asserts that it timely began to review the Complaint, it is given more than thirty-days by which to remove. The R&R's "reasonable review" standard allows defendants, within reason, to unilaterally determine when the clock starts. This runs contrary to the rules that the thirty-day period must be strictly construed and that all doubts are resolved in favor of remand. Indeed, such a standard would encourage discovery into the steps Defendant took in determining whether a case is removable, when all the statute (and the case law) requires is a strict computation of time from receipt of information indicating federal jurisdiction to the actual date of removal – and if that time period exceeds thirty days (as in this case), the case must be remanded. Moreover, anything less than strict application of the removal statute creates a risk that remand could occur even after significant discovery has occurred.

Here, the original Complaint indicated that this case was removable. It matters not that the Defendant did not review information in its possession for some time after it was served; the

receipt of the Complaint triggered the removal clock.  It is undisputed that Defendant possessed the information by which it could calculate the amount in controversy thirty-one days prior to removal.  Because Defendant did not remove within the statutorily prescribed thirty-day period, and because removal statutes are strictly construed with all ambiguities favoring remand, the R&R erred in recommending that this Court deny Plaintiffs' Motion to Remand.  Accordingly, removal to this Court was improper and the case should be remanded back to the Franklin County Court of Common Pleas.

## V.  CONCLUSION

For the reasons set forth above, this Court should sustain Plaintiffs' Objection to the R&R and remand this case back to the Franklin County Court of Common Pleas.

Respectfully submitted,

s/ Thomas N. McCormick

Thomas N. McCormick   (0075496)
tnmccormick@vorys.com
Kenneth J. Rubin   (0077819)
kjrubin@vorys.com
VORYS, SATER, SEYMOUR AND
PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone:  (614) 464-6400
Facsimile:  (614) 464-6350

*Attorneys for Plaintiffs*

s/ Mark H. Troutman

Mark Landes   (0027227)
ml@isaacbrant.com
Gregory M. Travalio   (0000855)
gmt@isaacbrant.com
Mark H. Troutman   (0076390)
mht@isaac brant.com
Joanne S. Peters   (0063274)
jsp@isaacbrant.com
ISAAC, BRANT, LEDMAN & TEETOR, LLP
250 East Broad Street, Suite 900
Columbus, Ohio 43215-3742
Telephone:  (614) 221-2121
Facsimile:  (614) 365-9516

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

A copy of the foregoing was served upon all counsel of record via the Court's CM/ECF

System, this 1st day of December 2011.

Respectfully submitted,

/s/Kenneth Rubin
Kenneth J. Rubin

10

12/01/2011 12698618