IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

AMBER GASCHO, *et al.*,

    Plaintiffs,

vs.                      Civil Action 2:11-cv-436
                          Judge Smith
                          Magistrate Judge King

GLOBAL FITNESS HOLDINGS, LLC,

    Defendant.

**REPORT AND RECOMMENDATION**

I.    **Background**

    The Court has previously set forth the background of this case:

    On April 13, 2011, Plaintiffs initiated this class action against Defendant Global Fitness Holdings, LLC, d/b/a Urban Active ("Global Fitness"), in the Court of Common Pleas for Franklin County, Ohio. Global Fitness is a Kentucky limited liability corporation that operates fitness facilities in Ohio. Plaintiffs are residents of Ohio who entered into membership and/or personal training, child care and/or tanning contracts at Global Fitness's Ohio Urban Active gym facilities. Plaintiffs allege that they were financially wronged as members of Urban Active fitness clubs in Ohio.

    Defendant removed this action to this Court on May 19, 2011, pursuant to the Class Action Fairness Act ("CAFA"), as codified at 28 U.S.C. §§ 1332(d) and 1453. In this lawsuit, Plaintiffs have alleged, *inter alia*, that Defendant engages in common practices of misrepresenting the terms and conditions of contracts at the time of sale, making unauthorized deductions from Plaintiffs' bank accounts, failing to provide consumers with copies of contracts at the time of signing, failing to orally inform consumers at the time of signing of their right to cancel, failing to provide copies of "notice of cancellation" documents in the form required under Ohio law, and failing to honor contract cancellations. As a result of this alleged activity, Plaintiffs assert the following claims: violation of the Ohio Consumer Sales Practices Act ("OCSPA") (Counts I and II); violation of the Ohio Prepaid

>Entertainment Contract Act ("OPECA") (Count III); violation of the Ohio Deceptive Trade Practices Act ("ODTPA") (Count IV); unjust enrichment (Count V); conversion (Count VI); and breach of contract (VII).

*Opinion and Order*, Doc. No. 83, pp. 1-2.  Upon motion, Doc. No. 36, the Court dismissed Counts IV and VI and limited Counts I, II, and III to certain allegations.  *Opinion and Order*, Doc. No. 69.

On April 15, 2011, *i.e.*, two (2) days after this action was filed, Phillip S. Robins, on behalf of himself and others similarly situated, filed a complaint against Global Fitness in the Cuyahoga County Court of Common Pleas, which was thereafter removed to the United States District Court for the Northern District of Ohio.  *Robins v. Global Fitness Holdings, LLC*, No. 1:11-cv-1373 (N.D. Ohio), *Notice of Removal*, Doc. No. 1.  The complaint in that action alleged

>that, contrary to the express terms of Global's Membership Contracts and Personal Training Contracts . . . Global has (1) retained fees paid by members of its health clubs for the period in which they were disabled, deceased, or relocated, (2) collected from Plaintiffs' credit, debit or bank accounts additional fees not part of the agreed-upon monthly fees, and (3) drafted form contracts containing egregious, confusing and misleading cancellation provisions that guarantee members will be charged for one or more months beyond the date they cancel their memberships. Based on these allegations, Plaintiffs assert the following common-law claims against Global: breach of contract (Count One), unjust enrichment (Count Two), and fraud (Count Three).  Plaintiffs have also asserted claims against Global for violation of the following state and federal statutes: Ohio's Consumer Sales Practices Act (Count Four), Ohio's Prepaid Entertainment Contracts Act, O.R.C. §§ 1345.41 *et seq*. (Count Five), Ohio's Deceptive Trade Practices Act, O.R.C. §§ 4165.01 *et seq*. (Count Six), Kentucky's Consumer Protection Act-Health Spas (Count Seven), the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq*. ("RICO") (Count Eight), Ohio's version of RICO, O.R.C. §§ 2923.31 *et seq*. (Count Nine), and the Electronic Fund Transfer Act, 15 U.S.C. §§ 1693 *et seq*. (Count Ten).

*Robins v. Global Fitness Holdings, LLC*, 838 F. Supp. 2d 631, 637 (N.D. Ohio 2012). On January 18, 2012, all claims in that action were dismissed with prejudice, except for the breach of contract and EFTA claims of two individual plaintiffs (asserted in Counts One and Ten), which were dismissed without prejudice. *Id*. at 654. Plaintiffs' appeal from that judgment is pending. *Robins v. Global Fitness Holdings, LLC*, Case No. 12-3231 (6th Cir.)

This matter is now before the Court for consideration of the *Motion to Intervene*, Doc. No. 89, filed on July 19, 2013 by the named plaintiffs in *Robins v. Global Fitness Holdings, LLC*, No. 1:11-cv-1373 (N.D. Ohio), including Phillip S. Robins, Maria Christina Bruch, Tanya Baker, Danette Green, Steve Zadiraka, and Carolyn Odelli (collectively the "*Robins* plaintiffs"). The *Robins* plaintiffs seek to intervene in this matter pursuant to Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure "to promote judicial efficiency[] and participate in any settlement discussions. . . ." *Motion to Intervene*, p. 1. Attached to the *Motion to Intervene* is a proposed complaint in intervention which presents the same claims that were asserted in the North District of Ohio. *Exhibit 1* attached to *Motion to Intervene; id*. at 3. Plaintiffs and defendant oppose the *Motion to Intervene*. *Plaintiffs' Memorandum in Opposition to Robins's Motion to Intervene* ("*Plaintiffs' Response*"), Doc. No. 91; *Defendant's Memorandum in Opposition to Motion to Intervene*, Doc. No. 92. The *Robins* plaintiffs have filed a reply. *Reply in Support of Our Motion to Intervene* ("*Robins Plaintiffs' Reply*"), Doc. No. 94. This matter is now ripe for consideration.

3

**II. Standard**

Rule 24(a) of the Federal Rules of Civil Procedure governs intervention of right, providing in pertinent part:

> On timely motion, the court must permit anyone to intervene who:
>
> . . .
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The United States Court of Appeals for the Sixth Circuit requires that intervention as of right satisfy four (4) elements:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

*Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (citing *Grutter v. Bollinger*, 188 F.3d 394, 397-98 (6th Cir. 1999)). "'The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied.'" *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005) (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)).

Rule 24(b) governs permissive intervention, providing in pertinent part: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main

4

action a common question of law or fact." Fed. R. Civ. P. 24(b). The decision to permit intervention under Rule 24(b) falls within the sound discretion of the trial court. *Coalition to Defend Affirmative Action*, 501 F.3d at 784 (citations omitted); *United States v. Michigan*, 424 F.3d at 445. "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Regardless of whether a party seeks to intervene under Rule 24(a) or Rule 24(b), the motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). A motion to intervene must also be timely. *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011).

**III. Discussion**

The *Robins* plaintiffs seek intervention under Rules 24(a) and 24(b). The timeliness of the *Motion to Intervene* is a "threshold issue" as to both intervention as of right and permissive intervention; a court must deny an untimely motion to intervene. *United States v. City of Detroit*, 712 F.3d 925, 930 (6th Cir. 2012) (quoting *Grubbs*, 870 F.2d at 345-46); *Blount-Hill*, 636 F.3d at 284 (citations omitted); *Stotts v. Memphis Fire Dept.*, 679 F.2d 579, 582 (6th Cir. 1982) (citing *NAACP v. New York*, 413 U.S. 345, 365 (1973)). The Court will therefore begin with the threshold inquiry of whether the *Motion to Intervene* is timely.

Courts consider five factors in determining the timeliness of a motion to intervene:

> "1) the point to which the suit has progressed; 2) the purpose for which intervention is sought; 3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; 4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and 5) the existence of unusual circumstances militating against or in favor of intervention."

*Blount-Hill*, 636 F.3d at 284 (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)).  "No one factor is dispositive, but rather the 'determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances.'"  *Id*. (quoting *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000)).  Finally, "[t]imeliness is a matter within the sound discretion of the district court."  *Stotts*, 679 F.2d at 582 (citing *NAACP*, 413 U.S. at 365).  *See also Coalition to Defend Affirmative Action*, 501 F.3d at 779 ("'We review de novo motions to intervene as of right, except for the timeliness element, which is reviewed for an abuse of discretion.'") (quoting *Northland Family Planning Clinic, Inc. v. Cox*, 487 F.3d 323, 344 (6th Cir. 2007)).

In the case presently before the Court, the first timeliness factor weighs against intervention.  This action was filed on April 13, 2011 and was removed to this Court on May 19, 2011.  *Notice of Removal*, Doc. No. 2.  The parties have already taken depositions and engaged in extensive discovery of electronically stored information related to, *inter alia*, defendant's policies and practices.  "[T]he enormity of that undertaking," *see Order*, Doc. No. 75, p. 1, has

6

necessitated significant Court involvement into discovery related matters, as well as extensions of the pretrial schedule.  *See, e.g.*, *Preliminary Pretrial Order*, Doc. No. 19; *Order*, Doc. No. 56, *Order*, Doc. No. 63, *Order*, Doc. No. 68, *Order*, Doc. No. 72; *Order*, Doc. No. 75; *Order*, Doc. No. 77; *Order*, Doc. No. 78; *Order*, Doc. No. 79; *Continued Preliminary Pretrial Order*, Doc. No. 80; *Order*, Doc. No. 87. The deadlines to amend the *Complaint* and to produce class-related expert reports have passed, the looming deadlines to file a motion to certify a class and to produce merits-related expert reports have been suspended pending resolution of the *Motion to Intervene*, *see Continued Preliminary Pretrial Conference*, Doc. No. 80; *Order*, Doc. No. 85; *Order*, Doc. No. 87; *Order*, Doc. No. 90; *Order*, Doc. No. 93; and the Court has already ruled on, *inter alia*, a motion to remand, multiple motions for judgment on the pleadings, a motion to strike, and a motion to certify a question to the Ohio Supreme Court.  Although discovery has not yet closed and plaintiffs have not yet filed a motion to certify a class, *cf. Shy v. Navistar Intern. Corp.*, No. 3:92-cv-333, 2013 WL 485808, at *3 (S.D. Ohio Feb. 6, 2013) ("[A]n examination of the timing of the intervenor's motion in light of 'the point to which the suit has progressed' is most relevant when the motion arrives at a point in time that would require reopening discovery, delaying trial, or some other prejudicial delay to the parties") (citing *Stupak-Thrall*, 226 F.3d at 475), the Court concludes that, under the circumstances, the litigation has progressed to a significant degree.  *See Johnson v. City of Memphis*, 73 F. App'x 123,

7

132 (6th Cir. 2003) (finding that extensive progress in the case counsels against intervention).

The second timeliness factor, *i.e.*, the purpose for which intervention is sought, likewise weighs against intervention. The *Robins* plaintiffs seek to intervene "to promote judicial efficiency [] and participate in any settlement discussions that would release all of their claims against Global Fitness." *Motion to Intervene*, p. 1. The *Robins* plaintiffs represent that they want "to insure that any settlement of their claims is fair, reasonable, and adequate." *Id*. at p. 8. Judicial economy would be promoted by the proposed intervention, the *Robins* plaintiffs argue, because intervention will eliminate the need for the *Robins* plaintiffs to object at a fairness hearing and would therefore reduce the risk of any settlement being rejected at a fairness hearing.

Given the progress of this action to date, as noted *supra*, and in light of the fact that the *Robins* plaintiffs propose to assert new causes of action, *see Motion to Intervene*, p. 3, Exhibit 1, the Court concludes that intervention would not serve the interests of judicial economy. Although the goal of achieving a "fair, reasonable, and adequate" settlement is not an improper goal, the Court is not persuaded by the *Robins* plaintiffs' argument that such a settlement can be obtained only through their intervention. The *Robins* plaintiffs' interest in this action is similar to that of every other potential class member, all of whom, presumably, would prefer a "fair, reasonable, and adequate" settlement. The joinder of some of those potential class members as intervening parties would not, in the

8

Court's view, increase judicial economy to any material degree. Furthermore, the *Robins* plaintiffs will have the opportunity to investigate and evaluate any proposed settlement at a fairness hearing should the parties agree to terms of settlement of class claims. *See Bailey v. White*, 320 F. App'x 364, 366-67 (6th Cir. 2009) ("The purpose for intervening - to investigate and evaluate the proposed settlement - was satisfied by the opportunity to participate in the fairness hearing . . . .").

Moreover, there is no judicial economy to be realized by re-litigating claims in this Court that were dismissed in the Northern District of Ohio and which are currently the subject of an appeal in the United States Court of Appeals for the Sixth Circuit. Furthermore, although the *Robins* plaintiffs purport to seek intervention for the limited purpose of engaging in settlement discussions, such limited intervention would not be feasible in light of the posture of this case combined with the additional claims sought to be asserted by the *Robins* plaintiffs. *See City of Detroit*, 712 F.3d at 931-33 (discussing appropriate situations for "limited-in-scope intervention" under Rule 24) (citations omitted).

The third timeliness factor, *i.e.,* the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case, also militates against intervention. The *Robins* plaintiffs concede that they have known of this litigation for quite some time. As discussed *supra*, the *Robins* plaintiffs' claims were dismissed in January 2012. In February 2012, the *Robins* plaintiffs apparently embarked on mediation of their claims

against Global Fitness. *Affidavit*, attached to *Robins Plaintiffs' Reply* as Doc. No. 94-1, at ¶ 4. The mediation was initiated by Global Fitness, who "wanted to explore a comprehensive settlement of all matters in all pending lawsuits." *Id*. at ¶¶ 5-7. Settlement negotiations broke down in May 2013 because "the *Gascho* plaintiffs were unwilling to proceed with a settlement that involved counsel for the *Robins* plaintiffs." *Id*. at ¶¶ 10-11.

The *Robins* plaintiffs have known about this action and their interest in the case since at least June 25, 2012, *i.e.*, the date of the first regularly scheduled mediation conference intended to address Global Fitness's progress toward establishing a "framework" for a comprehensive, global settlement, *Affidavit*, ¶ 9, and likely since February 2012. *See id*. at ¶¶ 4-10. Nevertheless, the *Robins* plaintiffs waited until July 19, 2013 to move to intervene in this action. The Court concludes that this delay of more than 12 months militates against intervention, notwithstanding the movants' perceived "satisf[action] with conducting parallel settlement negotiations . . . without intervening in the action." *Robin Plaintiffs' Reply*, p. 5. *See Blount-Hill*, 636 F.3d at 285-86 (finding the proposed intervenors' failure to act "promptly [*i.e.*, a five month delay] after discovering their interest in the litigation" despite actual or constructive knowledge of their interest in the litigation to weigh heavily against the timeliness of their application to intervene); *Johnson*, 73 F. App'x at 132 ("Accordingly, the seven months preceding the proposed intervenors' motion to intervene during which they knew or should have known of their interest renders their motion untimely.") (citing

10

*Stotts*, 679 F.2d at 582); *United States v. Tennessee*, 260 F.3d 587, 594 (6th Cir. 2001) ("An entity that is aware that its interests may be impaired by the outcome of the litigation is obligated to seek intervention as soon as it is reasonably apparent that it is entitled to intervene.").

The fourth timeliness factor requires a consideration of the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case. *Blount-Hill*, 636 F.3d at 284. Plaintiffs argue that they will be prejudiced if intervention is permitted because the proceedings will be delayed and all parties will be forced to address causes of action not asserted by the original plantiffs in this action and which have already been dismissed in the Northern District of Ohio. *Plaintiffs' Response*, p. 5.

Intervention by the *Robins* plaintiffs will undoubtedly delay this action.  The proposed intervention will, in light of the dismissal of the *Robins* plaintiffs' claims in the Northern District of Ohio, almost certainly precipitate a motion to dismiss those claims in this Court, which would delay this action further by requiring a new briefing schedule and time to consider the motion.  In light of the pendency of the appeal from the dismissal of those claims in the Northern District of Ohio, this Court sees no reason to further delay this action by permitting the assertion of those claims in this action.  Although the pretrial schedule in this case has been suspended pending resolution of the *Motion to Intervene*, *see Order*, Doc. No. 90, the Court concludes that the grant of the motion to intervene would

significantly impact the current schedule, to the prejudice of the current parties.  Consideration of this factor weighs against intervention.

Finally, the *Robins* plaintiffs have not alleged any facts demonstrating that unusual circumstances favor intervention.

Based on the foregoing, the Court concludes that the *Robins* plaintiffs' *Motion to Intervene* is untimely.  Having so concluded, the Court need not and does not consider the remaining elements of intervention under either Rule 24(a) or Rule 24(b).

It is therefore **RECOMMENDED** that the *Motion to Intervene*, Doc. No. 89, be **DENIED**.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); Smith v. Detroit Fed'n of Teachers, Local 231 etc., 829 F.2d 1370 (6th Cir. 1987); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

```
September 3, 2013                         s/Norah McCann King
                                         Norah M<sup>c</sup>Cann King
                                   United States Magistrate Judge
```

13