# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**AMBER GASCHO**, *et al.*,

        Plaintiffs,

v.

**GLOBAL FITNESS HOLDINGS, LLC,**

        Defendant.

Case No. 2:11-CV-00436
JUDGE SMITH
Magistrate Judge King

## OPINION AND ORDER

This matter is before the Court on the Motion to Intervene, for Leave to File Attached Objection to Preliminary Approval of Proposed Class Action Settlement, and for Hearing Thereon ("Motion to Intervene") (Doc. 102), filed by Robert J. Zik, April Zik, and James Michael Hearon ("Movants"). Plaintiffs and Defendant have filed oppositions to the Motion to Intervene.[1]

## I. Background[2]

In April 2011, Plaintiffs initiated this class action against Defendant Global Fitness Holdings, LLC, formerly doing business as Urban Active ("Global Fitness"), in the Court of Common Pleas for Franklin County, Ohio. This action was removed to this Court in May 2011.

---

[1] Defendant's Memorandum in Opposition incorporates by reference the arguments asserted by Plaintiffs in their Memorandum in Opposition.

[2] The factual and procedural background of this case has been set forth in prior decisions. (*See* Docs. 47, 69, and 83). The background discussion in those decisions is incorporated by reference herein and is summarized, restated, and supplemented as necessary to resolve the pending motion.

Plaintiffs entered into membership and/or personal training, child care, and/or tanning contracts at Urban Active fitness clubs.  Plaintiffs allege that they were financially wronged as members of Urban Active fitness clubs.  In particular, Plaintiffs have alleged, *inter alia*, that Defendant engaged in common practices of misrepresenting the terms and conditions of contracts at the time of sale, made unauthorized deductions from Plaintiffs' bank accounts, failed to provide consumers with copies of contracts at the time of signing, failed to orally inform consumers at the time of signing of their right to cancel, failed to provide copies of "notice of cancellation" documents in the form required under Ohio law, and failed to honor contract cancellations.  As a result of this alleged activity, Plaintiffs asserted the following claims: violation of the Ohio Consumer Sales Practices Act ("OCSPA") (Counts I and II); violation of the Ohio Prepaid Entertainment Contract Act ("OPECA") (Count III); violation of the Ohio Deceptive Trade Practices Act ("ODTPA") (Count IV); unjust enrichment (Count V); conversion (Count VI); and breach of contract (VII).  On March 28, 2012, the Court dismissed the class allegations of Counts I and II, and dismissed Counts IV and VI in their entirety (Doc. 69).  All other claims remain pending.

In July 2013, the named plaintiffs in *Robins v. Global Fitness Holdings, LLC*, No. 1:11-cv-1373, which is a case involving the same or similar claims against Defendant, moved to intervene in this action pursuant to Rule 24 of the Federal Rules of Civil Procedure.  On September 3, 2013, the Magistrate Judge issued a Report and Recommendation (Doc. 95) recommending that the Court deny the *Robins* plaintiffs' motion to intervene.  The Magistrate Judge concluded that the *Robins* plaintiffs' motion to intervene was untimely.  Because no objections to the Report and Recommendation were timely filed, the Court adopted the Report and Recommendation and denied the *Robins* plaintiffs' motion to intervene (Doc. 101).

On September 18, 2013, Plaintiffs and Defendant filed a Joint Motion for an Order Preliminarily Approving the Class Action Settlement, Preliminarily Certifying a Class and Subclasses for Settlement Purposes, Appointing Class Representatives, Appointing Class Counsel, Approving and Directing the Issuance of a Class Notice, and Scheduling a Final Fairness Hearing ("Joint Motion for an Order Preliminarily Approving the Class Action Settlement") (Doc. 97). In support of their Joint Motion for an Order Preliminarily Approving the Class Action Settlement, Plaintiffs and Defendant generally contend that the proposed settlement is in the best interest of all parties. Seven days after the filing of the Joint Motion for an Order Preliminarily Approving the Class Action Settlement, Movants filed their Motion to Intervene.

## II. Motion to Intervene Standard

Rule 24(a) of the Federal Rules of Civil Procedure governs intervention of right, providing in pertinent part:

> On timely motion, the court must permit anyone to intervene who:
>
> * * *
>
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). The United States Court of Appeals for the Sixth Circuit requires that intervention as of right satisfy four (4) elements:

> (1) the motion to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the subject matter of the case; (3) the proposed intervenor's ability to protect their interest may be impaired in the absence of intervention; and (4) the parties already before the court cannot adequately protect the proposed intervenor's interest.

*Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (citing

*Grutter v. Bollinger*, 188 F.3d 394, 397–98 (6th Cir. 1999)). "The proposed intervenor must prove each of the four factors; failure to meet one of the criteria will require that the motion to intervene be denied." *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989).

Rule 24(b) governs permissive intervention, providing in pertinent part: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). The decision to permit intervention under Rule 24(b) falls within the sound discretion of the trial court. *Coalition to Defend Affirmative Action*, 501 F.3d at 784 (citations omitted); *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Regardless of whether a party seeks to intervene under Rule 24(a) or Rule 24(b), the motion to intervene "must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c). Moreover, a motion to intervene must be timely. *Blount–Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011). Thus, timeliness is a threshold inquiry as to both intervention as of right and permissive intervention; a court must deny an untimely motion to intervene. *United States v. City of Detroit*, 712 F.3d 925, 930 (6th Cir. 2012) (quoting *Grubbs*, 870 F.2d at 345-46); *Blount–Hill*, 636 F.3d at 284 (citations omitted); *Stotts v. Memphis Fire Dept.*, 679 F.2d 579, 582 (6th Cir. 1982) (citing *NAACP v. New York*, 413 U.S. 345, 365 (1973)).

### III. Discussion

Movants request leave to intervene in these proceedings to challenge the fairness of the proposed settlement of their claims and the adequacy of their representation by the named class

representatives and their counsel. Movants assert that they, as unnamed class members in this action, have an obvious, legally-cognizable interest in this action. Movants contend that their ability to protect their interests in this matter will be impaired or impeded unless they are permitted to intervene pursuant to Rule 24(a). Movants also assert that they have claims that share common questions of law and/or fact with Plaintiffs' claims, warranting permissive intervention under Rule 24(b). Lastly, Movants generally argue that the Court should closely scrutinize the settlement prior to any preliminary approval in order to preserve resources for all involved. Plaintiffs and Defendant argue that Movants' request is untimely and procedurally improper. The Court agrees with Plaintiffs and Defendant as Movants' request to intervene suffers from the same deficiency as the request made by the *Robins* plaintiffs – the motion to intervene is untimely.

> Courts consider five factors in determining the timeliness of a motion to intervene:
>
> 1) the point to which the suit has progressed; 2) the purpose for which intervention is sought; 3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; 4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and 5) the existence of unusual circumstances militating against or in favor of intervention.

*Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)). "No one factor is dispositive, but rather the 'determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances.' " *Blount-Hill*, 636 F.3d at 284 (quoting *Stupak–Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000)). Finally, "[t]imeliness is a matter within the sound discretion of the district court." *Stotts*, 679 F.2d at 582 (citing *NAACP*, 413 U.S. at 365).

Conspicuously absent from Movants' Motion to Intervene is any discussion as to the timeliness of the request. And the absence is not surprising as application of these factors

strongly instructs the Court to deny the request. The Court, within the last month, found the *Robins* plaintiffs' Motion to Intervene to be untimely in view of the fact that this case has progressed to a significant degree, unnamed plaintiffs would have the opportunity to ensure any settlement is fair, reasonable, and adequate at a fairness hearing, the *Robins* plaintiffs knew about this lawsuit for at least 12 months, and intervention will delay resolution of this action. Movants make no attempt to distinguish the Court's decision regarding the *Robins* plaintiffs. Since the Court rejected the *Robins* plaintiffs' request, this case has progressed to a proposed settlement, which Movants will have the opportunity to challenge at a fairness hearing. Furthermore, Movants do not assert that they only recently learned of this lawsuit. Because Movants make no substantive distinction between their request and the request made by the *Robins* plaintiffs that would favor granting intervention, Movants' request is not well-taken. The proper mechanism for Movants to challenge the proposed settlement at this procedural juncture is at a fairness hearing held pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, not via intervention.

## IV. Conclusion

For the foregoing reasons, the Motion to Intervene (Doc. 102) is **DENIED**.

The Clerk shall remove Document 102 from the Court's pending motions list.

**IT IS SO ORDERED.**

    *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**