**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMBER GASCHO, *et al.*, | : | |
| Plaintiffs, | : | Case No. 2:11-cv-436 |
| v. | : | Judge Smith |
| GLOBAL FITNESS HOLDINGS, LLC, | : | Magistrate Judge King |
| Defendant. | : | |

## **PRELIMINARY APPROVAL ORDER**

Plaintiffs Amber Gascho, Ashley Buckemeyer, Michael Hogan, Edward Lundberg, Terry Troutman, Anthony Meyer, Rita Rose, Julia Cay (fka Julia Snyder), Albert Tartaglia, Michael Bell, Matt Volkerding, and Patrick Cary, individually and on behalf of all members of the Class, and Defendant Global Fitness Holdings, LLC, (formerly d/b/a Urban Active Fitness), having moved, pursuant to Civil Rule 23, for an Order: (1) preliminarily approving the proposed class action settlement, (2) preliminarily certifying a Class and Subclasses for settlement purposes, (3) appointing the above named Plaintiffs as Class Representatives, (4) appointing William Porter, Thomas McCormick, Kenneth Rubin, and James Lind of Vorys Sater, Seymour and Pease, and Mark Landes, Greg Travalio, and Mark Troutman of Isaac, Wiles, Burkholder & Teetor, LLC (-f/k/a Isaac, Brant, Ledman & Teetor, LLP) as lead counsel for the class, (5) approving and directing the issuance of notice to the Class, and (6) scheduling a fairness hearing pursuant to Civil Rule 23(e):

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement[1] is preliminarily approved as fair, reasonable, and adequate and is the product of serious, informed, and extensive arm's-length negotiations between the Plaintiffs and Defendant.  In making this preliminary finding, the Court considered the nature of the claims, the relative strength of Plaintiffs' claims, the amounts and kinds of benefits paid in settlement, the allocation of settlement proceeds among the Class and Subclass members, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial.  The Court further preliminarily finds that the terms of the Settlement Agreement have no obvious deficiencies and do not improperly grant preferential treatment to any individual Class or Subclass member.  Accordingly, the Court preliminarily finds that the Settlement Agreement was entered into in good faith and is in the best interest of the Class Members.

The Court also finds that the prerequisites for a class action settlement under Civil Rule 23 have been satisfied in that:  (a) the Class and Subclass Members are so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class and Subclasses; (c) the claims of the Class Representatives are typical of the Class and Subclasses they seek to represent; (d) Plaintiffs will fairly and adequately represent and protect the interests of the Class and Subclasses; (e) that separate actions would create a risk of inconsistent or varying adjudications with respect to individual Class and Subclass Members, which would establish incompatible standards of conduct for the party opposing the Classes and Subclasses; (f) that questions of law and fact common to the Class and Subclass Members predominate over any questions affecting only individual members; and (g) a

---

[1] Unless otherwise provided herein, all capitalized terms in this Order shall have the same meaning as set forth in the Settlement Agreement.

class action is superior to other available methods for the fair and efficient adjudication of the controversy.

      2.      Pursuant to Civil Rule 23(b)(3) and for settlement purposes, this Action is preliminarily certified as a class action and the following Class and Subclasses are preliminarily certified:

    a. The "Class" includes all individuals who signed a gym membership or personal training contract with Defendant during the Class Period which is January 1, 2006, to October 26, 2012. At the time of preliminary certification, the total number of Class Members is estimated to be 606,246 persons.

    b. The "FIF Subclass" includes all Class Members who paid a $15 Facility Improvement Fee ("FIF"), Club Administrative Fee ("CAF"), or any other biannual $15 fee charged by Defendant during the FIF Subclass Period, which is April 1, 2009, to October 26, 2012. At the time of preliminary certification, the total number of FIF Subclass members is estimated to be 316,721 persons.

    c. The "Gym Cancel Subclass" includes all Class Members who cancelled their gym membership contract. At the time of preliminary certification, the total number of Gym Cancel Subclass members is estimated to be 387,177 persons.

    d. The "Personal Training Cancel Subclass" includes all Class Members who cancelled a Personal Training contract. At the time of preliminary certification, the total number of Personal Training Cancel Subclass members is estimated to be 64,805 persons.

The Court finds that, for the purpose of settlement, and without an adjudication of the merits, the Class and Subclasses are sufficiently well-defined and cohesive, and the proposed settlement is fair, reasonable, and adequate.

      1.      Pursuant to Civil Rule 23(a)(4), Plaintiffs Amber Gascho, Ashley Buckemeyer, Michael Hogan, Edward Lundberg, Terry Troutman, Anthony Meyer, Rita Rose, Julia Cay (fka Julia Snyder), Albert Tartaglia, Michael Bell, Matt Volkerding, and Patrick Cary are appointed as Class Representatives of the Class, FIF Subclass, and Gym Cancel Subclass for purposes of seeking Final Approval of the Settlement. Amber Gascho, Julia Cay, and Albert Tartaglia are appointed as Class Representatives of the Personal Training Cancel Subclass.

2. Pursuant to Civil Rule 23(g), William Porter, Thomas McCormick, Kenneth Rubin, and James Lind of Vorys, Sater, Seymour and Pease, and Mark Landes, Greg Travalio, and Mark Troutman of Isaac, Wiles, Burkholder & Teetor, LLC (f/k/a Isaac, Brant, Ledman & Teetor, LLP) are appointed as Class Counsel for purposes of this settlement.

3. The Court approves the Claim Form, Legal Notice ("Notice"), and Notice Postcard attached to the Settlement Agreement as Exhibits 1, 6, and 7. The Claims Administrator may make minor modifications and adjustments to these documents for purposes of formatting, design, and accessibility through a website and to allow electronic or "click" signatures. The Court approves Dahl Administration, LLC, as the Claims Administrator. Pursuant to the Settlement Agreement, Defendant shall be solely responsible for all fees and expenses of the Claims Administrator ("Settlement Administration Costs"). The Settlement Administrator shall perform all tasks, comply with all deadlines, and strictly follow all requirements set forth in the Settlement Agreement. Under sections 10.4 and 10.5 of the Settlement Agreement, the Claims Administrator is granted authority to determine eligibility for and the amount of, any Claim Award subject to the any party's right to challenge whether the Claims Administrator is properly confirming eligibility.

The Court approves all deadlines set forth in the Settlement Agreement and directs that within 30 days of the date of this Order the Claims Administrator shall mail the Notice Postcard, publish the Notice, send the email notice, and establish the website and toll-free phone number as required by the Settlement Agreement. Then, Class Members shall have 60 days to submit a Claim Form, file a written request requesting to be excluded from the Class or any Subclass (an "Opt-Out Request"), and/or serve on counsel and file with this Court any objections to the settlement (the "Claim Period Deadline"). The Court finds that the Notice and Notice Postcard, along with the related notification materials including, but not limited to, the email, reminder email, the website, and general publication, constitute the best notice practicable under the circumstances and are in full compliance with federal laws, the United States Constitution, and the requirements of due process. The Court further finds that the notifications fully and accurately inform the settlement class members of all material elements of the proposed settlement, of the Class and Subclass Members' right to be excluded from the Class, and of each Class and Subclass Member's right and opportunity to object to the settlement.

4

    4.  A hearing (the "Fairness Hearing") pursuant to Civil Rule 23(e) shall be held on **February 13, 2014 at 10:00 a.m.**, in the United States District Court for the Southern District of Ohio, Eastern Division, before Magistrate Judge King, to determine (a) whether the proposed settlement of the action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and in the best interest of the Classes and Subclasses and should be finally approved by the Court; (b) whether the Class and Subclasses should be finally certified for settlement purposes; (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement; (d) whether Settling Plaintiffs should be bound by the release set forth in the Settlement Agreement; (e) whether and in what amount Class Counsel should be awarded fees and reimbursement of expenses, (f) whether and in what amount the Class Representatives shall be awarded the Class Representative Enhancement Payments, (g) and to rule on any other matters the Court may deem appropriate.

    5.  The Court approves the proposed procedure for opting out of the Class/Subclasses.  Any Class or Subclass Member who wishes to be excluded from the Class or any Subclass must send an Opt-Out Request by first class mail, postage prepaid, to the address of the Claims Administrator as provided in the Notice.   All Opt Out Requests must be timely submitted (postmarked on or before the Claim Period Deadline) and must contain the name, address, and telephone number of the Class or Subclass Member requesting exclusion, and must be personally signed by the Class or Subclass Member who seeks to opt-out.  No Opt-Out Request may be made on behalf of a group of Class or Subclass Members.  If the proposed settlement is finally approved, any Class or Subclass Member who has not submitted a timely, written Opt-Out Request pursuant to the terms of this section shall be deemed to have released Defendant, and the other Released Parties (as defined in the Settlement Agreement), from all Released Claims as set forth in the Settlement Agreement and explained in the Notice.

    6.  Any Class or Subclass Member who does not file an Opt-Out Request may object to the proposed settlement and/or the award of attorneys' fees and expenses, either on his or her own or through an attorney hired at his or her expense.  The Court approves the procedure for objecting as follows:  Any Class or Subclass Member who wishes to object to the proposed settlement must file with the Court and serve on Class Counsel and Defendant's Counsel a written statement of objection no later than the Claim Period Deadline.  Such statement shall include the Class or Subclass Member's name, address,

5

telephone number, e-mail address, the specific reason(s), if any, for each objection, including any legal support, evidence, papers, or briefs that the Class or Subclass Member wishes the Court to consider, and shall include a reference to the case name and case number.

To file a written statement of objection and any associated documents with the Court, Class or Subclass Members represented by Counsel shall use the Court's Electronic Filing System ("ECF") which automatically transmits electronic copies to Class Counsel and Defendant's Counsel.  Class or Subclass Members who are not represented by Counsel must file any written statement of objection and any associated documents by personal delivery to Office of the Clerk; U.S. District Court for the Southern District of Ohio, Eastern Division; Joseph P. Kinneary U.S. Courthouse, Room 121, 85 Marconi Boulevard; Columbus, Ohio 43215; and by serving copies of all such filings on Class Counsel and Defendants by email and U.S. Mail as identified below:

> Thomas N. McCormick
> Vorys Sater Seymour and Pease LLP
> 52 East Gay Street
> Columbus, Ohio 43215
> tnmccormick@vorys.com
> Counsel for Plaintiffs and the Classes
>
> V. Brandon McGrath
> Bingham Greenebaum Doll PLLC
> 2350 First Financial Center
> 255 E. Fifth Street
> Cincinnati, OH  45202
> bmcgrath@bgdlegal.com
> Counsel for Defendant

Any Class or Subclass Member who does not timely file and serve a written objection pursuant to the terms set forth above shall be deemed to have waived any objection to the settlement, and any objection that is not timely made shall be barred.

If any Class or Subclass Member who timely files and serves an Objection also wishes to appear at the Final Fairness Hearing, a Notice of Intent to Appear must be filed with the Court and served on Counsel along with the objection.  Any Class or Subclass Member who does not timely file and serve a notice of intention to appear

6

pursuant to the terms of this paragraph shall not be permitted to appear, except for good cause shown.  Class and Subclass Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval.

Not later than three (3) weeks before the deadline for Class or Subclass Members to file objections, Class Counsel shall file with the Court an application for award of attorneys' fees not to exceed a total of $2,390,000, including all attorneys' fees, costs, and expenses incurred.  In addition, such application will include a request for Enhancement Payment, not to exceed a total of $40,000 in addition to the amounts provided for attorneys' fees, costs, and expenses, and as set forth in the Settlement Agreement between the Parties.

7. Within ten (10) days of the filing of the Preliminary Approval Motion, Defendant or the Claim Administrator (on Defendant's behalf) will have complied with the requirements of 28 U.S.C. § 1715(b) and served notice of the proposed settlement upon the appropriate Federal official and appropriate State official of each State in which a Class Member resides.

8. This Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (i) the proposed settlement is not finally approved by the Court, or does not become final, pursuant to the Settlement Agreement; or (ii) the proposed settlement is terminated in accordance with the Settlement Agreement or does not become effective as required by the terms of the Settlement Agreement for any other reason.  In such event, the proposed settlement and Settlement Agreement shall become null and void and be of no further force and effect.

9. Pursuant to the terms of the Settlement, the Court granted leave to Plaintiffs to file their Third Amended Complaint.  The Third Amended Complaint has been filed for purposes of this Settlement only, and should this Settlement not be granted final approval, the Third Amended Complaint shall be null and void, and the Second Amended Complaint, previously filed herein, shall be the operative complaint for this action.

10. The Court has subject matter jurisdiction over this Action and, for purposes of this settlement only, has personal jurisdiction over all the Parties, including all members of the Class and Subclasses. The Court retains exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement.

11. Pending final determination of whether the settlement should be approved, Plaintiffs, all Class Members, and any person or entity allegedly acting on behalf of any Class Members (directly, indirectly, representatively, as *parens patriae*, or in any other capacity), are preliminarily enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting, bringing, joining, or enforcing, directly or indirectly, in any judicial, administrative, arbitral, or other forum, any Released Claim(s) or any claim(s) relating to any action taken by a Released Party that is authorized or required by the Settlement Agreement or this Order. This injunction is necessary to protect the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. Section 1651(a).

Ordered as of this __30th__ day of September, 2013.

               *s/ George C. Smith*
               **GEORGE C. SMITH, JUDGE**
               **UNITED STATES DISTRICT COURT**

*Tendered by:*

s/ Thomas N. McCormick
William G. Porter (0017296)
wgporter@vorys.com
Thomas N. McCormick   (0075496)
tnmccormick@vorys.com
Kenneth J. Rubin (0077819)
kjrubin@vorys.com
VORYS, SATER, SEYMOUR AND PEASE LLP
52 East Gay Street
P.O. Box 1008
Columbus, Ohio 43216-1008
Telephone:  (614) 464-6400
Facsimile:  (614) 464-6350


s/ Mark H. Troutman
Mark Landes   (0027227)
mlandes@isaacwiles.com
Gregory M. Travalio   (0000855)
gtravalio@isaacwiles.com
Mark H. Troutman   (0076390)
mtroutman@isaacwiles.com
ISAAC, WILES, BURKHOLDER & TEETOR, LLP
Two Miranova Place, Suite 700
Columbus, Ohio 43215
(614) 221-2121
Facsimile:  (614) 365-9516

*Counsel for Plaintiffs and the putative class*

s/ Richard S. Gurbst
Richard S. Gurbst (0017672)
Richard.Gurbst@squiresanders.com
SQUIRE SANDERS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, OH 44114
United States of America
(216) 479-8607

Dan L. Cvetanovich (0021980)
Dan.Cvetanovich@baileycavalieri.com
Sabrina Haurin (0079321)
sabrina.haurin@baileycavalieri.com
BAILEY CAVALIERI LLC
One Columbus
10 West Broad Street, Suite 2100
Columbus, Ohio 43215-3422
Telephone:  (614) 221-3155
Facsimile:  (614) 221-0479

*Counsel for Defendant Global Fitness, LLC*