COMMONWEALTH OF KENTUCKY
BOONE CIRCUIT COURT
DIVISION I
CASE NO. 09-CI-03094

ENTERED
BOONE CIRCUIT-DISTRICT COURT
JAN 18 2013
DIANNE MURRAY, CLERK
BY: _____ D.C.

DAVID SEEGER, ET AL                                         PLAINTIFF

VS.

GLOBAL FITNESS HOLDINGS, LLC                                 DEFENDANT

## ORDER

The Court conducted a Fairness Hearing on December 21, 2012. The Plaintiffs were represented by Hon. Charles Lester and Hon. Eric Deters. The Defendant Global Fitness Holdings, LLC were represented by Hon. V. Brandon McGrath, Hon. David A. Owens and Hon. Jason T. Amos. Intervenors Zik and Hearon were represented by Hon. Gregory A. Belzley and Hon. Joshua T. Rose. Intervenors Tartaglia and Bell were represented by Hon. James B. Lind and Hon. Thomas McCormick. Two witnesses testified at the hearing, Stephen D. Mueller, project manager for the administrator of the class and Hon. Charles Lester. The Court granted all parties until January 4, 2013 to file a post hearing memorandum and until January 11, 2013 to file a Reply memorandum. The Court enters the following Order.

The fairness, reasonableness and adequacy of the settlement are analyzed in light of several factors. These factors are as follows: (1) Plaintiffs' likelihood of ultimate success on the merits balanced against the amount and form of relief offered in settlement; (2) The complexity, expense and likely duration of the litigation; (3) The state of the proceedings and the amount of discovery completed; (4) The judgment of experienced trial counsel (5) The nature of the negotiations; (6) The objections raised by the class members, if any; and (7) The public interest.

EXHIBIT
4

The Court has considered the settlement in light of these factors. The Court will summarize the greatest reasons as to why the Court has concluded this settlement should not be approved.

The release sought by the defendant under the settlement is overly broad. The release is unlimited to time or nature of the claims. The release includes claims that do not share the identical factual predicate as Plaintiff's claims. Class counsel has not conducted meaningful and adequate discovery on many of the claims sought to be released.

One of the factors cited by Class Counsel in favor of the settlement was the concern that the Defendant may not have the ability to withstand greater judgment. However, the evidentiary hearing provided no evidence to support that conclusion. In fact, the Defendant has sold its business and has refused to disclose the financial nature of the transaction. Thus, one of the articulated driving factors in reaching the settlement has no evidentiary basis in fact.

The reaction of the class has been dismal. This may be partly a result of the procedural shortcomings of the settlement. The Notice was deficient in that it put members on notice that the settlement was with Global Fitness and not Urban Active, which is the name with which members were familiar. It did not adequately provide notice to members of what was being released. It did not comply with the ninety (90) days notice requirements set forth in the Court's Order. The Court has great concern that the evidence showed the notice process was completely handled by the Defendant and Plaintiff had no involvement.

The low participation rate may partly be a result of the lack of value of the settlement. It is a coupon settlement for the most part, and for those seeking a cash refund the process was cumbersome. When a claims process is too difficult it has the effect of discouraging the filing of claims. Ninety percent of the cash refund claims were rejected. The claims administrator had final authority over claim approval and Plaintiff counsel did not retain any say in approving or

rejecting of refund claims. There were 242,243 potential class members and only 2,720 made claims and 48% were returned to claimants as deficient. Only 4% of deficient claims refiled. Only 1,444 claims were approved, which is just 0.6% of the potential class. The Court concludes under the evidence presented that the beneficiaries of this settlement agreement is the defendant who receives a global release and Class Counsel who seeks a fee in the range of $250,000 to $300,000, as well as the representatives of the Class who are to receive $1,000 a piece. The Court notes that not one of the class representatives attended the hearing. These benefits are disproportionate to the benefits to be received by the class. The settlement is unfair in that too large a group of people are bound to an agreement for which little benefit is given.

**IT IS HEREBY ORDERED** that the settlement agreement is not approved by this Court for the reasons set forth above.

**IT IS FURTHER ORDERED** that the stay of litigation is lifted in this case and in Boone Circuit Court Case No. 11-CI-1121.

DATED this 18TH day of January 2013.

ANTHONY W. FROHLICH, JUDGE
BOONE CIRCUIT COURT

CC: ALL ATTORNEYS AND PARTIES OF RECORD