**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AMBER GASCHO, et al., | : | |
| | : | Case No. 2:11-CV-436 |
| Plaintiffs, | : | |
| v. | : | Judge Smith |
| | : | |
| GLOBAL FITNESS HOLDINGS, LLC, | : | Magistrate Judge King |
| | : | |
| Defendant. | : | |

## MOTION TO STRIKE OBJECTION OF JOSHUA BLACKMAN

Defendant Global Fitness Holdings, LLC ("Global Fitness") respectfully moves this court to strike the Objection of Joshua Blackman (Doc. 122) because Mr. Blackman does not qualify as a Class Member.  Mr. Blackman rescinded any potential gym membership contract when he exercised his three day right to cancel.  The reasons for this motion are fully explained in the attached memorandum in support.

                                                        *s/ V. Brandon McGrath*
                                                        V. Brandon McGrath (0072057)
                                                        BINGHAM GREENEBAUM DOLL LLP
                                                        255 E. Fifth Street, 2350 First Financial Center
                                                        Cincinnati, Ohio  45202
                                                        (513) 455-7641
                                                        (513) 762-7941 (fax)
                                                        bmcgrath@bgdlegal.com

## **MEMORANDUM IN SUPPORT**

On December 27, 2013, Joshua Blackman filed an Objection to the settlement reached in this case.  Attached to the objection brief is a declaration of Joshua Blackman in support of objection (Doc. 122-1).  In his declaration, Mr. Blackman claims to be a member of the settlement class in this case by stating that he "entered into a membership contract at the Urban Active Gym located at 4900 Shelbyville Road in Louisville, Kentucky.  Not long after, I cancelled that membership" *Id.*  In fact, Mr. Blackman exercised his right to cancel his gym membership contract under the three day right of rescission specifically provided by the Kentucky Health Spa Act ("KHSA").  KRS 367.190.

Mr. Blackman signed a membership agreement on August 16, 2011 at a Global Fitness club in Louisville, Kentucky, after this action and several other actions were filed against Global Fitness.  (*See* Membership Agreement dated August 16, 2011, a copy of which is attached as Exhibit A.)  When Mr. Blackman signed his gym membership contract, he paid Global Fitness $69.80.  Mr. Blackman then claimed through a letter sent two days after signing his agreement with Global Fitness that he had discovered that his office had a gym "at a reduced price."  (*See* Letter from Josh Blackman to Urban Active, dated August 18, 2011, a copy of which is attached as Exhibit B.)  Pursuant to his decision under the three-day cancellation provision, Mr. Blackman was issued a full and complete refund of $69.80.  *See* Transaction Log, a copy of which is attached as Exhibit C.

Mr. Blackman does not qualify as a Class Member because the termination of his contract under the three-day cancellation provision was an effective rescission *ab initio* and void as a matter of law.

2

I.    **Argument.**

"Rescission" is a remedy designed to restore the parties to their former position.  *See Progressive N. Ins. Co. v. Corder*, 15 S.W.3d 381, 383 (Ky. 2000), *quoting* L. Russ and T. Segalla, *Couch on Insurance* § 30:3 (3d Ed. Clark, Boardman, Callaghan 1996).  This remedy is different from cancellation, which is a prospective relief that allows damages in addition to termination of the contract:

> A rescission avoids the contract ab initio whereas a cancellation merely terminates the policy as of the time when the cancellation becomes effective.  In other words, cancellation of a policy operates prospectively, while rescission, in effect, operates retroactively to the very time that the policy came into existence.

(*Id.*)

The three-day cancel provision operates as a rescission, not a cancellation, meaning that Mr. Blackman should not be considered to be a former "member" of Global Fitness.  Although the term used in KRS 367.910 is one of cancellation, Mr. Blackman's invocation of his absolute right under that statute operates to place the parties in the same position as if they had never entered into the contract rather than simply terminate the agreement moving forward.  Specifically, a full refund is required even if the member had used the facilities.  Further, no allowance is made for the owner of the health spa to recoup the cost of providing the opportunity to use the health spa during the three day period.

Because the membership agreement was rescinded, it never existed as a matter of law.  To have standing as an Objector, the Objector must be a member of the class.  *See e.g., In re Regions Morgan Keegan Sec.*, No. 2:09-2009 SMH V, 2013 U.S. Dist. LEXIS 51604 at *17 (W.D. Tenn. 2013).  Mr. Blackman does not qualify as a Class Member, and he does not have standing to file an objection to the settlement in this class action.  Moreover, Blackman has suffered no injury for which compensation should be provided.  Although Global Fitness

continues to assert that the claims against it are untrue and not legally viable, the purpose behind the instant settlement (as with most class action settlements) is to compensate those that have a potential claim for a loss.  Having lost nothing, Blackman now seeks to strike down a settlement that would provide a monetary benefit to individuals that did not receive a complete refund – a demand that cuts squarely against the basic tenets of a class action settlement.  Thus, Mr. Blackman's objection should be stricken from the record, and he should not be allowed to appear at the Fairness Hearing or present any arguments against the settlement reached in this case.

**B.**     **Conclusion.**

For the foregoing reasons, Global Fitness respectfully requests that the Court strike Mr. Blackman's Objection because he is not a Class Member and he lacks standing to file such an objection.

*s/ V. Brandon McGrath*
V. Brandon McGrath (0072057)
BINGHAM GREENEBAUM DOLL LLP
255 E. Fifth Street, 2350 First Financial Center
Cincinnati, Ohio  45202
(513) 455-7641
(513) 762-7941 (fax)
bmcgrath@bgdlegal.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that foregoing was filed with the Court's ECF system on January 21, 2014, which will send notification of this filing to the registered parties.

*s/ V. Brandon McGrath*
Attorney for Defendant

15068143_1.docx