**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION (COLUMBUS)**

| | | |
|---|---|---|
| AMBER GASCHO, *et al*., | : | |
| | : | |
| Plaintiffs, | : | Case No.: 2:11-cv-426 |
| | : | |
| | : | Judge Smith |
| v. | : | |
| | : | Magistrate Judge King |
| GLOBAL FITNESS HOLDINGS, LLC, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

**DECLARATION OF JEFFREY D. DAHL WITH RESPECT TO NOTICE AND CLAIMS**
**ADMINISTRATION TASKS COMPLETE AS OF JANUARY 21, 2014**

I, Jeffrey D. Dahl, declare as follows:

1.      I am President of Dahl Administration, LLC ("Dahl").  I am a nationally-recognized expert with over 20 years of experience in class action notice and settlement administration.  I have provided notice and claims administration services for more than 400 class actions involving securities, product liability, insurance, fraud, property, employment, discrimination, and consumer cases such as this one.  I have experience in all areas of settlement administration including notification, claims processing and distribution.  I have previously served as a Distribution Fund Administrator for the U.S. Securities and Exchange Commission.  Attached as Exhibit A is a current copy of my CV.  Background information for Dahl is attached as Exhibit B.

2.      I am responsible for supervising services provided by Dahl with respect to this action.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts stated herein and, if called as a witness, could and would testify competently thereto.

3.      Dahl was selected as Settlement Administrator by the Parties, as authorized by the *Settlement Agreement and Release* ("Settlement Agreement") and approved by the Court's *Preliminary Approval Order* dated September 20, 2013 ("Order").  I submit this Declaration to provide information concerning the notice and other administrative activities performed by Dahl, as required by the Settlement Agreement and the Order, as well as to provide an accounting of certain specified information required by Section 13.1 of the Settlement Agreement.

4.      This declaration includes and describes: (i) receipt of potential Class Member records from Defendant and processing of the list of potential Class Members; (ii) formatting and distribution of the Long Form Notice; (iii) preparation and mailing of the Mailed Summary Notice ("Postcard Notice"); (iv) processing of the Postcard Notice returned as undeliverable; (v) preparation and sending of the Email Notice; (vi) placing of the Publication Notice; (vii) preparation and sending of the Supplemental Email Notice; (viii) implementation and operation of the toll-free settlement information line; (ix) implementation and maintenance of the settlement website; (x) receipt and processing of Opt-Out Requests; (xi) receipt and processing of Claim Forms; and (xii) calculation of payment amounts.

**ELECTRONIC DATABASE OF CLASS MEMBER INFORMATION**

5.      In accordance with Section 12.1 of the Settlement Agreement, on October 3, 2013, Dahl received data files from Defendant containing potential Class Members' full name, last known address, last known email address, home club, status of membership as of the last day of the Class Period, and information identifying which Subclasses each Class Member belongs to.

6.      Dahl reviewed the data records for completeness, marked duplicate records, and compiled a final Class Member database.  The final list of potential Class Members contained 605,735 records ("Class Member List"), including the appointed Class Representatives:  Amber

Gascho, Ashley Buckenmeyer, Michael Hogan, Edward, Lundberg, Terry Troutman, Anthony Meyer, Rita Rose, Julia Cay (fka Julia Snyder), Albert Tartaglia, Michael Bell, Matt Vokerding, and Patrick Cary.

7.    The Class Member List was reviewed to determine if complete mailing addresses were present.  The final Notice Mailing List contained 601,494 records with complete mailing addresses.  The remaining 4,241 records were marked to receive Email Notice.

8.    In order to obtain the most current mailing address for potential Class Members, Dahl processed the Notice Mailing List through the USPS National Change of Address ("NCOA") database.  This process updates addresses for individuals who have moved within the last four years and who filed a change of address card with the USPS.

### THE LONG FORM NOTICE

9.    Dahl formatted the long-form legal notice ("Long Form Notice") in a form and content substantially similar to the Legal Notice attached as Exhibit 6 to the Settlement Agreement.  The Long Form Notice was made available on the website and was mailed upon request by individuals who called the Settlement Information Line.  A copy of the Long Form Notice is attached as Exhibit C.

### DISSEMINATION OF THE POSTCARD NOTICE

10.    Dahl sent a notice postcard in a form and content substantially similar to the Summary Notice attached as Exhibit 7 to the Settlement Agreement, on October 30, 2013, as specified in the Order.

11.    Each Postcard Notice was customized for the Class Member and contained a unique Class Member identification number bar code.  A sample of the Postcard Notice is attached as Exhibit D.

12.    Dahl mailed complete and correct Postcard Notices to the addresses contained on the Notice Mailing List to 601,494 Class Members via First Class mail.

13.     Dahl maintains a copy of the Notice Mailing List, which comprises a record of all potential Class Members to whom the Postcard Notice was mailed on October 30, 2013.  The Notice Mailing List is available for inspection by the Court, Class Counsel, and counsel for the Defendant upon request.

## PROCESSING OF THE MAILED POSTCARD NOTICE RETURNED AS UNDELIVERABLE

14.     Dahl is responsible for receiving and re-mailing, when possible, any Postcard Notices returned as undeliverable by the USPS.  As of January 17, 2014, Dahl has received 146,617 undeliverable Postcard Notices.  Of these, 2,077 Postcard Notices were returned by the USPS with a forwarding address and have been re-mailed to the new address provided; 144,540 Postcard Notices have been returned by the USPS without a forwarding address and the undeliverable address information was sent to an address search firm for tracing.  New addresses were located for 89,198 records and Postcard Notices were re-mailed to the new addresses. After re-mailing the Notices, 90.8% of the Postcard Notices were delivered.

## DISSEMINATION OF THE EMAIL NOTICE

15.     In addition to mailing of the Postcard Notice, 259,195 Class Members with email addresses were sent an Email Notice on October 30, 2013.  Of these, 154,216 returned as invalid email addresses and 150,581 were delivered.  A sample of the Email Notice is attached as Exhibit E.

## THE PUBLICATION NOTICE

16.     Dahl formatted a 1/4 page Publication Notice by formatting content substantially similar to the Summary Notice attached as Exhibit 7 to the Settlement Agreement.  Counsel reviewed and approved the final format.

17.     In accordance with Section 12.2 of the Settlement Agreement, Dahl placed the Publication Notice so that it was published on two consecutive days with one of the two days

being the first Sunday after the Notice Postcards were mailed. The list of newspapers and cities/metro areas and dates in which the Publication Notices were published is attached as Exhibit F. The final Publication Notice is attached as Exhibit G.

## SUPPLEMENTAL EMAIL NOTICE

18.    In accordance with Section 12.4 of the Settlement Agreement, on November 29, 2013, all potential Class Members with valid email addresses who had not filed Claim Forms in order to become Allowed Claimants or who had not Opted Out within thirty (30) days after the original mailing of the Postcard Notice were sent Supplemental Email Notice ("Reminder Email") of the settlement.

19.    After removing all Allowed Claimants and timely Opt Outs from the Notice Mailing List, Dahl created a list of potential Class Members to be emailed a Supplemental Email Notice ("Reminder Email List"). The Reminder Email List contained 96,213 Class Members.

20.    A sample of the Reminder Email text is attached as Exhibit H.

## SETTLEMENT INFORMATION LINE

21.    Before mailing the Postcard Notices, Dahl established a toll-free helpline, the Settlement Information Line (the "Information Line"), which was designed to assist potential Class Members and any other persons seeking information about the Action and the proposed settlement. The Information Line was opened on October 30, 2013, and is still operating.

22.    The Information Line is open, except for holidays, Monday through Friday from 9:00 a.m. to 9:00 p.m. Eastern Time. The Information Line's toll-free number is 1-888-484-2005, which was printed in the Postcard Notice and is also posted on the settlement website.

23.    Dahl prepared, and Counsel reviewed and approved, a detailed telephone script to provide clear and accurate answers to anticipated questions about this Action and the proposed settlement. Dahl distributed this script to its customer service representatives ("CSRs"). Dahl used the script to train the CSRs and guide them in responding to callers' questions.

24.     The toll-free telephone system includes a Voice Response System that allows callers to listen to general information about the settlement, listen to responses to frequently asked questions, request a Notice and Claim Form, speak with a CSR or leave a message in a voicemail box. Class Members may also speak to a Spanish-speaking CSR.

25.     CSRs at the Information Line have been available to answer questions from potential Class Members since October 30, 2013. Staffing levels have been adjusted based on the volume of calls received.

26.     As of January 17, 2014, the Information Line had received 6,058 calls regarding the settlement.

## THE SETTLEMENT WEBSITE

27.     Dahl established a settlement website, www.UrbanActiveLawsuit.com, in accordance with the terms of Section 12.2 of the Settlement Agreement. The website address was printed in the Postcard Notice. The settlement website was activated on October 30, 2013, and is still operating.

28.     The settlement website provides potential Class Members with general settlement information; Dahl contact information, including a link to contact the Settlement Administrator by e-mail and the phone number for the Settlement Information Line; a list of Frequently Asked Questions and Answers; a list of important dates and deadlines; and a means by which to review and print copies of certain settlement documents including the Long Form Legal Notice, the Claim Form, the Settlement Agreement, the Order, the Scheduling Order dated October 16, 2013, and the Third Amended Complaint. The settlement website allowed potential Class Members to file a Claim Form online.

29.     Class Counsel and counsel for the Defendant worked jointly to review and approve the settlement website content. After approval, it was uploaded and activated. Sample copies of the current settlement website pages are attached as Exhibit I.

## OPT-OUT REQUESTS

30.     Dahl was responsible for receiving and processing all Opt-Out Requests for exclusion from the Settlement Class.  All such requests are to be postmarked no later than December 30, 2013.  As of January 17, 2014, ninety (90) valid, timely requests for exclusion from the Settlement Class have been received.  One untimely request for exclusion has been received.  The list of potential Class Members submitting valid, timely exclusion requests as of December 30, 2013, is attached as Exhibit J (the "Opt-Out List").

## RECEIPT AND PROCESSING OF CLAIM FORMS

31.     Dahl has received 55,597 Claim Forms; 54,129 were filed online and 1,468 were filed by mail.

32.     Dahl has reviewed each Claim Form for timeliness, completeness and validity. Class Members who were confirmed as eligible and who filed timely Claim Forms have been deemed Allowed Claimants.  Claim Forms that were filed timely but where the claimant could not be confirmed as an eligible Class Member are currently pending a final determination and have been sent an Opportunity to Cure Claim Deficiency Notice asking for additional information related to Class Membership eligibility.  Claim Forms that were filed late or identified as duplicate filings have been deemed Invalid.

33.      Claim Form counts by category are as follows:

| | |
|---|---|
| Valid Claims (Allowed Claimants) | 49,457 |
| Pending Claims – Class Membership | 3,965 |
| Invalid Claims – Duplicate | 2,161 |
| Invalid Claims – Late | 14 |
| **Total Claims** | **55,597** |

## PAYMENT CALCULATIONS AND RESULTS

34.     Dahl is also responsible for calculating payments for Allowed Claimants.  As part of its review, Dahl compared the subclass eligibility data provided by Defendant with the subclasses claimed by the Class Member on a claim-by-claim basis.

35.     For Claim Forms where the subclasses claimed matched the subclasses provided by Defendants or where the subclasses provided by Defendant resulted in a higher payment than the amount claimed, Dahl has deemed the claims to be complete and award amounts have been assigned based on the Defendant subclass data.

36.     Dahl has validated and calculated final award amounts for 28,998 Allowed Claimants, resulting in a total Class Payment of $1,055,910. For these approved claims, the average Class Member will receive payment of $36.41.  For those Class Members that are also in the Gym Cancel Subclass, the average payment is $44.54.  Claim counts by Award Amount are as follows:

| Award Amount | Claim Count |
|---|---|
| $5.00 | 1,207 |
| $25.00 | 13,452 |
| $35.00 | 397 |
| $45.00 | 10,309 |
| $55.00 | 1,835 |
| $75.00 | 1,798 |
| | **28,998** |

37.     Of the 28,998 Claim Forms for which awards are final, subclass membership counts are:

| Subclass | Value | Claim Count | Percent of Claims | Award |
|---|---|---|---|---|
| Gym Membership (all claims) | $5.00 | 28,998 | 100.00% | $144,990.00 |
| Facility Improvement Fee (FIF) | $20.00 | 23,441 | 80.84% | $468,820.00 |
| Gym Membership Cancel | $20.00 | 16,060 | 55.38% | $321,200.00 |
| Personal Training Cancel | $30.00 | 4,030 | 13.90% | $120,900.00 |
| **Total Class Payment** | | | | **$1,055,910.00** |

8

38.     The remaining 20,459 Allowed Claimants indicated subclass membership in an amount greater than the data provided by Defendant.   After requesting and receiving additional data from Defendant, Dahl is preparing Notices to be sent to these Claimants asking for additional information related to claimed subclass membership that still does not match Defendant's records.   Once this process is complete, final awards will be calculated for these claims. The dollar value disparity between the claimed subclass awards and Defendant's records for all 20,459 Claim Forms is $486,595.00 to $1,093,965.00.   In other words, Dahl has already confirmed that these 20,459 members are entitled to at least $486,595.00, making the average payment per class member a minimum of $23.78. The maximum amount that would be awarded to these 20,459 is $1,093,965.00, thereby increasing the average payment per class member to $53.47.   As shown in the numbers above, the minimum payment to the entire Class/Subclasses will be $1,542,505.00 and the maximum payment to the entire Class/Subclasses will be $2,003,415.00.

39.     The objective of the Notice program is to reach the highest possible percentage of potential Class Members, provide them with meaningful information to help them understand their legal rights and options under the terms of the settlement and provide simple, open, and easy methods for them to file claims for settlement benefits.

40.     The Notice program was quite robust in that it included both a direct mail Postcard Notice and Email Notice to Class Members who had valid email addresses. Moreover, our experience shows that higher return rates result from postcard notices which prominently display a website and email notices which provide a direct link to a settlement website.

41.     The Postcard Notice and Publication Notice were designed to conform to the guidelines set forth by the Federal Judicial Center and provide potential Class Members with

information about the nature and terms of the settlement, and how their rights might be affected, in clear, concise, and plain language.

42. The Reminder Email was sent to all potential Class Member who had not filed a Claim Form or Opted Out of the settlement and provides an additional opportunity for potential Class Members to learn about the settlement and how their rights may be affected.

43. The settlement provided multiple methods for Class Members to file a Claim Form. The website provided a simple, easy method for Class Members to file a claim online by entering a unique identification number and verifying sub-class membership information. If a Class Member did not have their unique identification number, they could still file a claim online. Notably, this open claims process resulted in 4,130 claims being filed without the Class Member's unique identification number. Class Members had the option to download a Claim Form from the website or request a Claim Form be mailed to them from the Settlement Information Line so that they could file a paper claim form.

44. Additional information regarding the settlement and potential Class Members' rights and options is available through the settlement website and Settlement Information Line.

45. As of November 29, 2013, the Notice reached at least 90.8% of potential Class Members. It is my opinion that the Notice and notice program comply fully with Rule 23 of the Federal Rules of Civil Procedure; meet the notice guidelines established by the Federal Judicial Center's Manual for Complex Litigation, 4th Edition (2004) as well the Federal Judicial Center's Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide (2010); and are consistent with, and even exceed, the notice programs approved previously by both state and federal courts.

46. Based on my experience, the filing percentage of 9.2% is a strong filing percentage as compared to similar settlements and is due, in part, to the robust Notice program and the easy filing process available to Class Members.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___21ˢᵗ___ day of January, 2014 in Minneapolis, Minnesota.


Jeffrey D. Dahl
President
Dahl Administration, LLC

# Exhibit A

**Jeffrey D. Dahl, CPA (Inactive)**
**President**
Dahl Administration, LLC
6465 Wayzata Boulevard, Suite 420
Minneapolis, Minnesota 55426
(952) 562-3601
*jdahl@dahladministration.com*

Jeffrey D. Dahl is a nationally-recognized expert with over 20 years of experience with class action litigation and settlement administration. During that time he has provided services on more than 400 class action lawsuits involving securities and shareholder disputes, product liability, fraud, property, finance, insurance, consumer privacy, employment, and discrimination. He is an expert in all areas of settlement administration, including direct and publication notice, data cleansing and analysis, mail and claims processing, and settlement proceeds distribution.

Mr. Dahl is the co-founder and President of Dahl Administration, LLC, a class action settlement administration firm specializing in consumer and employment class actions. During his five-year tenure at Dahl, he has provided notice and claims administration services for over 150 settlements for clients including MetLife, The Hartford, USAA Insurance, Hertz, Capital One, and Verizon Wireless.

Prior to founding Dahl Administration, Mr. Dahl was a founding partner of Rust Consulting, Inc., the second largest class action claims administration service provider in the United States. During Mr. Dahl's 15-year tenure at Rust Consulting, the firm provided services for over 3,000 class action and regulatory settlements, including the $1.1 billion Microsoft-California antitrust settlement; the $950 million PB Pipe settlement; the $850 million Masonite siding and roofing settlement. Mr. Dahl also supervised the distribution of over $2 billion for the U.S. Securities & Exchange Commission.

Mr. Dahl has provided testimony regarding the class action settlement administration process, both live and by affidavit, in hundreds of class action settlements. He has also been appointed to serve courts, special masters, and administrative agencies in numerous proceedings. Some of these judicial and regulatory appointments include:

- Court-appointed Neutral Verification Expert tasked with providing final claim determinations for the $176 million Station Nightclub Fire Settlement in Rhode Island.

- Court-appointed Distribution Agent for the U.S. Securities and Exchange Commission's $350 million settlement with Fannie Mae, which distributed to eligible investors in 2008.

- Court-appointed Claims Agent responsible for receiving and processing the asbestos Proof of Claims for the $2 billion W.R. Grace & Co. asbestos bankruptcy.

- Court-appointed Claims/Balloting Agent responsible for receiving and processing the asbestos Proof of Claims and conducting the balloting for Celotex asbestos bankruptcy.

- Engaged by the court-appointed Special Master to provide notice, process claims, and distribute funds for the Securities and Exchange Commission's $450 million Global Research Analyst Settlement.

Mr. Dahl graduated from Concordia College-Moorhead in Moorhead, Minnesota with a Bachelor of Arts degree in Business Administration and he is a Certified Public Accountant - Inactive.

**Exhibit B**

# OUR FIRM



**OUR FIRM**

---

**OUR HISTORY**

---

Dahl, Inc., which is now Dahl Administration LLC ("Dahl"), was founded in early 2008 with a group of professionals experienced in settlement administration, process development, document and script development, data and image capture, quality control review, accounting, project management, and distribution. Dahl offers innovative and cost-effective solutions for all aspects of settlement administration.

Jeff Dahl was a founding partner and co-owner of Rust Consulting, a large national claims administration firm, and is a nationally recognized expert in the claims administration industry for his expertise administering class action settlements. Kristin Dahl was a senior project manager and the second employee at Rust Consulting.  During their 15 years at Rust Consulting, Jeff and Kristin managed over 300 cases of all types including insurance, product liability, property, employment, mass tort, asbestos, and securities.

After 15 years of working for a large firm, Jeff and Kristin had a desire to return to their roots as hands-on project management consultants providing specialized settlement distribution services for a group of key clients.  They realized that a niche existed in which a small, creative group of professionals could assist the courts, regulatory agencies, law firms and special masters with settlement project planning, data analysis, class member communications, claim processing, quality control, and distribution.

Today, Dahl specializes in high quality, fast turnaround and low cost settlement services – all with a personal touch.  Our goal is to utilize our unsurpassed experience and unique processing methods to help clients:

- Reduce fees;
- Improve service;
- Obtain higher accuracy levels; and
- Reduce the length of time required from notice to distribution.



**OUR FIRM**

## OUR PHILOSOPHY

The Dahl professionals share a common goal – to listen to our clients and provide project solutions that exceed our clients' needs and expectations.  We are committed to managing successful projects that are completed on time, on budget, and with the highest level of quality in the industry.

That means we are:

- Available
- Responsive
- Innovative
- Committed
- Efficient
- Cost-effective

## OUR SERVICES

Dahl provides project management and settlement distribution services to attorneys, distribution agents, special masters, governmental agencies, and the courts.

Our services include:

- Settlement Administration Planning and Design
- Project Management
- Cost Analysis
- Claimant Notification
- Claim Document Development and Layout
- Website and Call Center Services
- Document Imaging and Data Capture
- Claim Evaluation
- Reporting
- Quality Assurance Review
- Problem Identification and Resolution
- Distribution Management

# OUR CASE EXPERIENCE



**CASE CITES**

### CURRENT CASES – DAHL

#### CONSUMER

**Applewhite v. Capital One Bank**, No. 4:06-cv-69 (U.S. Dist. Ct. N.D. Miss.)

**Banner v. Law Offices of David J. Stern**, No. 9:11-cv-80914 (U.S. Dist. Ct. S.D. Fla.)

**In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liability Litigation**, No. 4:08-md-1967 (U.S. Dist. Ct. W.D. Mo.)

**Brandon v. Van Chevrolet-Cadillac, In.,** No. 1031-CV14654 (Mo. Cir Ct. Greene Cnty.)

**Brannon v. Capital One,** No. 3:07-cv-1016 (U.S. Dist. Ct. M.D. Fla.)

**Bryant v. Motors Liquidation Co.**, No. 09-50026 (Bankr. S.D. N.Y.)

**Brown v. Suntrup Ford, Inc.**, No. 08SL-CC05103 (Mo. Cir. Ct. St. Louis Cnty.)

**Busby v. RealtySouth**, No. 2:04-cv-2799 (U.S. Dist. Ct. N.D. Ala.)

**Charron v. Pinnacle Grp. N.Y.**, No. 1:07-cv-6316 (U.S. Dist. Ct. S.D. N.Y.)

**Grant v. Onyx Acceptance Corp.**, No. 07-20315 (Fla. Cir. Ct. Broward Cnty.)

**Hewitt v. Law Offices of David J.Stern**, No. 50-2009-CA-036046-XXXXX (Fla. Cir. Ct. Palm Beach Cnty.)

**Hooper v. Suntrup Buick-Pontiac-GMC Truck, Inc.**, No. 0811-CV10921 (Mo. Cir. Ct. Saint Charles Cnty.)

**Johnson v. Washington University,** No. 2:10-cv-4170 (U.S. Dist. Ct. W.D. Mo.)

**Jones v. Wells Fargo, N.A.**, No. BC337821 (Cal. Super. Ct. L.A. Cnty.)

**Jones v. West County BMW, Inc.,** No. 08SL-CC05222-01 (Mo. Cir. Ct. St Louis Cnty.)

**Gentry v. Reliable Auto., Inc.,** No. 0831-CV06073 (Mo. Cir. Ct. Greene Cnty.)

**Gregg v. Check Into Cash of Mo., Inc.,** No. 4:11-cv-368 (U.S. Dist. Ct. W.D. Mo.)

**Green v. Major Infiniti, Inc.,** No. 1116-CV09583 (Mo. Cir Ct. Jackson Cnty.)

**Kreilich v. JL Autos, Inc.,** No. 09SL-CC0172 (Mo. Cir. Ct. St. Louis Cnty.)

**Lewellen v. Reliable Imports and RV, Inc., No. 1031-CV11926 ((Mo. Cir. Ct. Greene Cnty.)**



**CASE CITES**

## CONSUMER – CONTINUED

**Livingston v. Capital One,** No. 3:07-CV-266 (U.S. Dist. Ct. J.D. Fla.)

**Love v. LendingTree Claims Admin.,** No. 2009CV009598 (Wis. Cir. Ct. Milwaukee Cnty.)

**Lundy v. Mid-America Credit, Inc.,** No. 1116-CV02060 (Mo. Cir Ct. Jackson Cnty.)

**Mayfield v. Thoroughbred Ford of Platte City, Inc.,** No. 08AE-CV00467 (Mo. Cir Ct. Platte Cnty.)

**Metcalf v. Marshall Ford Sales, Inc.,** No. 0811-CV11381 (Mo. Cir. Ct. St. Charles Cnty.)

**Miller v. Capital One Bank,** No. 3:07-cv-265 (U.S. Dist. Ct. M.D. Fla.)

**Mortgage Store, Inc. v. LendingTree Loans,** No. 06CC00250 (Cal. Super. Ct. Orange Cnty.

**Naes v. Tom Pappas Toyota, Inc.,** No. 0711-CV09005 (Mo. Cir. Ct. St. Charles Cnty.)

**N. Star Capital Acquisitions v. Krig,** No. 3:07-CV-264 (U.S. Dist. Ct. M.D. Fla.)

**In re Philips/Magnavox Television Litig.,** No.2: 09-cv-3072 (U.S. Dist. Ct. N.J.)

**Redd v. Suntrup Hyundai, Inc.,** No. 09SL-CC00173 (Mo.Cir. Ct. St. Louis Cnty.)

**Richards v. Lou Fusz Auto. Network, Inc.,** No. 08SL-CC04594 (Mo. Cir. Ct. St. Louis Cnty.)

**Richardson v. Weber Chevrolet Co.,** No. 09SL-CC00170 (Mo. Cir Ct. St. Louis Cnty.)

**Rizzo v. Hendrick Auto. Grp.,** No. 4:08-cv-137 (U.S. Dist. Ct. W.D. Mo.)

**Rhodenbaugh v. CVS Pharmacy, Inc.,** No. 091-CV09631 (Mo. Cir. Ct. Jackson Cnty.)

**Roberts v. Source for Public Data,** No. 2:08-cv-4167 (U.S. Dist. Ct. W.D. Mo.)

**Sams v. Adams Auto Corp.,** No. 0916-CV1521 (Mo. Cir. Ct. Jackson Cnty.)

**Shaffer v. Royal Gate Dodge**, No. 07SL-CC00949 (Mo. Cir Ct. St. Louis Cnty.)

**Shirley v. Reliable Chevrolet, Inc.,** No. 0831-CV06082 (Mo. Cir. Ct. of Greene Cnty.)

**Sims v. Rosedale Cemetery Co.,** No. 03-C-506 (W. Va. Cir. Ct. Berkeley Cnty.)

**Stasko v. City of Chicago**, No. 09-CH17167 (Ill. Cir. Ct. Cook Cnty.)

**Stevens v. Bommarito Nissan, Inc.** No. 09SL-CC00167 (Mo. Cir. Ct. St. Louis Cnty.)

**Tortora v. Guardian Prot. Servs., Inc.,** No. MID-L-1041-10 (N.J. Super. Ct. Middlesex Cnty.)

**In re Dissolution of Nexus Fiduciary Trust Corp.,** No. 29D03-1003-CC-323 (Ind. Super. Ct. Hamilton Cnty.)

**Wade v. Thoroughbred Ford, Inc.,** No. 10AE-CV04323 (Mo. Cir. Ct. Platte Cnty.)



**CASE CITES**

## CONSUMER – CONTINUED

**Walczak v. ONYX Acceptance Corp.,** No. 03 CH 0693 (Ill. Cir. Ct. Lake Cnty.)

**Wiles v. S.W. Bell Tel. Co.,** No. 2:09-cv-4236 (U.S. Dist. Ct. W.D. Mo.)

**Woods v. QC Financial Services, Inc.,** No. 11-148-01395-09 (Am. Arbitration Ass'n)

**Woodward v. Ozark Kenworth, Inc.,** No. 1031-CV02203 (Mo. Cir Ct. Greene Cnty.)

**Yaakoby v. EagleRider,** No. 1:09-cv-5772 (U.S. Dist. Ct. N.D. Ill.)

## EMPLOYMENT

**Agatep v. Forest Lawn Mortuary**, No. BC433744 (Cal. Super. Ct. L.A. Cnty.)

**Ayon v. Cintas Corp., Inc.**, No. BC310696 (Cal. Super. Ct. L.A. Cnty.)

**Berg v. Zumiez, Inc.**, No. BC408410 (Cal. Super. Ct. L.A. Cnty.)

**Bult-Ito v. Univ. of Alaska**, No. 3AN 09-7875CI (Alaska Super. Ct. Anchorage)

**Calhoun v. Gen. Petroleum Corp.**, No. BC425216 (Cal. Super. Ct. L.A. Cnty.)

**Cherry v. Mayor and City Council of Baltimore City**, No. 1:10-cv-01447 (U.S. Dist. Ct. Md.)

**Diaz v. Alco Iron & Metal Co.**, No. HG10517616 (Cal. Super. Ct. Alameda Cnty.)

**Flournoy v. 3S Network, Inc.**, No. C09-00113 (Cal. Super. Ct. Contra Costa Cnty.)

**Magee v. Am. Residential Servs., LLC,** No. BC423798 (Cal. Super. Ct. L.A. Cnty.)

**Myart v. AutoZone, Inc.,** No. 05CC03219 (Cal. Super. Ct. Orange Cnty.)

**Park v. Staples The Office Superstore LLC,** No. BC449815 (Cal. Super. Ct. L.A. Cnty.)

**Scaglione v. M.O. Dion & Sons, Inc.,** No. BC425216 (Cal. Super. Ct. San Bernardino Cnty.)

**Stevenson v. Falcon Critical Care Transport,** No. CIVMSC09-00862 (Cal. Super. Ct. Contra Costa Cnty.)

**Veliz v. Cintas Corp.**, No. 5:03-cv-1180 (U.S. Dist. Ct. N.D. Cal.)



**CASE CITES**

---

## INSURANCE

**Abrahams-Goullub v. United States Auto. Assoc.**, No. 3AN-09-6693CI (Alaska Super. Ct. Anchorage)

**Allen v. Buehrer**, No. CV-07-644950 (Ohio C.P. Cuyahoga Cnty.)

**Appel v. Liberty Am. Ins. Co.,** No. 1:08-cv-20385 (U.S. Dist. Ct. S.D. Fla.)

**Bower v. MetLife**, No. 1:09-cv-351 (U.S. Dist. Ct. S.D. Ohio)

**Casey v. Coventry Health Care of Kansas, Inc.**, No. 4:08-cv-201 (U.S. Dist. Ct. W.D. Mo.)

**Childs v. Unified Life Ins. Co.**, No. 4:10-cv-23 (U.S. Dist. Ct. N.D. Okla.)

**Douglass v. Am. United Life Ins. Co.**, No. 29D03-9810-CP-00568 (Ind. Super. Ct. Hamilton Cnty.)

**Holling-Fry v. Coventry Health Care of Kansas, Inc.**, No. 4:07-cv-0092 (U.S. Dist. Ct. W.D. Mo.)

**Martin v. Twin City Fire Insurance Co.**, No. 3:08-cv-5651 (U.S. Dist. Ct. W.D. Wash.)

---

## SECURITIES

**Capgrowth v. Franklin Elec. Publishers, Inc.**, No. BUR-C-043-09 (N.J. Super. Ct. Ch. Div. Burlington Cnty.)

---

## PERSONAL INJURY

**Gray v. Derderian**, No. 1:04-cv-312 (U.S. Dist. Ct. R.I.)



**CASE CITES**

### PREVIOUS CASES – JEFF AND KRISTIN DAHL

---

#### BANKRUPTCY

**In re Celotex Corp.**, No. 90-10016-8B1, 90-10017-8B1 (U.S. Dist. Ct. M.D. Fla.)

**In re Raytech Corp.**, Case No. 89-00293 (Bankr. Ct. Conn.)

**In re the Babcock & Wilcox Co.**, No. 00-0558 Bankr Case No. 00-10992 Sect: "R" (5) (U.S. Dist. Ct. E.D. La.)

**In re U.S. Brass Corp.**, No. 94-40823S (Bankr. Ct. E.D. Tex.)

**In re W.R. Grace & Co.**, No. 01-01139 (Bankr. Ct. Del.)

#### CONSUMER

**Aks v. Southgate Trust Co.**, No. 92-2193-L (U.S. Dist. Ct. Kan.)

**Alachua Gen. Hospital v. Greene**, No. 90-3359-CA (Fla. Cir. Ct. Alachua Cnty.)

**Gray v. Derderian**, No. 04-312L (U.S. Dist. Ct. R.I.)

**Arscott v. Humana Hospital Daytona Beach**, No. 91-2478-CI-CI (Fla. Cir. Ct. Volusia Cnty.)

**Benacquisto v. Am. Express Fin. Corp.**, No.00-1980 DSD (U.S. Dist. Ct. Minn.)

**Bokusky v. Edina Realty, Inc.**, No. 3-92--223 (U.S. Dist. Ct. Minn.)

**Bonilla v. Trebol Motors Corp.**, No. 92-1795(JP) (U.S. Dist. Ct. P.R.)

**Bunch v. Rent-A-Center, Inc.**, No. 00-0364-CV-W-3 (U.S. Dist. Ct W.D. Mo.)

**Burney v. Thorn Ams., Inc.**, No. 97-CV.-1596 (Wis. Cir. Ct. Racine Cnty.)

**Circle Plumbing v. Ferguson**, No. 92-036478 (Tex. Dist. Ct. Harris Cnty.)

**Cook v. LADA**, No. 94-1730 (U.S. Dist. Ct. W.D. L.A.)

**Crocker v. Sunshine Corp.**, No. 93-2224-H/A (U.S. Dist. Ct. W.D. Tenn.)

**Dismuke v. Edina Realty, Inc.**, No. 92-8716 (Minn. Dist. Ct. Hennepin Cnty.)

**Dyson v. Flagstar Corp.**, No. DKC93-1503 (U.S. Dist. Ct. Md.)

**Fed. Trade Comm'n v. Mylan Labs., Inc.**, No. 1:98-CV-3114 (TFH) No. 990276 (TFH/JMF)

**Garcia v. Houston Nw. Medical Ctr., Inc.**, No. H-94-2276, (U.S. Dist. Ct. S.D. Tex.)

**George v. BancOhio Nat'l Corp.**, No. C2-92-314 (U.S. Dist. Ct. S.D. Ohio)

**Gutterman v. Am. Airlines, Inc.**, No. 95 CH 982 (Ill. Cir. Ct. Cook Cnty.)

**Hartings v. Am. Express Co.**, No. 88-0744 (U.S. Dist. Ct. W.D. Pa.)

**Hinton v. ColorTyme Inc.**, No. 94-CV. 5198 (Wis. Cir. Ct. Milwaukee Cnty.)



**CASE CITES**

## CONSUMER – CONTINUED

**In re Compact Disc Minimum Advertised Price Antitrust Litig.**, No. 1361 (U.S. Dist. Ct. Me.)

**In re Toys R US Antitrust Litig.**, No. 98 M. D. L. 1211 (NG) (JLC) (U.S. Dist. Ct. E.D. N.Y.)

**LaMontagne v. Hurley State Bank**, No. 97-30093-MAP (U.S. Dist. Ct. Dist. Mass.)

**Nitti v. Edina Realty, Inc.**, No. 3-92--386 (U.S. Dist. Ct. Minn.)

**Ridgeway v. Denny's California**, No. C93-20202 JW (PV.T) (U.S. Dist. Ct. N.D. Cal.)

**Rowland v. Goldkist, Inc.**, No. CV. 94-106 (Ala. Cir. Ct. Walker Cnty.)

**Sparano v. Southland Corp.**, No. 04 C 2098 (U.S. Dist. Ct. N.D. Ill.)

**Connecticut v. Mylan Labs., Inc.**, No. 1:98-CV-3115 (TFH) Misc. No. 990276 (TFH/JMF) (U.S. Dist. Ct. D.C.)

**Thomas v. Charles Schwab & Co., Inc.**, No. 66,7000 (La. Dist. Ct. Natchitoches Parish)

**Toledo Fair Housing Ctr. v. Nat'l Mut. Ins. Co.**, No. 93-1685 (Ohio C.P. Lucas Cnty.)

**U.S. v. Am. Family Mut. Ins.**, No. 90-C-0759 (U.S. Dist. Ct. E.D. Wis.)

**Weiss v. Washington**, No. 99-2-11807-3 KNT (Wash. Super. Ct. King Cnty.)

**Weissberg v. Delta Air Lines, Inc.**, No. 88 CH 4846 (Ill. Cir. Ct. Cook Cnty.)

**Whitson v. Heilig-Meyers Furniture Co.**, No. CV. 94-PT-0309-E (U.S. Dist. Ct. N.D. Ala.)

**Wolens v. Am. Airlines, Inc.**, No. 88CH 7554 (Ill. Cir. Ct. Cook Cnty.)

**Woosley v. California**, No. CA 000499 (Cal. Super. Ct. L.A. Cnty.)

**Yoel v. New Jersey National Bank**, No. 94-4675 (MLP) (U.S. Dist. Ct. N.J.)

## EMPLOYMENT

**Allen v. Thorn Ams., Inc.**, Case No. 97-1159-CV.-W-SOW (U.S. Dist. Ct. W.D. Mo.)

**Babbitt v. Albertson's Inc.**, No. C92-1883 WHO (U.S. Dist. Ct. N.D. Cal.)

**Berquist v. Am. Family Mut. Ins. Co.**, No. 96CV (Wis. Cir. Ct. St. Croix Cnty.)

**Borja v. Wal-Mart Stores, Inc.**, No.98-CV-119 (Colo. Dist. Ct. Las Animas Cnty.)

**Brunson v. City of New York**, No. 94 Civ. 4507 (LAP) (U.S. Dist. Ct. S.D. N.Y.)

**Forbush v. J. C. Penney Co.**, No. 3:90-2719-X, No. 3:92-0109-X (U.S. Dist. Ct. N.D. Tex.)

**Hofer v. Capitol Am. Life Ins. Co.**, No. 336 (Wyo. Dist. Ct. Goshen Cnty.)

**Hoffman v. Sbarro, Inc.**, No. 982 F. Supp. 249 (U.S. Dist. Ct. S.D. N.Y.)

**Khan v. Denny's Holdings, Inc.**, No. BC 177254 (Cal. Super. Ct. L.A. Cnty.)

**Merk v. Jewel Foods**, No. 85 C 7876 (U.S. Dist. Ct. N.D. Ill.)



**CASE CITES**

## EMPLOYMENT – CONTINUED

**OCAW v. Am. Home Prods.**, No. 92-1238 (JP) (U.S. Dist. Ct. P.R.)

**Stender v. Lucky Stores, Inc.**, No. 88-1467 (U.S. Dist. Ct. N.D. Cal.)

**Taylor v. O' Charley's,** No. 3-94-0489 (US Dist. Ct. M.D. Tenn.)

**Wooten v. Dillard's Inc.,** No. 99-0990-CV-W-3-ECF

## INSURANCE

**Barnicle v. Am. Gen. Corp.,** No. EC 011 865 (Cal. Super. Ct. San Diego Cnty.)

**Beavers v. Am. Gen. Fin., Inc.,** No. CV.-94-174 (Ala. Cir. Ct. Walker Cnty.)

**Blanke v. Lincoln Nat'l Life Ins. Co.,** No. 512,048 Div. K (La. Dist. Ct. Jefferson Parrish)

**Bussie v. Allmerica**, No. 97-40204 (U.S. Dist. Ct. Mass.)

**Danko v. Erie Ins. Exch.,** No. 298 1991 G.D. (Pa. C.P. Fayette Cnty.)

**Elkins v. Equitable Life Ins. Co. of Iowa,** No. 96-296-CIV.-T-17B (U.S. Dist. Ct. M.D. Fla.)

**Garst v. Franklin Life Ins. Co.,** No. 97-C-0074-S (U.S. Dist. Ct. N.D. Ala.)

**Green v. Metro. Ins.,** No. 969547 (Cal. Super. Ct. S.F. Cnty.)

**Hearth v. First Nat'l Life Ins. Co. of Am.,** No. 95-818- T-21A (U.S. Dist. Ct. M.D. Fla.)

**In re Lutheran Brotherhood Variable Ins. Prods. Co.,** No. 99-MD-1309 (PAM/JGL)

**In re Metro. Life Ins. Co.,** No. 96-179 MDL No. 1091 (U.S. Dist. W. D. Pa.)

**In re Nat'l Life Ins. Co.,** No. 2-97-CV.-314 (U.S. Dist. Ct. Vt.)

**Jordan v. State Farm Life Ins.,** No. 97 CH 11 (Ill. Cir. Ct. McLean Cnty.)

**Kolsrud v. Equitable Life Ins. Co. of Iowa**, No. 320838 (Ariz. Super. Ct. Pima Cnty.)

**Kreidler v. W.-S. Life Assurance Co.,** No. 95-CV-157 (Ohio C.P. Erie Cnty.)

**Lee v. USLIFE Corp.,** No. 1:97CV. -55-M (U.S. Dist. Ct. W.D. Ky.)

**Levin v. Am. Gen. Life Ins. Co.,** No. 3-98-0266 (U.S. Dist. Ct. M.D. Tenn.)

**Ludwig v. Gen. Am. Life Ins. Co.,** No. 4:97CV.18920 CDP (U.S. Dist. Ct. E.D. Mo.)

**McNeil v. Am. Gen. Life & Accident Co.,** No. 3-99-1157 (U.S. Dist. Ct. M.D. Tenn.)

**Reyes v. Country Life Ins. Co.,** No. 98 CH 16502 (Ill. Cir. Ct. Cook Cnty.)

**Thompson v. Metro. Life Ins. Co.,** No. 00 Civ. 5071 (HB) Also applies to No.00 Civ., 9068, No.01-2090 & No. 01 Civ. 5579 (U.S. Dist. Ct. S.D. N.Y.)

**Woodley v. Protective Life Ins. Co.,** No. CV. 95-005 (Ala. Cir. Ct. Fayette Cnty.)



**CASE CITES**

## PRODUCT LIABILITY

**Ahearn v. Fibreboard**, No. 6:93cv.526 (U.S. Dist. Ct. E.D. Tex.)

**Cox v. Shell Oil Co.**, No. 18,844 (Tenn. Ch. Ct. Obion Cnty.)

**Garza v. Sporting Goods Props. Inc.,** No. SA 93-CA-1082 (U.S. Dist. Ct. W.D. Tex.)

**Hart v. Central Sprinkler Corp.,** No. BC176727 (C.A. Super. Ct. L.A. Cnty.)

**In re Louisiana-Pacific Corp. Inner-Seal Oriented Strand Board Trade Practices Litig.,** No. C96-2409 VRW (Mellett), No. C96-2468 VRW (Stewart) No. C95-3178 VRW(Aguis)

**In re Rio Hair Naturalizer Prods. Liability Litig.,** No. 1055 (U.S. Dist. Ct. E.D. Mich.)

**Ruff v. Parex, Inc.,** No. 96-CV.-500-59 (U.S. Dist. Ct. E.D. N.C.)

**Salah v. Consolidated Indus., Inc.,** No. CV 738376 (Cal. Super. Ct. Santa Clara Cnty.)

## PROPERTY

**Anderson v. Cedar Grove Composting, Inc.,** No. 97-2-22820-4SEA (Wash. Super. Ct. King Cnty.)

**Black v. Fag Bearings Corp.,** No. CV.396-264CC (Mo. Cir. Ct. Newton Cnty.)

**Branin v. Asarco, Inc.,** No. C93-5132 (B) WD (U.S. Dist. Ct. W.D. Wash.)

**Brighton v. Cedar Grove Composting,** No. 97-2-21660-5 SEA (Wash. Super. Ct. King Cnty.)

**Campbell v. Paducah & Louisville Railway, Inc.,** No. 93-CI-05543 (Ky. Cir. Ct. Jefferson Cnty.)

**Comfort v. Kimberly-Clark Corp.,** No. DV. -90-616 (Ala. Cir. Ct. Shelby Cnty.)

**Vicwood v. Skagit,** No. 00-2-00665-6 (Wash. Super. Ct. Thurston Cnty.)

## SECURITIES

**Eilers Furs of Rapid City v. US West Commc'ns, Inc.,** No. 92-5121 (U.S. Dist. Ct. S.D.)

**Finucan v. Egghead, Inc.,** No. C93-1268WD (U.S. Dist. Ct. W.D. Wash.)

**Global Research Analyst Settlement**, (U.S. Dist. Ct. M.D. N.Y.)

**In re Chambers Dev. Corp. Sec. Litig.,** No. 982 (U.S. Dist. Ct. W.D. Pa.)

**U.S. SEC v. HealthSouth Corp.,** No. CV-03-J-06515S (U.S. Dist. Ct. N.D. Ala.)

**In re Banc of America Sec. LLC,** File No. 3-12591 (U.S. Securities and Exchange Commission Administrative Proceeding)

**U.S. SEC v. MBIA,** No. 07Civ. 658 (LLS)  (U.S. Dist. Ct. S.D. N.Y.)

**SEC v. Fed. Nat'l Mortg. Assoc.,** No. 1:06-CV-00959 (RJL) (U.S. Dist. Ct. D.C.)

**Exhibit C**

LEGAL NOTICE:

<div style="border:1px solid black">

**If you signed a gym membership or personal training contract with Global Fitness Holdings, LLC d/b/a Urban Active Fitness from January 1, 2006, to October 26, 2012, a class action settlement will affect your rights.**

*The United States District Court for the Southern District of Ohio authorized this Notice in the case*
*<u>Gascho v. Global Fitness Holdings, LLC</u>, Case No. 11-cv-00436 (the "Lawsuit")*

</div>

This Notice explains the Lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

- Several former members ("Class Representatives") alleged in their lawsuit, on behalf of themselves and others similarly situated, breach of contract, unjust enrichment, and violations of state consumer protection laws in the sales, servicing, billing, and cancellation of gym membership and personal training contracts (the "Causes of Action").
- Global Fitness Holdings, LLC, doing business as Urban Active Fitness ("Urban Active") denies any wrongdoing and makes no admission of liability by agreeing to this settlement.
- The Court has preliminarily approved the settlement of the Causes of Action.
- You are receiving notice because Urban Active's records indicate you may have signed a gym membership or personal training contract with Urban Active.
- **Your legal rights are affected whether or not you act. Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| SUBMIT A CLAIM FORM | The only way to receive payment from the settlement. Give up certain rights. |
| DO NOTHING | You will not receive any money and you will waive any rights to sue for the same claims. |
| EXCLUDE YOURSELF | Waive all rights, including money, from the settlement. Retain all rights you may have against Urban Active. |
| OBJECT | Write to the Court about why you do not agree with the settlement. The Court may or may not agree with your objection. |

| HOW MUCH CAN I GET? | You will receive between $5 and $75 if you qualify as described in Section 7 of this Notice and on the enclosed Claim Form. |
|---|---|

- Your rights and options and the deadlines to exercise them are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the settlement in final form. Payments will be made if the Court grants final approval of the settlement and after any appeals are resolved.

## 1. Why Did I Get Notified?

Urban Active's records indicate that you may have signed a gym membership contract or personal training contract with Urban Active during the period of January 1, 2006, to October 26, 2012. You received this Notice because you have a right to know about a proposed settlement of a class action lawsuit and about your options before the Court decides whether to approve the settlement. If the Court approves the settlement, and after any objections and appeals are resolved, an administrator appointed by the Court will make the payments that the settlement allows.

1

## 2. What Is This Lawsuit About?

The Class Representatives claim for the Class that Urban Active breached its contracts, unjustly enriched itself, and violated state consumer protection and health spa statutes during the sales, servicing, billing, and cancellation of its contracts.  Specifically, the Class Representatives allege that Urban Active failed to disclose all fees and costs associated with membership, misrepresented the terms and provisions of its contracts, failed to provide customers with all appropriate documentation at the time of sale, failed to honor valid notices of cancellation, and adopted multiple cancellation policies that violated its contracts and confused members seeking to cancel.

## 3. What is Urban Active's Position?

Urban Active denies any wrongdoing, denies that it violated any law, and contends that at all times it complied with federal, state, and local laws.

## 4. Why Is There A Settlement?

The Court did not decide in favor of Plaintiffs or Defendant.  Instead, both sides agreed to the proposed settlement.  The litigation has lasted for more than two years and involved numerous motions and extensive discovery.  Class Counsel and the Class Representatives believe that the amount of the settlement is fair and reasonable in light of the strengths and weaknesses of the claims and other factors.

## 5. How Do I Know If I Am Part Of The Settlement?

All individuals who signed a gym membership contract or personal training contract with Urban Active during the period of January 1, 2006, to October 26, 2012, are part of the Class.  The settlement also provides for other relief, as outlined in this Legal Notice.

## 6. I Got A Similar Notice in 2012 Related to the Lawsuit *Seeger v. Global Fitness Holding, LLC,* Do I Still Need to Do Anything?

Yes, if you want to participate in this settlement and receive money, you must file a new claim form.  The *Seeger v. Global Fitness Holdings, LLC* lawsuit was not finally approved by the court, meaning the settlement never took effect.  Any letters, notices, or claim forms related to the *Seeger v. Global Fitness Holdings, LLC* settlement do not count and are unrelated to this settlement.

## 7. What Does The Settlement Provide?

Class Members who submit timely and valid Claim Forms will receive a Claim Award (monetary compensation).  As shown below, the amount of each Class Member's total Claim Award depends on how many Subclasses each Class Member qualifies under.

| CLASS/SUBCLASS | CLAIM AWARD* | DEFINITION/REQUIREMENTS |
|---|---|---|
| The "Class" | $5.00 | Signed a gym membership contract or personal training contract with Urban Active on or between January 1, 2006, and October 26, 2012. |
| The "FIF Subclass" | $20.00 | Paid a $15 Facility Improvement Fee, Club Administrative Fee, or any other biannual $15 fee to Urban Active on or between April 1, 2009, and October 26, 2012. |
| The "Gym Cancel Subclass" | $20.00 | Cancelled a gym membership contract with Urban Active on or between January 1, 2006, and October 26, 2012. |
| The "Personal Training Cancel Subclass" | $30.00 | Cancelled a personal training contract with Urban Active on or between January 1, 2006, and October 26, 2012. |

\* The Class and Subclass Claim Awards are cumulative, meaning that if a Class Member qualifies under the Class and all Subclasses then that Class Member shall recover $75.00.  You can only qualify once under each category.

There are approximately 606,246 Class Members, 316,721 FIF Subclass Members, 387,177 Gym Cancel Subclass Members, and 64,805 Personal Training Cancel Subclass Members.  The parties have agreed that a Minimum Class Payment of $1,300,000.00 will be required.  If an insufficient number of Class/Subclass Members file a Claim Form, then each Class Member's Claim Award will be increased until the Minimum Class Payment is met.  For services provided to the Class, the parties have agreed that the Class Representatives will receive Enhancement Payments in the amount of $5,000 each to Albert Tartaglia and Michael Bell, $3,500 each to Amber Gascho, Ashley Buckenmeyer, Michael Hogan, Edward Lundberg, Terry Troutman, Anthony Meyer, Rita Rose, and Julia Snyder, and $1,000 each to Matt Volkerding and Patrick Cary.  The Class Representative Enhancement Payments are included in the Minimum Class Payment.

In addition to the Claim Awards set forth above, Urban Active has agreed to pay all third party administration costs which are estimated to be $496,259 and Class Counsel's reasonable attorneys' fees and litigation costs in an amount no greater than $2,390,000. The payment of the third party administration costs and the attorneys' fees and litigation costs will have no effect on, and will not reduce in any way, payment to Class or Subclass Members.

## 8. How Can I Get Payment?

You must complete and return a Claim Form, and the claim must be approved by the Claims Administrator.  A Claim Form is attached to this Notice.  You can also make a claim online at www.UrbanActiveLawsuit.com. Read the instructions carefully, fill out the Claim Form completely and mail it postmarked no later than December 30, 2013, or submit a claim online by no later than 11:59 p.m.  December 30, 2013.  If you do nothing or fail to timely and properly submit a Claim Form, you will be included in the settlement, and be bound by the terms of the settlement (including the Released Claims described in Section 9 below), but will not receive a Claim Award (monetary compensation).

## 9. What Rights Do I Give Up If I Participate Or Do Nothing?

### Released Claims and Released Parties

Upon the final approval by the Court of the settlement, unless you submit a valid and timely Opt-Out Request, you shall be deemed to have fully, finally, and forever released the "Released Claims." The Released Claims shall mean any and all claims, demands, actions, causes of action, rights, offsets, suits, damages (whether general, special, punitive, or multiple), lawsuits, liens, costs, losses, expenses, penalties, or liabilities of any kind whatsoever, for any relief whatsoever, including monetary, injunctive, or declaratory relief, or for reimbursement of attorneys' fees, costs, or expenses, whether known or unknown, whether direct or indirect (whether by assignment or otherwise), whether under federal, state, or local law, whether alleged or not alleged in the Action, whether suspected or unsuspected, whether contingent or vested, which any of the Class Representatives or Class Members have had, now have, or may have in the future against the Released Parties, and which were raised or which could have been raised in the Action and which arose during the Class Period and arise out of the factual allegations or are based on the same factual predicates as alleged in the Action's Third Amended Complaint. This specifically includes any and all claims for breach of contract, unjust enrichment, misrepresentation, and/or violations of consumer protection acts, health spa acts, or prepaid entertainment contract statutes resulting from Urban Active's sales, communications, contracting, billing, and/or cancellations of any gym and personal training contracts.

The "Released Parties" means Global Fitness Holdings, LLC doing business as Urban Active Fitness and its past, present or future direct or indirect officers, directors, shareholders, members, managers, employees, agents, principals, heirs, representatives, fiduciaries, assigns, attorneys, accountants, auditors, consultants, both individually and in their official capacities, insurers and reinsurers, employee benefit plans, divisions and its respective successors and/or assigns, predecessors in interest, subsidiaries, affiliates, parents, and attorneys. The term "Released Parties" expressly includes, but is not limited to, Fitness International, LLC and Fitness and Sport Clubs, LLC d/b/a LA Fitness, and their past, present or future direct or indirect officers, directors, shareholders, members, managers employees, agents, principals, heirs, representatives, fiduciaries, assigns, attorneys, accountants, auditors, consultants, both individually and in their official capacities, insurers and reinsurers, employee benefit plans, divisions, and their respective successors and/or assigns, predecessors in interest, subsidiaries, affiliates, parents, and attorneys.

## 10. How Do I Exclude Myself From The Settlement?

Unless you exclude yourself, you will remain a Class Member, and you will be bound by the terms of the settlement, including the Released Claims described above. That means that you will be unable to sue, continue to sue, or be part of any other lawsuit about the Released Claims. It also means that all of the Court's orders will apply to you and legally bind you.

If you do not wish to participate in the settlement, you may exclude yourself (generally called "opting out") by submitting a written Opt-Out Request to the Claims Administrator, including your full printed name, address, telephone number, a statement indicating your desire not to participate in the settlement, and your signature. You must sign the Opt-Out Request personally and may not have someone sign for you, nor may you submit an Opt-Out Request on behalf of a group. Your Opt-Out Request must be signed and returned via United States first class mail postmarked no later than December 30, 2013, to:

|  |  |
|---|---|
| **Urban Active Settlement** | |
| **c/o Dahl Administration** | **Phone: (888) 484-2005** |
| **P.O. Box 3614** | **Facsimile: (952) 955-4589** |
| **Minneapolis, MN  55403-0614** | |

4

If you submit a timely Opt-Out Request, then upon its receipt you shall no longer be a member of the Class, you shall be barred from participating in any portion of the settlement, you may not object, and you shall receive no benefits from the settlement.  If you wish, you may pursue, at your own expense, any claims you may have against Urban Active.  If you do not submit a complete and timely written Opt-Out Request, you will be included in the Class and Subclasses, and will be bound by the terms of the settlement (including the Released Claims described in Section 9 herein), regardless of whether you filed a Claim Form and/or objected to the settlement.

Do not submit both the Claim Form and Opt-Out Request.  If you submit both, the Opt-Out Request will be invalid, you will be included in the settlement class and you will be bound by the terms of the settlement (including the Released Claims described above).

## 11. When Is The Final Approval Hearing and When Will I Get My Payment?

The Court will hold a fairness hearing in Courtroom 228 of the United States District Court for the Southern District of Ohio, Eastern Division, 85 Marconi Boulevard, Columbus, Ohio, 43215, on February 13, 2014, at 10:00 a.m., or such other, later date as the Court may authorize, to determine whether the settlement is fair, reasonable, and adequate; and if there are objections, the Court will consider them.  The Court will also be asked to approve Class Counsel's request for Attorneys' Fees and Costs, the Class Representatives' Enhancement Payments, and the Settlement Administration Costs.  The hearing may be continued without further notice to Class Members.  It is not necessary for you to appear at this hearing.

If the Court approves the settlement, your settlement will be mailed to you within approximately 45 days, unless the Court sustains an objection or any appeals are filed.  It is always uncertain when these issues can be resolved, and resolving them can take time.

## 12. How Do I Object To The Settlement And Appear At The Final Approval Hearing?

Any Class or Subclass Member who does not file an Opt-Out Request may object to the proposed settlement and/or the award of attorneys' fees and expenses, and may appear at the Final Fairness Hearing, either on his or her own or through an attorney hired at his or her expense.  However, if the Court rejects your objection, you will still be bound by the terms of the settlement.  The Court-approved procedures for objecting and appearing at the Final Approval Hearing are set forth below.

Any Class or Subclass Member who wishes to object to the proposed settlement must file with the Court and serve on Class Counsel and Defendant's Counsel a written statement of objection no later than the Claim Period Deadline which is December 30, 2013. Such statement shall include the Class or Subclass Member's name, address, telephone number, e-mail address, the specific reason(s), if any, for each objection, including any legal support, evidence, papers, or briefs that the Class or Subclass Member wishes the Court to consider, and shall include a reference to the case name and case number.

To file a written statement of objection and any associated documents with the Court, Class or Subclass Members represented by counsel shall use the Court's Electronic Filing System ("ECF") which automatically transmits electronic copies to Class Counsel and Defendant's Counsel. Class or Subclass Members who are not represented by counsel must file any written statement of objection and any associated documents by personal delivery to Office of the Clerk; U.S. District Court for the Southern District of Ohio, Eastern Division; Joseph P. Kinneary U.S. Courthouse, Room 121, 85 Marconi Boulevard; Columbus, Ohio 43215; and by serving

copies of all such filings on Class Counsel and Defendants by email and U.S. Mail as identified below:

| | |
|---|---|
| Thomas N. McCormick<br>Vorys Sater, Seymour and Pease LLP<br>52 East Gay Street<br>Columbus, Ohio 43215<br>tnmccormick@vorys.com<br>(614) 464-6433<br>Counsel for Plaintiffs and the Classes | V. Brandon McGrath<br>Bingham Greenebaum Doll PLLC<br>2350 First Financial Center<br>255 E. Fifth Street<br>Cincinnati, OH 45202<br>bmcgrath@bgdlegal.com<br>(513) 455-7600<br>Counsel for Defendant |

Any Class or Subclass Member who does not timely file and serve a written objection pursuant to the terms set forth above shall be deemed to have waived any objection to the settlement, and any objection that is not timely made shall be barred.

If any Class or Subclass Member who timely files and serves an Objection also wishes to appear at the Final Fairness Hearing, a Notice of Intent to Appear must be filed with the Court and served on Counsel along with the objection. Any Class or Subclass Member who does not timely file and serve a notice of intention to appear pursuant to the terms of this paragraph shall not be permitted to appear, except for good cause shown. Class and Subclass Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval.

To be valid and effective, any objections to approval of the settlement or notice of intention to appear must be filed with the Clerk of the Court and served upon each of the above-listed attorneys by U.S. mail postmarked no later than December 30, 2013.  DO NOT TELEPHONE THE COURT.

**If you intend to object to the settlement, but wish to receive your share of the settlement proceeds, you must timely submit your Claim Form as stated above.  If the Court approves the settlement despite any objections, and you have not submitted your Claim Form, you will not receive any settlement proceeds but will be bound by the terms of the settlement (including the Released Claims described above).**

### 13. How Do I Get Additional Information?

The above is a summary of the basic terms of the settlement.  For the precise terms and conditions of the settlement, you should consult the detailed Settlement Agreement and Release between Plaintiffs and Defendants which is on file with the Clerk of the Court, Case No. 11-cv-00436 and available at www.UrbanActiveLawsuit.com.  The pleadings and other records in this litigation, including the settlement agreement, may be examined at any time during regular business hours at the Office of the Clerk of the United States District Court for the Southern District of Ohio, Eastern Division.  Certain documents are also available at www.UrbanActiveLawsuit.com.

**If you have any questions, you can call the Claims Administrator at (888) 484-2005 or any Class Counsel (see Section 12 for phone numbers.)**

**PLEASE DO NOT WRITE OR TELEPHONE THE COURT OR THE OFFICE OF THE CLERK FOR INFORMATION REGARDING THIS SETTLEMENT OR THE CLAIM PROCESS.**

**BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION**

**Exhibit D**

**GLOBAL FITNESS HOLDINGS, LLC d/b/a URBAN ACTIVE FITNESS CLASS ACTION SETTLEMENT**
**If you signed a gym membership or personal training contract with Global Fitness Holdings, LLC,**
**doing business as "Urban Active Fitness" you may collect money.**

LEGAL NOTICE: Your legal rights are affected.  Read this notice carefully.
*The United States District Court for the Southern District of Ohio authorized this Notice after it preliminarily approved*
*a Class Action Settlement in the case <u>Gascho v. Global Fitness Holdings, LLC</u>, Case No. 11-cv-00436.*

You are receiving this Notice because the records of Global Fitness Holdings, LLC d/b/a Urban Active Fitness ("Urban Active") indicate that you signed a gym membership contract or personal training contract with Urban Active from January 1, 2006, to October 26, 2012, and therefore, you are a Class Member eligible to recover money under a Settlement Agreement.  Several former members alleged in their lawsuit, on behalf of themselves and others similarly situated, breach of contract, unjust enrichment, and violations of state consumer protection laws related to their gym membership and personal training contracts.  Urban Active denies any wrongdoing and makes no admission of liability by agreeing to this settlement.

Class Members that submit a timely and valid Claim Form will receive a Claim Award.  Claim Awards are cumulative.  All Class Members will receive a minimum payment of $5.  In addition, all Class Members who paid a $15 Facility Improvement Fee, Club Administrative Fee, or any other biannual $15 fee to Urban Active on or between April 1, 2009, and October 26, 2012, are members of the "FIF Subclass" and will receive an additional $20.  Also, all Class Members who cancelled a gym membership contract with Urban Active on or between January 1, 2006, and October 26, 2012, are Members of the "Gym Cancel Subclass" and will receive an additional $20.  Last, all Class Members who cancelled a personal training contract with Urban Active on or between January 1, 2006, and October 26, 2012, are members of the "Personal Training Cancel Subclass" and will receive an additional $30.

To qualify for payment, you must complete and return a Claim Form.  To request a Claim Form, you must call the claims administrator at 1-888-484-2005 or you can submit a Claim Form online at www.UrbanActiveLawsuit.com.

You have a choice to stay in this Class Action Lawsuit.  If you submit a Claim Form and receive money, you will release claims against Urban Active and be bound by all orders and judgments of the Court.  If you do nothing, you will not receive any money but your claims against Urban Active will still be released, and you will still be bound by all orders and judgments of the Court.  To remove yourself from the lawsuit, you must file an Opt-Out Request.  If you stay in the lawsuit, you may also object and make a request to appear at the final fairness hearing.  You may hire your own lawyer at your own expense, however you do not have to have a lawyer to appear.  The Court has appointed Thomas McCormick of Vorys, Sater, Seymour and Pease, LLP and Mark Troutman of Isaac, Wiles, Burkholder & Teetor, LLC to represent all Class Members.  The Court has scheduled a final fairness hearing on February 13, 2014 at 10:00 a.m. in Courtroom 228 of the United States District Court for the Southern District of Ohio, Eastern Division, 85 Marconi Blvd., Columbus, OH 43215.  Do not contact either the Court or Urban Active about this settlement.  All settlement information, including instructions on how to file a claim, opt-out, and/or object to this settlement can be found at www.UrbanActiveLawsuit.com, or by contacting the claims administrator at 1-888-484-2005.

DO NOT DELAY:  All Claim Forms must be postmarked by December 30, 2013, or submitted online by 11:59 p.m. Eastern Time on December 30, 2013.

**Call (888) 484-2005 or visit www.UrbanActiveLawsuit.com.**

URBAN ACTIVE SETTLEMENT
C/O DAHL ADMINISTRATION
PO BOX 3614
MINNEAPOLIS MN 55403-0614

PRESORT
FIRST CLASS
U.S. POSTAGE
**PAID**
TWIN CITIES, MN
PERMIT NO 6220

**Exhibit E**

Email Subject:  URBAN ACTIVE FITNESS CLASS ACTION SETTLEMENT

Email Text:

This Notice is for: [Name]
Claimant ID: [12345678]

**If you signed a gym membership or personal training contract with Global Fitness Holdings, LLC, doing business as "Urban Active Fitness" you may collect money. To learn more, read the rest of this email, call (888) 484-2005, or visit www.UrbanActiveLawsuit.com.**

*LEGAL NOTICE: Your legal rights are affected.  Read this notice carefully.  The United States District Court for the Southern District of Ohio authorized this Notice after it preliminarily approved a Class Action Settlement in the case Gascho v. Global Fitness Holdings, LLC, Case No. 11-cv-00436.*

You are receiving this Notice because the records of Global Fitness Holdings, LLC d/b/a Urban Active Fitness ("Urban Active") indicate that you signed a gym membership contract or personal training contract with Urban Active on or between January 1, 2006, and October 26, 2012, and therefore, you are a Class Member eligible to recover money under a Settlement Agreement.  Several former members alleged in their lawsuit, on behalf of themselves and others similarly situated, breach of contract, unjust enrichment, and violations of state consumer protection laws related to their gym membership and personal training contracts.  Urban Active denies any wrongdoing and makes no admission of liability by agreeing to this settlement.

Class Members that submit a timely and valid Claim Form will receive a Claim Award. Claim Awards are cumulative. All Class Members will receive a minimum payment of $5. In addition, all Class Members who paid a $15 Facility Improvement Fee, Club Administrative Fee, or any other biannual $15 fee to Urban Active on or between April 1, 2009, and October 26, 2012, are members of the "FIF Subclass" and will receive an additional $20. Also, all Class Members who cancelled a gym membership contract with Urban Active on or between January 1, 2006, and October 26, 2012, are Members of the "Gym Cancel Subclass" and will receive an additional $20. Last, all Class Members who cancelled a personal training contract with Urban Active on or between January 1, 2006, and October 26, 2012, are members of the "Personal Training Cancel Subclass" and will receive an additional $30.

To qualify for payment, you must complete and return a Claim Form.  To request a Claim Form, you must call the claims administrator at 1-888-484-2005 or you can submit a Claim Form online at www.UrbanActiveLawsuit.com.

You have a choice to stay in this Class Action Lawsuit.  If you submit a Claim Form and receive money, you will release claims against Urban Active and be bound by all orders and judgments of the Court.  If you do nothing, you will not receive any money but your claims against Urban Active will still be released, and you will still be bound by all orders and judgments of the Court. To remove yourself from the lawsuit, you must file an Opt-Out Request.  If you stay in the lawsuit, you may also object and make a request to appear at the final fairness hearing.  You may hire your own lawyer at your own expense, however, you do not have to have a lawyer to appear.  The Court has appointed Thomas McCormick of Vorys, Sater, Seymour and Pease, LLP and Mark Troutman of Isaac, Wiles, Burkholder & Teetor, LLC to represent all Class Members.  The Court has scheduled a final fairness hearing on February 13, 2014 at 10:00 a.m. in Courtroom 228 of the United States District Court for the Southern District of Ohio, Eastern Division, 85 Marconi Blvd., Columbus, OH 43215.  Do not contact either the Court or Urban Active about this settlement.  All settlement information, including instructions on how to file a claim, opt-out, and/or object to this settlement can be found at www.UrbanActiveLawsuit.com, or by contacting the claims administrator at 1-888-484-2005.

DO NOT DELAY:  All Claim Forms must be postmarked by December 30, 2013, or submitted online by 11:59 p.m. Eastern Time on December 30, 2013.

***Call (888) 484-2005 or visit www.UrbanActiveLawsuit.com.***

**Exhibit F**



**GASCHO V. GLOBAL FITNESS SETTLEMENT**
**PUBLICATION NOTICE SCHEDULE**
**JANUARY 21, 2014**

| NEWSPAPER | CITY/AREA OF PUBLICATION | FIRST DATE OF PUBLICATION | SECOND DATE OF PUBLICATION |
|---|---|---|---|
| The Atlanta Journal-Constitution | Atlanta, GA | 11/03/13 | 11/04/13 |
| The Charlotte Observer | Charlotte, NC | 11/03/13 | 11/04/13 |
| The Kentucky Enquirer | Northern KY | 11/03/13 | 11/04/13 |
| The Cincinnati Enquirer | Cincinnati, OH | 11/03/13 | 11/04/13 |
| The Columbus Dispatch | Columbus, OH | 11/03/13 | 11/04/13 |
| The Courier Journal | Louisville, KY | 11/02/13 | 11/03/13 |
| The Dayton Daily News | Dayton, OH | 11/03/13 | 11/04/13 |
| The Lexington Herald-Leader | Lexington, KY | 11/03/13 | 11/04/13 |
| The Omaha World-Herald | Omaha, NE | 11/03/13 | 11/04/13 |
| The Pittsburgh Post-Gazette | Pittsburgh, PA | 11/03/13 | 11/04/13 |
| The Plain Dealer | Cleveland, OH | 11/03/13 | 11/04/13 |
| The Tennessean | Nashville, TN | 11/03/13 | 11/04/13 |
| The Toledo Blade | Toledo, OH | 11/03/13 | 11/04/13 |

**Exhibit G**

**GLOBAL FITNESS HOLDINGS, LLC d/b/a URBAN ACTIVE FITNESS CLASS ACTION SETTLEMENT**

**If you signed a gym membership or personal training contract with Global Fitness Holdings, LLC,**

**doing business as "Urban Active Fitness" you may collect money.**

<u>**LEGAL NOTICE: Your legal rights are affected.  Read this notice carefully.**</u>

*The United States District Court for the Southern District of Ohio*

*authorized this Notice after it preliminarily approved*

*a Class Action Settlement in the case <u>Gascho v. Global Fitness Holdings, LLC</u>, Case No. 11-cv-00436.*

If you signed a gym membership or personal training contract with Global Fitness Holdings, LLC d/b/a Urban Active Fitness ("Urban Active") from January 1, 2006, to October 26, 2012, you are a Class Member eligible to recover money under a Settlement Agreement.  Several former members alleged in their lawsuit, on behalf of themselves and others similarly situated, breach of contract, unjust enrichment, and violations of state consumer protection laws related to their gym membership and personal training contracts.  Urban Active denies any wrongdoing and makes no admission of liability by agreeing to this settlement.

Class Members that submit a timely and valid Claim Form will receive a Claim Award.  Claim Awards are cumulative. All Class Members will receive a minimum payment of $5.  In addition, all Class Members who paid a $15 Facility Improvement Fee, Club Administrative Fee, or any other biannual $15 fee to Urban Active on or between April 1, 2009, and October 26, 2012, are members of the "FIF Subclass" and will receive an additional $20.  Also, all Class Members who cancelled a gym membership contract with Urban Active on or between January 1, 2006, and October 26, 2012, are Members of the "Gym Cancel Subclass" and will receive an additional $20.  Last, all Class Members who cancelled a personal training contract with Urban Active on or between January 1, 2006, and October 26, 2012, are members of the "Personal Training Cancel Subclass" and will receive an additional $30.

To qualify for payment, you must complete and return a Claim Form.  To request a Claim Form, you must call the claims administrator at     1-888-484-2005 or you can submit a Claim Form online at www.UrbanActiveLawsuit.com.

You have a choice to stay in this Class Action Lawsuit.  If you submit a Claim Form and receive money, you will release claims against Urban Active and be bound by all orders and judgments of the Court.  If you do nothing, you will not receive any money but your claims against Urban Active will still be released, and you will still be bound by all orders and judgments of the Court.  To remove yourself from the lawsuit, you must file an Opt-Out Request.  If you stay in the lawsuit, you may also object and make a request to appear at the final fairness hearing.  You may hire your own lawyer at your own expense, however you do not have to have a lawyer to appear.  The Court has appointed Thomas McCormick of Vorys, Sater, Seymour and Pease, LLP and Mark Troutman of Isaac, Wiles, Burkholder & Teetor, LLC to represent all Class Members.  The Court has scheduled a final fairness hearing on February 13, 2014 at 10:00 a.m. in Courtroom 228 of the United States District Court for the Southern District of Ohio, Eastern Division, 85 Marconi Blvd., Columbus, OH 43215.  Do not contact either the Court or Urban Active about this settlement.  All settlement information, including instructions on how to file a claim, opt-out, and/or object to this settlement can be found at www.UrbanActiveLawsuit.com, or by contacting the claims administrator at 1-888-484-2005.

DO NOT DELAY: All Claim Forms must be postmarked by December 30, 2013, or submitted online by 11:59 p.m. Eastern Time on December 30, 2013.

*Call (888) 484-2005 or visit www.UrbanActiveLawsuit.com.*

**Exhibit H**

Email Subject:  REMINDER: URBAN ACTIVE FITNESS CLASS ACTION SETTLEMENT

Email Text:

This Notice is for: [Name]
Claimant ID: [12345678]

On October 30, 2013, you were mailed a Notice Postcard and emailed an electronic Notice regarding the Class Action Settlement in *Gascho v. Global Fitness Holdings, LLC, Case No. 11-cv-00436,* filed in the United States District Court for the Southern District of Ohio.  The Notice Postcard and electronic Notice contained information about a proposed settlement, the monetary award you are entitled to, and your options regarding participation in the settlement before the Court decides whether to finally approve the settlement.

To learn more, read the rest of this email, call (888) 484-2005, or visit www.UrbanActiveLawsuit.com.

You received these Notices because records show that you signed a gym membership or personal training contract with Global Fitness Holdings, LLC, doing business as "Urban Active Fitness," and therefore, you are eligible to collect some or all of the Claim Awards described below.  Claim Awards are cumulative, meaning you may recover the Claim Award for each category in which you qualify.  If you qualify under the Class and all Subclasses you will recover $75.00.  You can only qualify once under each category.

| Class/Subclass | Claim Award | Definition/Requirements |
|---|---|---|
| The "Class" | $5.00 | Signed a gym membership contract or personal training contract with Urban Active on or between January 1, 2006, and October 26, 2012 |
| The "FIF Subclass" | $20.00 | Paid a $15 Facility Improvement Fee, Club Administrative Fee, or any other biannual $15 fee to Urban Active on or between April 1, 2009, and October 26, 2012. |
| The "Gym Cancel Subclass" | $20.00 | Cancelled a gym membership contract with Urban Active on or between January 1, 2006, and October 26, 2012. |
| The "Personal Training Cancel Subclass" | $30.00 | Cancelled a personal training contract with Urban Active on or between January 1, 2006, and October 26, 2012. |

**If you wish to participate in this settlement and receive a monetary award, you must call (888) 484-2005 and request a Claim Form.  You may also submit a Claim Form online at www.UrbanActiveLawsuit.com.**

DO NOT DELAY:  All Claim Forms must be postmarked or submitted online by 11:59 P.M. EST on December 30, 2013.

***Call (888) 484-2005 or visit www.UrbanActiveLawsuit.com.***

# Exhibit I







**Exhibit J**

**GASCHO v. GLOBAL FITNESS SETTLEMENT**

**VALID REQUESTS FOR EXCLUSION**

| NAME | ADDRESS | CITY | STATE | ZIP |
|------|---------|------|-------|-----|
| Esther Alcaina | 7644 Lyon Street | San Francisco | CA | 94115 |
| David Leonard | 160 Wentworth Avenue | Cincinnati | OH | 45220 |
| Rachel Robinson | 702 Juliet Drive | Mount Juliet | TN | 37122 |
| Richard Whitmore | 3229 Lakeshore Drive | Old Hickory | TN | 37138 |
| Sara Turney | 3921 Clareridge Drive, Unit B | Toledo | OH | 43623 |
| James Wayne Phillips | 7927 Fields Ertel Road | Cincinnati | OH | 45249 |
| Mindy Jeanne Smith | 832 Central Avenue | Newport | KY | 41071 |
| Amy Samuels | 7001 Simmons Church Road | Centerbury | OH | 43011 |
| Michelangelo Samuels | 7001 Simmons Church Road | Centerbury | OH | 43011 |
| Darren Strickland | 2000 Kitty Hawk Drive | Xenia | OH | 45385 |
| Lora Eggers | 119 Sherman Ave | Lexington | KY | 40502 |
| Stacie Lynn Buck | 900 Barton St. Apt 302 | Fredericksburg | VA | 22401 |
| Russell Goetz | 3077 Regent St. | Kettering | OH | 45409 |
| Lydia Boehler | 350 N. Walnut St | Galena | OH | 43021 |
| William Johnston | 1925 Harrison Park Dr. | Atlanta | GA | 30341 |
| Christina Dubell | 1220 Patterson Rd, Apt 4 | Dayton | OH | 45420 |
| Kristi Holland | 5207 John Hager Rd | Hermitage | TN | 37076 |
| Peggy Rensing | 3121 Lawrence Dr. | Edgewood | KY | 41017 |
| Erin Cameron | 28 Gleason Circle | East Rochester | NY | 14445 |
| Keith T. Hinshaw | 7362 Africa Rd | Galena | OH | 43021 |
| Elsie L. Hinshaw | 7362 Africa Rd | Galena | OH | 43021 |
| Alice Ta | 2144 Forge Ridge Circle | Nashville | TN | 37217 |
| Lauren Hinds | 8130 Timothy Lane | Sylvania | OH | 43560 |
| Sofia Alvarez | 1136 Mallard Creek Rd | Louisville | KY | 40207 |
| Miguel Cossio | 1136 Mallard Creek Rd | Louisville | KY | 40207 |
| Robin Estelle Sullender | 601 Mary Ingles Hwy, PO Box 228 | Melbourne | KY | 41059 |
| Marsha A. Schneider | 5639 Davis Rd | Whitehouse | OH | 43571 |
| Helyn Teepe | 7601 Sheed Rd | Cincinnati | OH | 45247 |
| Morgan Crawley | 11155 E. Alameda Ave, Apt 201 | Aurora | CO | 80012 |
| Kristen Thomas | 6391 Glenhurst Dr, Apt 8 | Maumee | OH | 43537 |
| Andrew Marcotte | 7067 South Lane | Waite Hill | OH | 44094 |
| Claire Moon | 211 Detriot Blvd | Xenia | OH | 45385 |
| Patricia A. Blackwell | 4640 Porter Road | North Olmsted | OH | 44070 |
| Alexander Poli | 3413 Floral Run Court | Cincinnati | OH | 45239 |
| Carolyn Sue Leaf | 5095 Shepard Lane | Lexington | KY | 40515 |
| Crystal Marie Dixon | 2145 Quarry Valley Rd | Columbus | OH | 43204 |
| Daniel Marshall Dixon | 2145 Quarry Valley Rd | Columbus | OH | 43204 |
| Anna Brehl | 4645 Orwell Drive | Columbus | OH | 43220 |
| Anjek Stough-Hunter | 806 Breezedale Pl | Columbus | OH | 43213 |
| Gerald Irineo Acacio | 817 Delmead Drive | Galloway | OH | 43119 |
| Neelima Roy Gautam | 2515 Calhoiun Rd, Apt # 211 | New Berlin | WI | 53151 |
| Sherry Scott | 9351 C Round Top Road | Cincinnati | OH | 45251 |
| David Lee Hockensmith | 320 11th Ave S, Apt # 316 | Nashville | TN | 37203 |
| Michael James Allen | 9973 Darrow Park Road, Apt # 218C | Twinsburg | OH | 44087 |
| Ashley Taylor | 3506 Duck Pond Dr NE | Conover | NC | 28613 |

**GASCHO v. GLOBAL FITNESS SETTLEMENT**

**VALID REQUESTS FOR EXCLUSION**

| NAME | ADDRESS | CITY | STATE | ZIP |
|------|---------|------|-------|-----|
| Tina Jadhav | 2795 Peachtree Rd NE, Unit 407 | Atlanta | GA | 30305 |
| Esther Cheng | 3622 Brookstone Dr., Apt D | Cincinnati | OH | 45209 |
| Atul Singla | 35 Broadway Village Dr, Apt G | Columbia | MO | 65201 |
| Drew Stephen Meyer | 1220 Chambers Rd, Apt 402A | Columbus | OH | 43212 |
| Moon Keller | 175 E Longview Ave | Columbus | OH | 43202 |
| Jeremy L. Smith | 106 Alice Dr | Lawrenceburg | KY | 40342 |
| NaShante Bell | 1526 Forestbrook Lane | Painesville | OH | 44077 |
| Kaylea Renee Thresher | 6926 Urban Barn Drive | New Albany | OH | 43054 |
| Valerie Harmon | 672 Cherryhill Ct E, Apt 2 | Columbus | OH | 43228 |
| Sue Rixman | 5910 DeWitt Dr | Louisville | KY | 40258 |
| Donna M. Cottrell | 33284 Fairport Drive | Avon Lake | OH | 44012 |
| Carol L Rixman | 5211 Kaffir, Apt 3 | Louisville | KY | 40258 |
| Daniel Patrick Micaletti | 920 Ashbrooke Way, Apt 1115 | Knoxville | TN | 37923 |
| Valerie Lee Brickner | 1851 Kettle Run Court | Perrysburg | OH | 43551 |
| Regina Forster | 1112 Morning Side Dr | Lexington | KY | 40509 |
| Julia Schwenk | 1112 Morning Side Dr | Lexington | KY | 40509 |
| Andreas Schmitz | 1112 Morning Side Dr | Lexington | KY | 40509 |
| Rebecca Huber | 3250 Nandale Dr, #1 | Cincinnati | OH | 45239 |
| Cathleen Janos | 52 Orchard Lane | Columbus | OH | 43214 |
| Pamela A. Semer | 202 Rosie Ave | Pataskala | OH | 43062 |
| Leah M. Carlyle | 1360 Dublin Rd, Apt #8 | Columbus | OH | 43215 |
| Tracy Ann Bellamy | 5039 N. 144th Ave | Omaha | NE | 68116 |
| Lee Cross | 6129 W. Pembridge Dr | Toldeo | OH | 43615 |
| Kylie Cross | 6129 W. Pembridge Dr | Toldeo | OH | 43615 |
| Whitney M Wilbert | 8209 Pandorea Drive | Louisville | KY | 40258 |
| Helen Y. How | 5989 Country Hills Drive | Cincinnati | OH | 45233 |
| Jeffery Moore | 1105 Oakway Court | Nashville | TN | 37214 |
| Omar Nash | 6837 Bantry Ave | Cincinnati | OH | 45213 |
| Steve Zadiraka | 4302 Madeira Court | Sarasota | FL | 34233 |
| Maria Christina Bruch | 2632 Charney Rd | University Height | OH | 44118 |
| Tanya Baker | 1709 Montwood Lane | Louisville | KY | 40272 |
| Danette Green | 514 Peaceful Way | Shepherdsville | KY | 40165 |
| Carolyn Odelli | 4302 Madeira Court | Sarasota | FL | 34233 |
| Shandrea R. Reed | 5810 Arvis Drive | Louisville | KY | 40258 |
| Samantha Ferneding | 337 E. Sycamore St | Columbus | OH | 43206 |
| Taylor M Medeiros | 364 Clearwater Dr. | Nashville | TN | 37217 |
| Matthew Lee Moore | 1717 Woodland Street | Nashville | TN | 37206 |
| Lindsey Krauss | 2322 Benning Dr | Powell | OH | 43065 |
| Adria Haley | 2414 Branch Street | Nashville | TN | 37216 |
| Katherine Kozak | 1408 Lake Shore Drive, Unit C | Columbus | OH | 43204 |
| Mohammed Taj Hejazi | 13247 Roachton Road, Apt 2 | Perrysburg | OH | 43551 |
| William B. Richards | 1262 Pond Hallow Lane | New Albany | OH | 43054 |
| Katelyn Keighley | 3304 Renwood Blvd, Apt 304 | Louisville | KY | 40214 |
| Christopher Marrow | 462 Ewing Drive | Nashville | TN | 37207 |
| Victoria Moore | 1105 Oakway Court | Nashville | TN | 37214 |