# UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION (COLUMBUS)

| | |
|---|---|
| AMBER GASCHO, *et al.,* | |
| Plaintiffs, | Case No. 2:11-cv-436 |
| v. | Judge Smith |
| | Magistrate Judge King |
| GLOBAL FITNESS HOLDINGS, LLC, | |
| Defendants. | |

## RESPONSE OF JOSHUA BLACKMAN IN OPPOSITION TO DEFENDANT'S MOTION TO STRIKE

*/s/ Adam E. Schulman*
Adam E. Schulman (admitted *pro hac vice*)
CENTER FOR CLASS ACTION FAIRNESS
1718 M Street NW
Washington, DC 20036
Phone: (610) 457-0856
Email: shuyande24@gmail.com

*/s/ Theodore J. Froncek*
Theodore J. Froncek
1208 Sycamore Street
Cincinnati, Ohio 45202
Phone: (513) 241-5670
Fax: (513) 929-3473
Email: tjfroncek@fuse.net

*Attorneys for Objector Joshua Blackman*

Objector Joshua Blackman opposes defendant Global Fitness's motion to strike (Dkt. 125) ("Motion") his objection.

Defendant's basic argument is that Blackman is not a class member, and thus does not have standing to object. Astoundingly, it makes this contention without once referring to the actual class definition. "[A]ll individuals who signed a gym membership or personal training contract with Defendant during the Class Period which is January 1, 2006, to October 26, 2012" are class members. Preliminary Approval Order (Dkt. 111) ("PAO") at 3; *accord* Settlement Agreement (Dkt. 97-1) §§2.8, 6.1.1. By defendant's own account, Blackman "signed a [gym] membership agreement on August 16, 2011." Motion 2. Thus, by the most basic categorical syllogism, Blackman is a class member. Blackman has standing to object and defendant's motion must be denied.

Blackman's cancellation means that he is also a member of the subclass of "all Class Members who cancelled their gym membership contract." PAO at 3; Settlement Agreement §6.1.3. Nonetheless, defendant theorizes that Blackman's cancellation two days after he signed the membership contract, pursuant to the Kentucky Health Spa Act (KRS § 367.910(3)), effectively rescinded the contract. From this, defendant concludes that Blackman never signed a membership contract in the first place. Defendant is twice mistaken.

First, defendant offers no support that cancellation under KRS § 367.910(3) effectuates a rescission. Defendant concedes that § 367.910(3) uses the language of "cancel[lation]" not "rescinding" or "rescission." Motion 3; *accord* Membership Agreement (Dkt. 125-1) (describing consumer's basic right to cancellation within three days and additional rights of cancellation later). Defendant also concedes that cancellation is something other than rescission under Kentucky law. *Id.* (quoting *Progressive N. Ins. Co. v.*

*Corder*, 15 S.W.3d 381, 383 (Ky. 2000)). But merely because § 367.910(3) entitles consumers to a refund, the defendant declares Blackman's cancellation to be a rescission. Section 367.910(3) does implement a specific refund remedy: "All money collected pursuant to the contract shall be refunded to the purchaser exercising the right to cancel." But that is the terminology of restitution, defined as "a return or restoration of what the defendant has gained in a transaction." 1 Dan B. Dobbs, Law of Remedies 551 (2d ed. 1993). It is not the terminology of rescission.

We know this because the Kentucky legislature employed terminology more similar to rescission in § 367.912(1) of the Health Spa Act. "Any contract which does not comply with the applicable provisions of KRS 367.900 to 367.930 shall be void and unenforceable as contrary to public policy." § 367.912(1). As defendant suggests, being void *ab initio* is a hallmark of rescission. Motion 2. Here, the fact that the legislature used the language of voidness in §367.912(1) but not in §367.910(3) calls for invoking the statutory interpretative presumption of meaningful variation. *See* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 170 (2012) ("a material variation of terms suggests a variation in meaning."). "Where [a legislature] includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that [it] acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (holding that if Congress intended to apply a specific restriction to a subsection, "it presumably would have done so expressly as it did in the immediately following subsection.") (internal quotation omitted); *see also Lindh v. Murphy*, 521 U.S. 320, 330 (1997) (noting that "negative implications raised by disparate provisions are strongest when the portions of a statute treated differently had already been joined together and were being considered simultaneously when the language raising the

implication was inserted.") The only reasonable conclusion here is that the right of cancellation under §367.910(3) is not a right of rescission.

Let's briefly assume *arguendo* that defendant is correct that Blackman's letter of cancellation was a "rescission." Perhaps it would follow from that that "Blackman should not be considered to be a former 'member' of Global Fitness." Motion 3. But this conclusion has no relevance to the disposition of defendant's motion, because the question here is whether Blackman "signed a gym membership . . . contract." Settlement § 6.1.1. Regardless of whether the resulting contract was void, the doctrine of rescission does not undo Blackman's physical act of putting pen to paper on August 16, 2011. As defendant has acknowledged, he did exactly that. Motion 2.

Thus, from any point of view, Blackman is a class member who has standing to object to any undesired settlement agreement that purports to release his claims. Fed. R. Civ. P. 23(e)(5) ("Any class member may object to the proposal . . . ."); *see also Devlin v. Scardelletti*, 536 U.S. 1, 6-7 (2002) (ability of objecting class member to appeal settlement approval "does not implicate the jurisdiction of the courts under Article III of the Constitution"); *id.* at 7 (an objector's "complaint clearly falls within the zone of interests of the requirement that a settlement be fair to all class members"); *Union Asset Mgmt. v. Dell, Inc.*, 669 F.3d 632, 638-39 (5th Cir. 2012) ("Any class member has standing to object to a class settlement.").

Yet, (1) after having drafted the class definition to include Mr. Blackman and those similarly-situated to him, (2) after having sent class notice to them, and (3) after having accepted their claim form submissions, the defendant now protests that Blackman and those who canceled their contracts within three days and were reimbursed have suffered no cognizable injury. Motion 3-4. First, as noted immediately above, the injury from which the right of objection derives is the waiver in the settlement which binds absent class members.

*See* Settlement Agreement § 15 *et seq* (describing the terms of the class release). Consequently, because courts have permitted settling parties to include individuals within class definitions even though those individuals have admittedly suffered no legal injury,[1] at times individuals with no colorable claim will have standing to object.

Yet, given the plaintiffs' theory of this case, Blackman does not concede that he has suffered no underlying injury. The operative complaint alleges a potpourri of injuries, many of which are common to individuals who canceled their contracts within three days and obtained refunds. *See e.g.* Third Amended Complaint (Dkt. 100) ("Complaint") ¶9(a) (". . . misrepresenting the terms, conditions, and availability of its contracts in order to induce consumer to enter such contracts."), ¶9(b) (". . . unconscionably taking advantage of customers' inability to reasonably protect their interests, entering into one-sided agreements, and entering into agreements which Defendant knows the customers will not receive a substantial benefit from."), ¶9(c) (". . . failing to provide customers with a list of available plans; selling membership plans which did not appear on required registration statements; failing to provide consumers with copies of its contracts at the time of signing. . ."), ¶171 (a)-(b). Blackman, and class members like him who canceled within three days, fit firmly within the rubric of the complaint's allegations.

Alternatively, if the defendant's theory is that the full reimbursement means that Mr. Blackman suffered no injury, that theory is also belied by the operative complaint. *See* Complaint 31-32 (Prayer for Relief (a)-(h)) (seeking myriad forms of relief other than restitution, including but not limited to declaratory judgment, rescission, compensation for

---

[1] *See, e.g., Sullivan v. DB Investments*, 667 F.3d 273 (3d Cir. 2011) (*en banc*) (holding that plaintiffs could define the class to include individuals with no colorable claim under federal or state law).

frustration, humiliation, anxiety, and inconvenience, and punitive damages). Defendant explicitly compromised those claims when it structured a settlement to permit Blackman to make a claim in exchange for a waiver of his rights, and Blackman is entitled to object that the settlement unfairly benefits the class counsel at the expense of the class. *In re Dry Max Pampers Litig.*, 724 F.3d 713 (6th Cir. 2013) (striking settlement that unfairly favored class counsel despite consensus that underlying claims were meritless).

For the foregoing reasons, defendant's motion to strike should be denied.

Dated:  February 5, 2014                          Respectfully submitted,


                                                  */s/ Adam E. Schulman*
                                                  Adam E. Schulman (admitted *pro hac vice*)
                                                  CENTER FOR
                                                  CLASS ACTION FAIRNESS
                                                  1718 M Street NW, No. 236
                                                  Washington, DC 20036
                                                  Telephone:  (610) 457-0856
                                                  Email:  shuyande24@gmail.com

                                                  */s/ Theodore J. Froncek*
                                                  Theodore J. Froncek
                                                  Ohio Reg. No.: 016116
                                                  1208 Sycamore Street
                                                  Cincinnati, Ohio 45202
                                                  Phone: (513) 241-5670
                                                  Fax: (513) 929-3473
                                                  Email: tjfroncek@fuse.net


                                                  *Attorneys for Joshua Blackman*

## CERTIFICATE OF SERVICE

    I certify that pursuant to Local Rule 5.2(b), I have filed the foregoing document through the Court's ECF system, which has effectuated service of this Objection upon the following all attorneys of record in this matter.

    I declare under penalty of perjury that the foregoing is true and correct.


Dated: February 5, 2014                         */s/ Adam E. Schulman*
                                                                 Adam E. Schulman