**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **AMBER GASCHO, et al.,** | : | |
| | : | **Case No. 2:11-CV-436** |
| **Plaintiffs,** | : | |
| **v.** | : | **Judge Smith** |
| | : | |
| **GLOBAL FITNESS HOLDINGS, LLC,** | : | **Magistrate Judge King** |
| | : | |
| **Defendant.** | : | |

**REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE OBJECTION OF JOSHUA BLACKMAN**

Defendant Global Fitness Holdings, LLC ("Global Fitness"), by counsel, submits this Reply Memorandum in Support of its Motion to Strike the Objection of Joshua Blackman (Doc. 122).

Blackman is not a class member because he voluntarily rescinded his contract, which means his contract never existed as a matter of law and thus removed him from the defined class. Blackman acknowledges that, to be a member of the class, he must have signed a contract. (Resp., p. 1.) Because Blackman rescinded his contract in in August 2011 by terminating it under KRS 367.910(3), the contract was null and void *in abitio*. As a matter of law, it never existed.

The 3-day cancel provision under KRS 367.910(3) is not restitution because restitution is an equitable remedy to address unjust enrichment. Restitution is "[a] body of substantive law in which liability is based not in tort or contract but on the defendant's unjust enrichment." Black's Law Dictionary p. 1428 (9th. ed. 2004). To succeed on a claim of unjust enrichment, a claimant must prove (a) that a benefit was conveyed upon the defendant at the plaintiff's expense; (2) a resulting appreciation of that benefit by the defendant; and (3) inequitable retention of the benefit

without payment for its value. *See e.g., Collins v. Ky. Lottery Corp.*, 339 S.W.3d 449, 455 (Ky. App. 2012), citing *Jones v. Sparks*, 297 S.W.3d 73, 78 (Ky. App. 2009). No such proof is required to effect the terms of KRS 367.910(3); thus, the remedy under that provision cannot be termed one of restitution.

Instead, termination of the contract under KRS 367.910(3) is rescission because, as set forth in the Memorandum in Support of Motion to Strike:

> A rescission avoids the contract ab initio whereas a cancellation merely terminates the policy as of the time when the cancellation becomes effective. In other words, cancellation of a policy operates prospectively, while rescission, in effect, operates retroactively to the very time that the policy came into existence.

*Progressive N. Ins. Co. v. Corder*, 15 S.W.3d 381, 383 (Ky. 2000). Election under KRS 367.910(3) requires repayment by the health spa of all contract funds regardless of whether there was any use of the gym, effectively returning the parties to the same position as if they had **never entered into a contract**. If election under KRS 367.910(3) was a "cancellation," then the health spa could demand payment for use of its facilities prior to the election under KRS 367.910(3).

As the parties are returned to the same position as if no contract existed, Blackman can be viewed neither as an individual who signed a membership contract nor one who cancelled the same. Thus, he is not a class member and lacks standing to object to the settlement agreement.

For the foregoing reasons, and for the reasons set forth in the Memorandum in Support of Motion to Strike, the Court should strike the Objection filed by Blackman and preclude Blackman's participation in the fairness hearing set for February 13, 2014.

*s/ V. Brandon McGrath*
V. Brandon McGrath (0072057)
Counsel for Defendant Global Fitness Holdings, LLC
BINGHAM GREENEBAUM DOLL LLP
255 E. Fifth Street, 2350 First Financial Center
Cincinnati, Ohio 45202
(513) 455-7641
(513) 762-7941 (fax)
bmcgrath@bgdlegal.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that foregoing was filed with the Court's ECF system on February 11, 2014, which will send notification of this filing to the registered parties.

*s/ V. Brandon McGrath*
Attorney for Defendant

15140265_2.docx