## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**AMBER GASCHO**, *et al.*,
**on behalf of themselves and all**
**others similarly situated,**

        **Plaintiffs,**

                                 **Case No. 2:11-CV-00436**
                                 **JUDGE SMITH**
    **v.**                                  **Magistrate Judge King**

**GLOBAL FITNESS HOLDINGS, LLC,**

        **Defendant.**

### OPINION AND ORDER

On April 4, 2014, the United States Magistrate Judge issued a Report and Recommendation finding that the Settlement Agreement is fair, reasonable, and adequate and recommending that the Settlement Agreement be finally approved by the Court and the action be dismissed with prejudice. (*See Report and Recommendation*, Doc. 141). The parties were advised of their right to object to the Report and Recommendation. This matter is now before the Court on the Objections of Joshua Blackman to the Magistrate Judge's Report and Recommendation (Doc. 142); and the Objections of Robert and April Zik and James Michael Hearon to the Magistrate Judge's Report and Recommendation (Doc. 143). The Objections are fully briefed and ripe for disposition. For the reasons that follow, the Court **OVERRULES** the objections and **AFFIRMS** the Magistrate Judge's Report and Recommendation.

### I.    BACKGROUND[1]

On April 13, 2011, Plaintiffs initiated this class action against Defendant Global Fitness Holdings, LLC, formerly doing business as Urban Active ("Global Fitness"), in the Court of Common Pleas for Franklin County, Ohio. In May 2011, Defendant Global Fitness removed the

---

[1] The factual and procedural history of this case has been set forth in detail in prior decisions by this Court, as well as the Magistrate Judge's Report and Recommendation. That information is hereby incorporated by reference herein and is summarized, restated, and supplemented as necessary to resolve the pending objections.

case to this Court.  Defendant, Global Fitness, is a Kentucky limited liability corporation that operated fitness facilities in Ohio, Kentucky, Georgia, Nebraska, North Carolina, Pennsylvania, and Tennessee until October 2012, when it sold all of its assets to Fitness and Sports Clubs, LLC, doing business as LA Fitness.  Plaintiffs are residents of Ohio who entered into membership and/or personal training, child care, and/or tanning contracts at Global Fitness's Ohio Urban Active gym facilities.  Plaintiffs allege that they were financially wronged as members of Urban Active fitness clubs in Ohio.

On September 12, 2013, the parties involved in this case executed a settlement agreement.  On September 18, 2013, the parties then filed a Joint Motion for an Order Preliminarily Approving the Class Action Settlement, Preliminarily Certifying a Class and Subclasses for Settlement Purposes, Appointing Class Representatives, Appointing Class Counsel, Approving and Directing the Issuance of a Class Notice, and Scheduling a Final Fairness Hearing (Doc. 97).  On September 30, 2013, the Court preliminarily approved the proposed settlement, preliminarily certified a class and subclasses for settlement purposes, appointed lead counsel for the class, approved and directed the issuance of notice to the class, and referred the matter to the undersigned for a fairness hearing

> to determine (a) whether the proposed settlement of the action on the terms and conditions set forth in the Settlement Agreement is fair, reasonable, and in the best interest of the Classes and Subclasses and should be finally approved by the Court; (b) whether the Class and Subclasses should be finally certified for settlement purposes; (c) whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement; (d) whether Settling Plaintiffs should be bound by the release set forth in the Settlement Agreement; (e) whether and in what amount Class Counsel should be awarded fees and reimbursement of expenses, (f) whether and in what amount the Class Representatives shall be awarded the Class Representative Enhancement Payments, (g) and to rule on any other matters the Court may deem appropriate.

(*See* Preliminary Approval Order, Doc. 111, at 5).  Additionally, in this preliminary order, the Court referred the Fairness Hearing to Magistrate Judge King to be held on February 13, 2014. Objections were filed by Robert and April Zik and James Michael Hearon, on behalf of themselves and a class of similarly situated individuals (collectively "Zik/Hearon Objectors")

2

(Doc. 118); and Joshua Blackman (Doc. 122).  The objectors appeared at the Fairness Hearing.

On April 4, 2014, Magistrate Judge King issued a Report and Recommendation recommending

that the Settlement Agreement be finally approved by the Court based on her findings that the

terms and conditions of the Settlement Agreement are fair, reasonable, adequate, and in the best

interest of the Class and Subclasses.  The Report and Recommendation further recommends final

certification of the Class and Subclasses, that the action be dismissed with prejudice, that Class

Counsel be awarded reasonable attorneys fees and reimbursement of expenses in the amount of

$2,390,000, and that Class Representatives be awarded the Class Representative Enhancement

Payments in the amounts specified in the Settlement Agreement.  Finally, the Report and

Recommendation recommends denial of the Motion to Strike the Objection of Joshua Blackman

(Doc. 125).[2]

Both Joshua Blackman and the Zik/Hearon Objectors also filed objections to the

Magistrate Judge's Report and Recommendation.  Those objections are now ripe for decision.

## II.      STANDARD OF REVIEW

When objections are received to a report and recommendation on a dispositive matter, the

District Judge "shall make a *de novo* determination of those portions of the report or specified

proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).

After review, the District Judge "may accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate.  The judge may also receive further evidence or

recommit the matter to the magistrate with instructions."  *Id.*  General objections are insufficient

to preserve any issues for review; "[a] general objection to the entirety of the magistrate's report

has the same effects as would a failure to object."  *Howard v. Secretary of Health and Human

Services*, 932 F.2d 505, 509 (6th Cir. 1991).

---

[2] Global Fitness moved to strike Blackman's objections on the basis that he lacked
standing.  Blackman signed a membership agreement at a Global Fitness in Louisville,
Kentucky, but then rescinded the contract pursuant to a three-day cancellation provision.
However, at the Fairness Hearing, Global Fitness conceded that because he signed a membership
agreement, he was technically part of the class as defined in the Settlement Agreement.

### III.    DISCUSSION

Joshua Blackman and the Zik/Hearon Objectors (collectively "the Objectors") object to the findings of Magistrate Judge King in the Report and Recommendation, asserting that it should not be approved because the proposed settlement is not fair to the entire class.  Plaintiffs and Defendant respond that the seventy-nine page Report and Recommendation is fair, reasonable, and adequate, and complies with the requirements of Rule 23 of the Federal Rules of Civil Procedure.  Plaintiffs and Defendant assert that the Objectors are raising the same unsupported arguments raised during the Fairness Hearing.  Most of these objections have already been considered and dismissed by the Magistrate Judge; nonetheless, the Court will consider them in turn.

####    A.    Objections of Joshua Blackman

Objector, Joshua Blackman, reasserts ten objections to the Report and Recommendation. He essentially provides bullet point objections, with very little argument as to how the detailed analysis in the Report and Recommendation is incorrect.  He reincorporates by reference his objections filed prior to the Fairness Hearing.  In these objections, he relies on two distinguishable cases: *In re Dry Max Pampers Litigation*, 724 F.3d 713 (6th Cir. 2013), and *In re Bluetooth Headset Products Liability Litigation*, 654 F.3d 935 (9th Cir. 2001).  The Report and Recommendation carefully considered and ultimately distinguished each of these cases from the case at bar.

Mr. Blackman's first two objections regard the reaction of absent class members and the public interest.  Blackman asserts that it was legal error for the Magistrate Judge to find the settlement is fair when the objections were "vigorously presented and pursued." *(Report and Recommendation* at 38-39).  Blackman relies on *Pampers*, citing that the court reversed settlement approval when three class members objected.  The Magistrate Judge in this case did acknowledge the vigorous representation of the objectors in this case, but further held that "the Court nevertheless concludes that the number of objectors and opt-outs in relation to the size of

4

the class supports a finding that the *Settlement Agreement* is fair, reasonable, and adequate."
(*Report and Recommendation* at 39).  This finding was reasonable as other courts have held that
when there are few objections filed, an inference can be drawn that most of the class members do
not have a problem with the proposed settlement.  *See Hainey v. Parrott*, 617 F. Supp. 2d 668,
675 (S.D. Ohio 2007) (Beckwith, J.) ("Generally, however, a small number of objections,
particularly in a class of this size, indicates that the settlement is fair, reasonable and adequate.");
*see also In re Delphi Corp. Sec., Derivative & "ERISA" Litigation*, 248 F.R.D. 483, 500 (E.D.
Mich. 2008) ("If only a small number [of objections] are received, that fact can be viewed as
indicative of the adequacy of the settlement.").  Blackman even acknowledges the public interest
for settlement of complex litigation.  He fails to show how it is outweighed by his allegation of
"red carpet treatment to attorneys."  (Blackman Objections at 1).

Next, Blackman objects on the grounds that preferential treatment has been afforded to
class counsel.  Blackman disagrees with the Report and Recommendation finding that fees paid
to class counsel are reasonable because they were engaged in vigorous litigation for two and
one-half years and the settlement actually involves cash pay-outs to the claimants.  Blackman
asserts that regardless of how much time is spent litigating, it does not justify a settlement that
"is disproportionately slanted in favor of counsel and against their clients."  (Blackman
Objections at 2).  Again, Blackman relies on *Pampers*, but the Report and Recommendation
clearly distinguishes this case from *Pampers*.  The Sixth Circuit in *Pampers* reversed the trial
court's approval of a class settlement because it gave preferential treatment to class counsel but
only perfunctory relief to unnamed class members.  *Pampers*, 724 F.3d at 721.  The class
counsel in *Pampers* didn't do nearly the work of class counsel in the case at bar yet were
awarded $2.72 million in fees.  Further, the class members in *Pampers* were only awarded
injunctive relief and not significant monetary payments like in this case.  Again, the findings in
the Report and Recommendation are reasonable, and no preferential treatment has been afforded
to class counsel.

Blackman's next objections are to the inclusion of the clear sailing clause and kicker provision in the Settlement Agreement, objections he raised at the Fairness Hearing arguing the mere presence of these provisions render the Settlement Agreement unfair.  The Court, however, disagrees with Blackman's arguments and finds the Magistrate Judge's analysis accurate.  Because the Settlement Agreement provides for immediate and substantial cash payments to class members, the risk of collusion associated with a clear sailing provision is diminished.  Further, because the parties negotiated reasonable attorneys' fees, the class will not be deprived of any benefit by the inclusion of a kicker provision.  These provisions are included for purpose of finality and risk avoidance.

Next, Blackman objects to the Class Representatives Enhancement Payments.  Again, this objection was thoroughly considered and addressed in the Report and Recommendation.  The Magistrate Judge carefully set forth the concerns raised by courts with respect to these enhancements.  The enhancements in this case were tailored to each of the Class Representatives time and effort in this case.  Accordingly, the Court does not find any error in the findings by the Magistrate Judge.

Blackman next takes issue with the claims process of the Settlement Agreement, as opposed to remitting settlement payments to known, eligible class members.  Plaintiffs argue, and the Court agrees, that the Objectors misconstrue the Dahl testimony at the Fairness Hearing.  Though Dahl testified that "90.8 percent of the Postcard Notices were delivered," he clarified that there is "no way of definitively saying they actually reached the class member."  *(Report and Recommendation* at 61).  Further, there was testimony that the data was outdated and unreliable.

Blackman's final objections all relate to the attorneys' fees to be paid to Class Counsel pursuant to the Settlement Agreement.  Specifically, he objects that the division of fees between the two lead firms was not disclosed prior to the objection deadline.  He objects to the lodestar method of calculation of fees as opposed to the percentage of recovery method.  And he objects

6

to using the mid-point approach to determine the denominator from which the fee is taken.

First, with respect to division of fees between the two firms comprising Class Counsel, Plaintiffs argue, and the Court agrees that how the firms divide the work and ultimately the fees, is irrelevant to the fairness and reasonableness of the Settlement Agreement. The Magistrate Judge discussed in detail the requirements of Rule 23 and found that all the applicable requirements were satisfied. Further, the Magistrate Judge noted that there was no prejudice to the objectors because the disclosure was made well in advance of the Fairness Hearing.

Next, the Magistrate Judge carefully considered each of these objections. Blackman is concerned that the attorney fee award is greater than the total payments to the Class. The Magistrate Judge found, however, that the lodestar method was appropriate and noted that the Class Counsel originally took this case on a contingency fee basis with the risk of not being compensated. The Magistrate Judge concluded, and the Court agrees, that "limiting an award to a percentage of the actual recovery by Allowed Claimants, as Blackman suggest, could dissuade counsel from undertaking similar consumer class actions in the future." *(Report and Recommendation* at 71). Further, the fee in this case was reasonable and the method appropriate, "where, as here, the results achieved are substantial, the interest in fairly compensating counsel for the amount of work done is great." (*Id*.).

Finally, with respect to using the mid-point approach, the Magistrate Judge thoroughly analyzed the applicable case law, including *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) and *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766 (N.D. Ohio 2010), and held that "the mid-point method adopted in *Lonardo* will sufficiently protect the interests of the class against the risk of the actual distribution being misallocated between attorneys' fees and the class recovery, while at the same time adhering to the principle of *Boeing* that the right to share in the harvest of the lawsuit is a benefit to the class. *See Boeing*, 44 U.S. at 480." (*Report and Recommendation* at 76-77).

As set forth above, all of Mr. Blackman's Objections to the Magistrate Judge's Report

and Recommendation are hereby **OVERRULED**.

### B.    Objections of Zik/Hearon

The Zik/Hearon Objectors raise many of the same objections asserted by Mr. Blackman, including the objection to using a claims process as opposed to a direct payout, the reaction of the class, and preferential treatment to Class Counsel.  The Magistrate Judge addressed each of these issues in her Report and Recommendation and the Court has considered both Blackman and the Zik/Hearon objections on each of these issues and those objections were overruled.

The Court will consider the following objections by the Zik/Hearon Objectors in turn: that the Settlement Agreement does not adequately represent the entire class; that the Proposed Settlement Agreement and Plaintiffs' position here is contrary to their position when objecting to the *Seeger* settlement; that the release is overbroad; that there has been collusion by Class Counsel; and that the Zik/Hearon Objectors and their counsel should be awarded attorneys fees and incentive awards.

The first objection is that the Plaintiffs fail to adequately address the Class, including the Ziks.  They assert that Plaintiffs' claims are not common or typical of the Class' claims or common issues.  The Ziks assert that they were charged a cancellation fee of $10 that was not included in their membership agreement, and the contract only provided for dues to be charged for one month post cancellation, whereas the Class Plaintiffs had contracts that expressly provided for dues to be charged for two months post cancellation, plus a $10 cancellation fee.

All of the arguments raised in support of this objection were carefully considered by the Magistrate Judge in the Report and Recommendation.  The Court does not find any error in the analysis.  Rule 23(a)(3) requires the Class Plaintiffs' claims be typical, not identical to all the class members' claims.  *See Prater v. Ohio Educ. Ass'n*, 2008 U.S. Dist. LEXIS 88511, *9 (S.D. Ohio June 26, 2008) (Sargus, J.) ("The claims of the named plaintiffs and the absent members must be typical, not identical or homogeneous."); *Jenkins v. Hyundai Motor Fin. Co.*, 2008 U.S.

Dist. LEXIS 23073, *17 (S.D. Ohio March 24, 2008) (Sargus, J.) (same).  Further, if the Ziks

believed that their compensation was inadequate, they could have chosen to opt-out of the class

to protect their rights.  *See Cobell v. Salazar*, 679 F.3d 909, 920 (D.C. Cir. 2012) (holding that

"any . . . class member who is allegedly under-compensated by the distribution formula, could

have opted out" and "the opt-out provision fulfilled its purpose of protecting objecting class

members").

The Zik objectors also argue that the Magistrate Judge failed to analyze the differences in

state law, specifically that the Kentucky plaintiffs have claims under the Kentucky Health Spa

Act that are unavailable to class members from other states.  Though not specifically addressing

all the disparities in the laws of the states that have potential class members, the Report and

Recommendation acknowledges that the damages due to each class member could vary based

upon a number of factors.  However, individual damages calculations do not preclude class

certification.  *See, e.g., In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722

F.3d 838, 861 (6th Cir. 2013).

Second, the Zik/Hearon Objectors argue that judicial estoppel should bar final approval

in this case because Class Counsel objected to final approval in the *Seeger* case.  The Objectors

also allege collusion by Class Counsel.  Class Counsel argues, and the Court agrees, that the

proposed Settlement in *Seeger* was a coupon and provided little or no value to the Class and the

release was unlimited in time and scope.  There is no question that the settlement in this case

provides a greater recovery and the release is narrowly tailored.  Further, the allegations of

collusion are not well-taken.  Again, the Magistrate Judge thoroughly analyzed this factor and

did not find collusion based on the litigation of this case for two and one-half years, which

included extensive and contested discovery.

Next, the Court finds that the release is sufficient and not overbroad.  The Report and

Recommendation specifically considered this argument and held that "the release in question is

limited to claims that share the same factual predicate as the settled claims, and therefore is not

9

unfair to that extent." (*Report and Recommendation* at 64).  The Court agrees.

Finally, the Zik/Hearon Objectors assert that their attorneys and class representatives should be compensated.  As the Report and Recommendation acknowledges, "[f]ees and costs may be awarded to the counsel for objectors to a class action settlement if the work of the counsel produced a beneficial result for the class."  *Olden v. Gardner*, 294 F. App'x 210, 221 (6th Cir. 2008); *see also Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 803-04 (N.D. Ohio) ("Sixth Circuit case law recognizes that awards of attorneys' fees to objectors may be appropriate where the objector provided a benefit to the class by virtue of their objection.").  However, the Magistrate Judge did not find any of the objections meritorious, nor does the Court.  The objectors have not provided any benefit to the Class and therefore are not entitled to any incentives or attorneys' fees.

## IV.    CONCLUSION

For the foregoing reasons, the Court **OVERRULES** all of Blackman and the Zik/Hearon Objections to the Magistrate Judge's Report and Recommendation.  Accordingly, the Report and Recommendation is **ADOPTED AND AFFIRMED**.  Plaintiffs have met their burden of showing that the prerequisites for the certification of a class action pursuant to Rule 23(a) and Rule 23(b)(3) have been satisfied in this case, that the Settlement Agreement is fair, reasonable, and adequate, and that the Class Counsel's requested award of fees and expenses is fair and reasonable.  Therefore, the Settlement Agreement is hereby approved.  The Class and Subclasses are certified for settlement purposes.  All the settling Plaintiffs are hereby bound by the release set forth in the Settlement Agreement.  And, this action is hereby dismissed with prejudice pursuant to the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**