# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| AMBER GASCHO, *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Case No. 2:11-cv-436 |
| | : | |
| v. | : | Judge Smith |
| | : | |
| GLOBAL FITNESS HOLDINGS, LLC, *et al.*, | : | Magistrate Judge King |
| | : | |
| Defendants. | : | |

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

WHEREAS Plaintiffs and Defendant have entered into a Settlement Agreement and Release with Exhibits (collectively, the "Settlement Agreement"), dated September 12, 2013, to settle this class action; and,

WHEREAS the Court entered an Order dated September 30, 2013 (Docket No. 111) (the "Preliminary Approval Order"), preliminarily approving the settlement consistent with Fed. R. Civ. P. 23 and ordering notice be sent to the Class and Subclass Members, scheduling a Final Approval Hearing for February 13, 2014, and providing the Class and Subclass Members with an opportunity either to participate in the settlement, exclude themselves from the settlement, or object to the proposed settlement; and,

WHEREAS the Magistrate Judge held a Final Hearing on February 13, 2014, to determine whether to give final approval to the proposed settlement, and issued a Report and Recommendation on April 4, 2014 (Docket No. 141) granting final approval,

NOW, THEREFORE, based on the submissions of the Parties and the Class and Subclass Members, on the information provided at the Final Approval Hearing, on the findings contained in the Report and Recommendation and this Court's Order adopting the Report and Recommendation, and on this Court's findings and conclusions, it is hereby

**ORDERED, ADJUDGED AND DECREED,** as follows:

1. **Incorporation of Other Documents**. This Final Order Approving Class Action Settlement incorporates the Settlement Agreement. Unless otherwise provided herein, all defined terms from the Settlement Agreement shall have the same meaning in this Final Order.

2. **Jurisdiction**. Because adequate notice has been disseminated and all potential Class and Subclass Members have been given the opportunity to opt-out of this Action, the Court has personal jurisdiction with respect to the state law and common law claims of all Settling Plaintiffs. The Court has subject-matter jurisdiction over this Action pursuant to 28 U.S.C. §§ 1331 and 1367, including jurisdiction to approve the proposed settlement, grant certification of the Class and Subclasses, and dismiss the Action on the merits with prejudice.

3. **Class Certification**. The Class and Subclasses are certified for settlement purposes, under Fed. R. Civ. P. 23(a) and 23(b)(3), the Court finding that the Class and Subclasses satisfy the applicable requirements of Fed. R. Civ. P. 23 and due process.

   a. The "Class" includes all individuals who signed a gym membership or personal training contract with Defendant during the Class Period, which is January 1, 2006, to October 26, 2012, and who did not file a valid Opt-Out Request. The total number of Class members is approximately 605,735 persons.

   b. The "FIF Subclass" includes all Class Members who paid a $15 Facility Improvement Fee ("FIF"), Club Administrative Fee ("CAF"), or any other

biannual $15 fee charged by Defendant during the FIF Subclass Period, which is April 1, 2009, to October 26, 2012, and did not file a valid Opt-Out Request. The total number of FIF Subclass members is approximately 300,017 persons.

    c. The "Gym Cancel Subclass" includes all Class Members who cancelled their gym membership contract, and did not file a valid Opt-Out Request. The total number of Gym Cancel Subclass members is approximately 323,518 persons.

    d. The "Personal Training Cancel Subclass" includes all Class Members who cancelled a Personal Training contract, and did not file a valid Opt-Out Request. The total number of Personal Training Cancel Subclass members is approximately 50,038 persons.

4. **<u>Adequacy of Representation</u>**. Class Counsel and the Class Representatives have fully and adequately represented the Class and Subclasses for purposes of entering into and implementing the Settlement and have satisfied the requirements of Fed. R. Civ. P. 23(a)(4).

5. **<u>Class Notice</u>**. The Court finds that all notice requirements, and follow-up procedures, have been implemented pursuant to the Settlement Agreement and this Court's Preliminary Approval Order and that they:

    a. constituted the best practicable notice to Class Members under the circumstances of this Action;

    b. constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of this Action, (ii) the terms and conditions of the Settlement Agreement, their rights thereunder, and instructions on how to submit, and the timetable for submission of, a Claim Form, (iii) their right to exclude themselves from the Class and Subclasses and the proposed settlement and submit an Opt-Out Request, (iv)

their right to object to any aspect of the proposed settlement (including final certification of the settlement Class and Subclasses, the fairness, reasonableness, or adequacy of the proposed settlement, the adequacy of the Class's representation by the Class Representatives or Class Counsel, and/or the award of attorneys' fees and costs and the Enhancement Payments to the Class Representatives), (v) their right to appear at the Final Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Class, and (vi) the binding effect of the Orders and Judgment in this Action, whether favorable or unfavorable, on all persons who do not file an Opt-Out Request;

c. constituted notice that was reasonable, adequate, and sufficient notice to all persons entitled to be provided with notice; and

d. constituted notice that fully satisfied the requirements of the Federal Rules of Civil Procedure (including Fed. R. Civ. P. 23(c)(2) and (e)), and the United States Constitution (including the Due Process Clause), and any other applicable law.

6. **Final Settlement Approval**. The terms and provisions of the Settlement Agreement have been entered into in good faith and are fully and finally approved as fair, reasonable, and adequate, and in the best interests of each of the Parties and Settling Plaintiffs. All Objections to the Settlement are without merit and overruled. The Parties and Settling Plaintiffs are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.

7. **Binding Effect**. The terms of the Settlement Agreement and this Final Order and the accompanying Final Judgment are binding on the Parties, the Class Representatives, all other Settling Plaintiffs as well as their heirs, executors, and administrators, successors and assigns,

and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in this Action and are encompassed in the Release of Claims set forth in the Settlement Agreement.

8. **Releases.** The Class Representatives and all Settling Plaintiffs shall be bound by the Release of Claims provided in the Settlement Agreement, which is incorporated herein in all respects, regardless of whether such persons received any compensation under the Settlement Agreement. The Release of Claims is effective as of the date of this Final Order and the accompanying Final Judgment. The Court expressly adopts all defined terms in the Settlement Agreement, including, but not limited to, the definition of Released Claims, Released Parties, and the Class Representatives' Released Claims.

9. **Permanent Injunction.** All Settling Plaintiffs are barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other claim, lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based on, arising out of, or relating to the claims and causes of action in this Litigation and/or the Settled Claims; (ii) raising as a defense to any claim brought against them for repayment of a loan or any of the claims or causes of action in the Litigation and/or the Settled Claims; and (iii) organizing or soliciting the participation of any Class Members into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action) any claim, lawsuit, or other proceeding based on, arising out of, or relating to the claims and causes of action or the facts and

circumstances relating thereto, in this Litigation and/or the Settled Claims. The Court finds that issuance of this permanent injunction is necessary and appropriate in aid of the Court's jurisdiction over the Litigation and to protect and effectuate the Court's Final Order and Final Judgment.

10. **Enforcement of Settlement.** Nothing in this Final Order or the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement.

11. **Attorneys' Fees and Expenses and Enhancement Payments.** Class Counsel are hereby awarded attorneys' fees and reimbursement of their costs and expenses in the total amount of $2,390,000.00 to be paid by Defendant to Class Counsel. In addition, the Court hereby awards Class Representative Enhancement Payments, in the amount of forty thousand dollars ($40,000.00) for service and assistance to the Class. The Enhancement Payments shall be distributed as follows:

   a. Albert Tartaglia and Michael Bell shall each receive $5,000.00.
   b. Amber Gascho, Ashley Buckemeyer, Michael Hogan, Edward Lundberg, Terry Troutman, Anthony Meyer, Rita Rose, and Julia Snyder shall each receive $3,500.00.
   c. Matt Volkerding and Patrick Cary shall each receive $1,000.00.

Attorneys' fees, costs, and expenses and the Class Representatives' Enhancement payments shall be paid by Defendant in accordance with the terms and conditions set forth in the Settlement Agreement.

12. **Claims Administrator Payment.** Defendant shall pay the reasonable and necessary Settlement Administration Costs of the Claim Administrator in accordance with the terms and conditions set forth in the Settlement Agreement.

13. **Class Payment**. Defendant shall pay the Class Payment of $1,593,240.00 as determined by the Settlement Administrator and in accordance with the terms and conditions set

forth in the Settlement Agreement. The Claims Administrator shall then distribute the Class Payment to each Allowed Claimant in accordance with the terms of the Settlement Agreement.

14. **Modification of Settlement Agreement.** The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, as are in writing and signed by the Parties' counsel and are consistent with this Final Order and do not limit the rights of the Class or Subclass Members under the Settlement Agreement.

15. **Retention of Jurisdiction.** The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment. This Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation,

(a) enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action in the Consolidated Litigation that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Order, or the Final Judgment (including, without limitation, whether a person or entity is or is not a Settling Plaintiff; whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the Final Judgment);

(b) entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Order and the Final Judgment approving the Settlement Agreement, dismissing all claims on the merits and with prejudice, and permanently enjoining Settling Plaintiffs from initiating or pursuing related

proceedings, or to ensure the fair and orderly administration of this settlement; and

(c) entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

16. **No Admissions.** Neither this Final Order and the accompanying Final Judgment nor the Settlement Agreement (nor any other document referred to here, or any action taken to carry out this Final Order and the Final Judgment) is, may be construed as, or may be used as, an admission or concession by or against the Defendant or the Released Parties of the validity of any claim or any actual or potential fault, wrongdoing or liability. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not be construed as, or deemed evidence of, an admission or concession as to the Defendant's denials or defenses and shall not be offered or received in evidence in any action or proceeding against any party hereto in any court, administrative agency or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order and Final Judgment and the Settlement Agreement; *provided, however*, that this Final Order, the accompanying Final Judgment, and the Settlement Agreement may be filed in any action against or by the Defendant or the Released Parties to support a defense of *res judicata*, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

17. **Dismissal of the Action.** This Action, including all individual and Class claims resolved in it, is dismissed on the merits and with prejudice against the Class Representatives and all other Settling Plaintiffs, without fees or costs to any party or non-party except as otherwise provided in this Order and the Final Judgment.

18. **Rule 58 Separate Judgment.** The Court will separately enter the accompanying Final Judgment in accordance with Fed. R. Civ. P. 58.

**SO ORDERED this   16th   day of   July  , 2014.**

*s/ George C. Smith*
**GEORGE C. SMITH, JUDGE
UNITED STATES DISTRICT COURT**