IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

AMBER GASCHO, *et al.*,

on behalf of themselves and all
others similarly situated,

       Plaintiffs,

    v.

GLOBAL FITNESS HOLDINGS, LLC,

       Defendant.

CASE NO. 2:11-CV-00436

JUDGE SMITH

MAGISTRATE JUDGE KING

## ORDER GRANTING TEMPORARY RESTRAINING ORDER
## AGAINST DEFENDANT GLOBAL FITNESS HOLDINGS, INC.

Pursuant to Fed. R. Civ. P. 65, this Court hereby issues the following temporary restraining order against Defendant Global Fitness Holdings, Inc. ("Global Fitness") after being moved by Plaintiffs *ex parte* for an order freezing any expenditures, distributions, or payments from the accounts of Global Fitness and Royce G. Pulliam and Laurence E. Paul. For good cause shown and after review in accordance with the requirements of Fed. R. Civ. P. 65, the Court hereby grants the requested temporary restraining order on this _19th_ day of April 2017, at _9:00 a.m._ ~~p.m.~~

As set forth by Plaintiffs and supported by the Declaration of Class Counsel Mark H. Troutman, Plaintiffs face irreparable harm if any monies due their attorneys and the settlement administrator are distributed or otherwise dissipated by those enjoined. Notably, the breach of the Settlement Agreement by Global Fitness also violates the terms of the Court's Final Approval Order adopting the parties' terms and requiring


EXHIBIT
B

Global Fitness to pay $2,390,000.00 of attorneys' fees and costs and reasonable class administrative costs. Consequently, any expenditure not for these express purposes by definition causes irreparable harm.

Global Fitness sold its assets during the course of the litigation, further indicating that irreparable harm will occur by any expenditures to persons other than Class Counsel or the settlement administrator. Despite its representations to the Court that it had, and would retain, sufficient resources for this lawsuit, Global Fitness has admitted that it failed to do so. Allowing Global Fitness and Royce G. Pulliam and Laurence E. Paul to further expend resources only exacerbates the problem now before the Court.

Finally, the Court agrees that consideration of the four injunctive relief factors weighs in favor of temporary injunctive relief. As discussed above, Plaintiffs have adequately shown irreparable harm. Plaintiffs' evidence of likelihood of success on the merits is substantial based upon the notification of breach filed by Global Fitness on the docket on April 18, 2017. The Court finds that no third parties will face serious harm. Further, the public interest is served by enforcing the terms of the Settlement Agreement and the Court's Order, which parties should be able to rely upon to achieve finality in litigation.

Based upon the facts presented to it, the Court is justified in issuing this Order without notice to Global Fitness or its counsel. At best, Global Fitness has breached the Settlement Agreement and the final approval order of this Court. It is yet to be determined if Global Fitness's actions are based upon even more significant wrongdoing. Rather than inform the Court and the parties of its inability to pay weeks

2

ago when the issue of exhaustion of appeals was raised, Global Fitness remained silent until two days before it was supposed to pay Class Counsel and the settlement administrator under the terms of the settlement. Based upon such behavior, Class Counsel acted with good reason to avoid notifying Global Fitness before seeking an order enjoining its expenditure of further funds.

The Court **ORDERS**:

(1) Plaintiff's Ex Parte Motion for a Temporary Restraining Order is **GRANTED**.

(2) Global Fitness, Royce G. Pulliam, and Laurence E. Paul are hereby temporarily enjoined from effectuating the withdrawal, removal, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or diminution in value of any assets or accounts while this injunction is in effect.

(3) Global Fitness, Royce G. Pulliam, and Laurence E. Paul shall immediately transfer all assets held and controlled by them in offshore accounts to a financial institution within the jurisdiction of the Court.

(4) This injunction extends not only to Global Fitness, Royce G. Pulliam, and Laurence E. Paul, but also their agents, servants, employees, and attorneys, as well as those persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, and shall prevent any withdrawal, removal, transfer, dissipation, assignment, pledge, alienation, encumbrance, disposal, or

3

diminution in value of any assets or accounts while this injunction is in effect.

(5) All banks or other financial institutions, including private equity firms, in which Global Fitness, Royce G. Pulliam, and Laurence E. Paul have assets or accounts, and each of their agents, servants, employees, and attorneys and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, shall retain within their control and prohibit the withdrawal, removal, transfer, dissipation, assignment, pledge, alienation, encumbrance, diminution in value, or other disposal of any assets or accounts subject to this Order.

(6) Global Fitness, Royce G. Pulliam, and Laurence E. Paul shall provide actual notice of this Order to all individuals with access to and control over any assets or accounts identified in paragraph (3), above, and those entities identified in paragraph (4), above.

(7) In light of the fact that an apparent violation of a Court Order is involved and because the balance of harms weighs against the enjoined, the Court finds that no security is warranted and requires no bond.

(8) In accordance with Fed. R. Civ. P. 65(a)(2), this temporary restraining order expires 14 days from its date of issuance, or as of _April 31_____, 2017.

4

(9) The Clerk shall unseal all documents filed by Plaintiffs in this case on April 19, 2017, and previously filed under seal by approval of this Court.

The Court shall schedule a conference to address the remaining motion for a preliminary injunction and motion to enforce the settlement agreement.

**IT IS SO ORDERED.**

4-19-2017

UNITED STATES DISTRICT JUDGE

UNITED STATES MAGISTRATE JUDGE