# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **AMBER GASCHO, et al.,** : <br> **On behalf of themselves and all** : <br> **Others similarly situated,** : <br> : <br> **Plaintiffs,** : <br> v. : <br> : <br> : <br> **GLOBAL FITNESS HOLDINGS,** : <br> **LLC,** : <br> : <br> **Defendant.** : <br> : <br> : | Case No. 2:11-cv-436 <br><br> **CHIEF JUDGE EDMUND A. SARGUS, JR.** <br> Magistrate Judge Norah McCann King <br><br><br> **HEARING BRIEF OF LAURENCE PAUL** |

## INTRODUCTION

Laurence Paul does not own, in whole or in part, any interest in Global Fitness Holdings, LLC ("Global Fitness"). Plaintiffs concede that Laurence Paul is not and has never been a "controlling member" or "controlling principle" in Global Fitness Holdings. No basis for personal jurisdiction has been articulated or exists.

**I. An Individual Board Member is Not a Controlling Person**

The Settlement Agreement did not change the nature of Dr. Paul's role as it relates to Global Fitness, as he did not sign the agreement and did not personally guarantee any of its terms. *See* Settlement Agmt., R.97-1. In addition, despite the May 2014 distribution of funds from the holdback payment to Global Fitness owners, there is no evidence that Dr. Paul—who is not an owner—directly received any such distribution. *See* R.209.

The Sixth Circuit frequently has held that mere individual board members such as Dr. Paul are not "controlling" persons of a corporation, particularly where they are not involved in the day-to-day operations of the company. *See, e.g.*, *Herm v. Stafford*, 663 F.2d 669, 684 (6th

Cir. 1981) (mere status as a director of a corporation is not enough to be held liable as a "controlling person"; there "must be some showing of actual participation in the corporation's operation" and "control over the corporation"); *Mader v. Armel*, 461 F.2d 1123, 1125 (6th Cir. 1972) (affirming district court ruling that, unlike president and CEO, board member was "not a controlling person"); *see also In re Rospatch Sec. Litig.*, 1991 U.S. Dist. LEXIS 9648, at *4 (W.D. Mich. July 3, 1991) (mere status as a director of a corporation is insufficient to establish liability as a "control person" without evidence of participation in corporation's day-to-day operations and the power or ability to exercise control over the corporation). *Accord Burgess v. Premier Corp.*, 727 F.2d 826, 832 (9th Cir. 1984) (director was not a controlling person where he was "uninvolved in [the company's] day to day operations"); *In re Alstom SA Sec. Litig.*, 406 F. Supp. 2d 433, 495 (S.D.N.Y. 2005) (holding that individual's "mere status as a board member is not enough to demonstrate actual control over the company and the transaction in question"). *Veltex Corp. v. Matin*, 2010 U.S. Dist. LEXIS 108402, at *25-26 (C.D. Cal. Sept. 27, 2010) (finding that plaintiff failed to identify factual allegations showing that board member "had an awareness of the day-to-day operation" of the company).

**II. The Exercise of the Court's Contempt Powers as to Laurence Paul is Inappropriate and Would be Contrary to Law**

Contempt is an extraordinary remedy which must be exercised cautiously and sparingly. *In re Mullen*, 14 B.R. 39, 40 (S.D. Ohio 1981) (*citing N.L.R.B. v. Deena Artware, Inc.*, 207 f.2D 798, 802 (6th Cir. 1953)). Contempt is only appropriate if the behavior is clearly prohibited by a court order within its four corners. *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 460 (7th Cir. 1993) (internal citations omitted). Plaintiffs bear the "burden of establishing by clear and convincing evidence that [Laurence Paul] 'violated a definite and specific order of the court requiring [it] to perform or refrain from performing a particular act or acts with knowledge of the

court's order.'" *Rolex Watch U.S.A., Inc. v. Crowley*, 74 F.3d 716, 720 (*quoting N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987)). Further, the order must be "clear and unambiguous" to support a finding of contempt," with any ambiguities "resolved in favor of the party charged with contempt." *Liberte Capital Group, LLC v. Capwill* 462 F3d. 543, 550-51 (6th Cir. 2006).

Before either the compensatory or coercive aspects of a court's civil contempt power can be brought into play. . .there must have been disobedience of an 'operative command capable of enforcement.'" *H. K. Porter Co., Inc. v. National Friction Products Corp.*, 568 F.2d 24, 26 (7th Cir. 1977) (*quoting Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 398 U.S. 64, 74 (1967)). Hence, "[a]n order is insufficient to enforcement by contempt proceedings if the decree merely refer[s] to a contract, even though the contract clearly create[s] the legal obligation which warranted the decree." *H. K. Porter*, 568 F.2d at 28.

The plain terms of Judge Smith's Order approving the settlement did not expressly and unequivocally command Dr. Paul to do anything, or prohibit him from doing anything. ***Indeed, the agreement itself was conditional and would not be effective until several contingencies came to pass***, including the resolution of all objections and appeals. *See* Settlement Agmt. § 2.16.6. The terms related to the payment of attorneys' fees to class counsel, moreover, were expressly conditional. *See id.* §§ 13.3-13.5, ("Notwithstanding any other provisions of this Agreement, no order of the Court, or modification or reversal on appeal of any order of the Court, reducing the amount of attorneys' fees or costs to be paid by Defendant to Class Counsel, or reducing the amount of any Class Representative Enhancement Payments to be paid by Defendant to the Class Representatives, shall constitute grounds for cancelation or termination of this Settlement Agreement, or grounds for limiting any other provision of the Final Judgment.").

And while the agreement expressly required that a specific amount be placed into escrow or secured for the class itself (and Global Fitness complied with that requirement), it did not require any of the funds for class counsel to be secured or even isolated.

At most, the District Court's Order approving the settlement simply stated: "Class Counsel are hereby awarded attorneys' fees and reimbursement of their costs and expenses in the total amount of $2,390,000.00 to be paid by Defendant [Global Fitness] to Class Counsel." Final Order Approving Class Action Settlement, R.147. This language does not require Global Fitness to take any specific action to protect and segregate any amount that would go toward the payment of attorneys' fees prior to the effective date of the settlement, much less give such a command to Dr. Paul personally. There was no identifiable "writ" that created a present obligation on Global Fitness, of which Dr. Paul should have been apprised, and thus no basis for a finding of contempt against Dr. Paul.

More importantly, even if there were such a command to Global Fitness, Dr. Paul could not have been made aware of that command any earlier than July 16, 2014, the date when the court entered the Final Order Approving Class Action Settlement (leaving aside for the moment the fact that the settlement agreement would not even become effective until 2017). *See* R.147. The $10 million distribution to the four owners of Global Fitness was made two months **before** this date. *See* R.209. It defies logic to conclude that an individual could be held liable for contempt of an order based on conduct that predates any order or writ. Dr. Paul thus "cannot be assessed civil contempt penalties for actions taken before the injunction was issued[.]" *Hornbeck Offshore Servs., L.L.C. v. Salazar*, 2011 U.S. Dist. LEXIS 59846, at *37 (E.D. La. June 1, 2011).

Certainly neither the magistrate judge nor the district court believed that the report and recommendation was a final order, as they are well aware that the magistrate judge only possessed authority to make a recommendation. Indeed, absent consent of all parties, a magistrate judge has no authority to enter a final enforceable order. *See* 28 U.S.C. § 636(b). Only a district court order transforms a magistrate judge's report and recommendation into a final and appealable order. *See Crouch v. Hinton*, 1992 U.S. App. LEXIS 3051, at *2 (6th Cir. Feb. 25, 1992) (indicating that "an order or report or recommendation entered by a magistrate judge is not final and appealable"). Finally, there is no dispute that the payment obligation was not "triggered" until March 2017.

Plaintiff's counsel had failed to demonstrate that Laurence Paul acted in an improper manner contrary to any court order.

Respectfully submitted,

/s/ Richard S. Gurbst
Richard S. Gurbst (0017672)
Richard.gurbst@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Telephone: (216) 479 8500
Facsimile: (216) 479 8780


C. Craig Woods (0010732)
Craig.woods@squirepb.com
SQUIRE PATTON BOGGS (US) LLP
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
Telephone: (614) 365-2825
Fax: (614) 365-2499

Attorneys for Laurence Paul and Stephen Paul

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and accurate copy of the foregoing was served upon counsel of record on July 6, 2017, via this Court's electronic filing system.

                                      */s/ Richard S. Gurbst*
                                      Richard S. Gurbst (0017672)