# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**AMBER GASCHO**, et al.,

on behalf of themselves and all
others similarly situated,

                Plaintiffs,

    v.

**GLOBAL FITNESS HOLDINGS**, LLC,

                Defendant.

CASE NO. 2:11-CV-00436

CHIEF JUDGE EDMUND A. SARGUS, JR.

MAGISTRATE JUDGE KING

## DEFENDANT GLOBAL FITNESS HOLDINGS, LLC AND NON-PARTY ROYCE PULLIAM'S MEMORANDUM OF LAW

        Defendant Global Fitness Holdings, LLC ("GFH") and Non-Party Royce Pulliam submit

this memorandum of law to address issues that will be presented at the July 7, 2017 final hearing.

Jonathan R. Secrest (#0075445)
DICKINSON WRIGHT PLLC
150 East Gay Street, Suite 2400
Columbus, Ohio 43215
Telephone: (614) 744-2572
Facsimile: (844) 670-6009
jsecrest@dickinsonwright.com
*Co-Counsel for Defendant*
*Global Fitness Holdings, LLC*
*Non-Party Royce Pulliam, and*
*Non-Party Tomi Anne Pulliam*

David A. Owen (admitted pro hac vice)
DICKINSON WRIGHT PLLC
300 W. Vine Street, Suite 1700
Lexington, KY 40507
Phone: (859) 899-8707
Facsimile: (844) 670-6009
dowen@dickinsonwright.com
*Co-Counsel for Defendant*
*Global Fitness Holdings, LLC,*
*Non-Party Royce Pulliam, and*
*Non-Party Tomi Anne Pulliam*

# ARGUMENT

## A. THERE IS NO COURT ORDER THAT SPECIFICALLY SETS FORTH ANY AFFIRMATIVE OBLIGATIONS.

- On July 16, 2014, this Court issued an Opinion and Order Adopting the Report and Recommendation of the Magistrate Judge,[1] a Final Order Approving the Class Action Settlement Agreement,[2] and a Final Judgment.[3] The Final Judgment did not even mention attorneys' fees and the Opinion and Order Adopting the Magistrate Judge's Report and Recommendation merely determined that the Settlement Agreement was fair and reasonable. The Opinion and Order did not set forth specific obligations related to the payment of attorneys' fees.

## B. A COURT ORDER THAT MERELY INCORPORATES THE TERMS OF A SETTLEMENT AGREEMENT IS AN INSUFFICIENT BASIS FOR CONTEMPT.

- "Before either the compensatory or coercive aspects of a court's civil contempt power can be brought into play…there must have been disobedience of an 'operative command capable of enforcement.'" *H.K. Porter Co., Inc. v. National Friction Products Corp.*, 568 F.2d 24, 26 (7th Cir. 1977) (quoting *Int'l Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n,* 398 U.S. 64, 74 (1967)). Hence, "[a]n order is insufficient to enforcement by contempt proceedings if the decree merely refer[s] to a contract, even though the contract clearly create[s] the legal obligation which warranted the decree." *Id.* at 28.

---

[1] Docket Entry ("D.E.") 146.
[2] D.E. 147 (the "July 16, 2014 Order").
[3] D.E. 148.

- The July 16, 2014 Order specifically stated that it "incorporates the Settlement Agreement";[4] that the Parties thereto were "directed to implement and consummate the Settlement Agreement according to its terms";[5] and that "[a]ttorneys' fees, costs, and expenses … shall be paid by [GFH] in accordance with the terms and conditions set forth in the Settlement Agreement."[6]

- The July 16, 2014 Order provided the Parties with unlimited discretion to amend or modify the Settlement Agreement "without needing further approval from the Court."[7] A court order that merely adopts the terms of a contract and permits modification without approval of the Court provides neither an operative command nor the required specificity and clarity necessary to support contempt.

## C. EVEN IF THE JULY 16, 2014 ORDER WAS SUFFICIENTLY SPECIFIC, IT WAS NONETHELESS CONDITIONAL.

- The Settlement Agreement did not become "Effective" until March 21, 2017. Likewise, because the July 16, 2014 Order incorporated the terms of the Settlement Agreement, it did not become "Effective" until March 21, 2017.

- Payment of attorneys' fees was conditional and contingent upon the failure of any party to appeal or affirmance upon appeal. "If the Court (or any appellate court) awards less than the amount requested for attorneys' fees and/or costs…, only the awarded amounts shall be paid and shall constitute satisfaction of the obligations of Defendants under this Agreement."[8]

---

[4] D.E. 147, Page I.D. # 3006.
[5] *Id.*, Page I.D. # 3009.
[6] *Id.*, Page I.D. # 3011.
[7] *Id.*, Page I.D. # 3012.
[8] D.E. 97-1, Page I.D. # 1507.

**D. THERE IS NO EVIDENCE OF ANY VIOLATION OF A COURT ORDER.**

- The May 2014 Distribution was made on May 2nd, over two months before the July 16, 2014 Order was entered. After the July 16, 2014 Order was entered, GFH did not fail to comply and simply ran out of money.

- As required by the Settlement Agreement, GFH deposited $1.5 million into an escrow account to guarantee the minimum payment of Class claims. In the time period between the issuance of the July 16, 2014 Order and the "Effective Date," GFH had obligations to other creditors, ordinary and necessary business expenditures, and expenses flowing from two pending litigations.

**E. THERE IS NO EVIDENCE THAT NON-PARTY ROYCE PULLIAM PREVENTED COMPLIANCE WITH THE JULY 16, 2014 ORDER.**

- Plaintiffs presented no evidence that the Non-Party Royce Pulliam took action to prevent GFH from complying with the July 16, 2014 Order. Instead, as the basis for their contempt claim, Plaintiffs rely upon the May 2014 Distribution, which pre-dated the conditional July 16, 2014 Order, which itself did not impose any obligations upon Non-Party Royce Pulliam.

- At the time of the May 2014 Distribution, sufficient funds existed to pay Class Counsel's fees. The Distribution in and of itself does not support a finding that Non-Party Royce Pulliam prevented compliance.

**F. THIS COURT DOES NOT HAVE JURISDICTION OVER NON-PARTY ROYCE PULLIAM**

- Non-Party Royce Pulliam: (1) is not a resident of Ohio; (2) does not have sufficient minimum contacts with Ohio necessary for personal jurisdiction; and (3) was never a party to the underlying suit or the settlement agreement. This Court has recognized

that without any evidence that Non-Party Royce Pulliam acted to prevent GFH's compliance, the Court cannot validly exercise jurisdiction over him (Non-Party Royce Pulliam adamantly contends even that is insufficient to establish personal jurisdiction over him):

> "…I think I need to reiterate this. They're only parties if there's something here in the way of contempt. They're not otherwise in this case." [9]

> "I think you understand my view. The only party on the defendant's side is, at this point GFH. The individuals named would only be before the Court if there is a showing that they took acts to prevent GFH from complying with the Court-imposed obligation. I mean, I think we're all clear on that, right? If they didn't do that, then you're right: They're not before me in this case." [10]

## G. THE MAY 2014 TAX DISTRIBUTION WAS CONSISTENT WITH THE OPERATING AGREEMENT.

- The May 2014 Distribution, which occurred prior to the July 16, 2014 Order, was made pursuant to and consistent with the Third Amended and Restated Operating Agreement.[11]

## H. THIS IS A COLLECTION ACTION AGAINST GFH.

- The Supreme Court of the United States has made clear that courts may not utilize a prejudgment injunction to freeze assets pending adjudication of a party's attempt to recover monetary relief. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 333 (1999) ("Because such a remedy was historically unavailable from a court of equity, we hold that the District Court had no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondents' contract claim for money damages.").

---

[9] D.E. 194, Page I.D. #3513.
[10] *Id.* Page I.D. # 3524.
[11] Expert Report of Mark B. Bober, p. 8-13.

Respectfully Submitted,

/s/ Jonathan R. Secrest
Jonathan R. Secrest (#0075445)
Dickinson Wright PLLC
150 East Gay Street, Suite 2400
Columbus, Ohio 43215
Telephone: (614) 744-2572
Facsimile: (844) 670-6009
jsecrest@dickinsonwright.com
*Trial Attorney for Defendants*
*Global Fitness Holdings, LLC, Non-Party*
*Royce Pulliam, and Non-Party Tomi Anne*
*Pulliam*

David A. Owen (admitted *pro hac vice)*
Dickinson Wright PLLC
300 W. Vine Street, Suite 1700
Lexington, KY  40507
Phone:  (859) 899-8707
Facsimile: (844) 670-6009
dowen@dickinsonwright.com
*Trial Attorney for Defendants*
*Global Fitness Holdings, LLC, Non-Party*
*Royce Pulliam, and Non-Party Tomi Anne*
*Pulliam*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 6, 2017, the foregoing was filed with the

Clerk of the Courts using the CM/ECF system, which will send notification of such filing to all

parties by operation of the Court's electronic filing system.  Parties may access this filing

through the Court's system.

/s/ Jonathan R. Secrest
Jonathan R. Secrest (#0075445)