**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: November 15, 2017

Mr. Pierre H. Bergeron
Ms. Larisa Vaysman
Squire Patton Boggs
221 E. Fourth Street, Suite 2900
Cincinnati, OH 45202

Mr. Drew H. Campbell
Bricker & Eckler
100 S. Third Street
Columbus, OH 43215

Mr. Richard Gurbst
Mr. Marques Paige Dorian Richeson
Squire Patton Boggs
127 Public Square, Suite 4900
Cleveland, OH 44114

Mr. Christopher J. Hogan
Mr. Marion H. Little Jr.
Zeiger, Tigges & Little
41 S. High Streeet, Suite 3500
Columbus, OH 43215

Mr. John Joseph Kulewicz
Mr. Thomas N. McCormick
Vorys, Sater, Seymour & Pease
P.O. Box 1008
Columbus, OH 43215

Mr. Logan J. Mayfield
Mr. David A. Owen
Mr. Jonathan R. Secrest
Dickinson Wright
150 E. Gay Street, Suite 2400
Columbus, OH 43215

Mr. Gregory M. Travalio
Mr. Mark Hayden Troutman
Isaac Wiles Burkholder & Teetor
Two Miranova Place, Suite 700
Columbus, OH 43215

Re: Case Nos. 17-3577/17-3578/17-3579/17-3804/17-3805/17-3821/17-3822/17-3825/17-3826/17-3827, *Gascho, et al v. Global Fitness, et al*
Originating Case No. : 2:11-cv-00436

Dear Counsel,

   The court today announced its decision in the above-styled cases.

   Enclosed is a copy of the court's opinion together with the judgment which has been entered in conformity with Rule 36, Federal Rules of Appellate Procedure.

                           Yours very truly,

                           Deborah S. Hunt, Clerk


                           Cathryn Lovely
                           Deputy Clerk

cc:  Mr. Richard W. Nagel

Enclosures

Mandate to issue.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0258p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

---

AMBER GASCHO, on behalf of herself and all others similarly situated, et al.,

    *Plaintiffs-Appellees*,

    *v.*

GLOBAL FITNESS HOLDINGS, LLC, doing business as Urban Active,

    *Defendants-Appellants* (17-3579 & 17-3827),

DAHL ADMINISTRATION, LLC,
  *Defendant-Appellee* (17-3821/3822/3825/3826/3827),

LAURENCE E. PAUL (17-3577 & 17-3821); ROYCE G. PULLIAM (17-3578 & 17-3825); TOMI ANNE PULLIAM (17-3804 & 17-3826); STEPHEN PAUL (17-3805 & 17-3822),

    *Interested Parties-Appellants*.

Nos. 17-3577/ 3578/ 3579/ 3804/ 3805/ 3821/ 3822/ 3825/ 3826/ 3827

---

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 2:11-cv-00436—Edmund A. Sargus Jr., Chief Judge.

Argued: October 11, 2017

Decided and Filed: November 15, 2017

Before: SUTTON, DONALD, and THAPAR, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Christopher J. Hogan, ZEIGER, TIGGES & LITTLE LLP, Columbus, Ohio, for Appellants Royce Pulliam and Tomi-Anne Pulliam. Pierre H. Bergeron, SQUIRE PATTON BOGGS (US) LLP, Cincinnati, Ohio, for Appellants Laurence Paul and Stephen Paul. David A.

Owen, DICKINSON WRIGHT PLLC, Lexington, Kentucky, for Appellant Global Fitness. Thomas N. McCormick, VORYS, SATER, SEYMOUR AND PEASE LLP, Columbus, Ohio, for the Gascho Appellees. **ON BRIEF:** Christopher J. Hogan, ZEIGER, TIGGES & LITTLE LLP, Columbus, Ohio, for Appellants Royce Pulliam and Tomi-Anne Pulliam. Pierre H. Bergeron, Larisa M. Vaysman, SQUIRE PATTON BOGGS (US) LLP, Cincinnati, Ohio, Richard S. Gurbst, Marques P.D. Richeson, SQUIRE PATTON BOGGS (US) LLP, Cleveland, Ohio, for Appellants Laurence Paul and Stephen Paul. David A. Owen, DICKINSON WRIGHT PLLC, Lexington, Kentucky, Jonathan R. Secrest, DICKSINSON WRIGHT PLLC, Columbus, Ohio, for Appellant Global Fitness. Thomas N. McCormick, John J. Kulewicz, VORYS, SATER, SEYMOUR AND PEASE LLP, Columbus, Ohio, Gregory M. Travalio, Mark H. Troutman, ISAAC WILES BURKHOLDER & TEETOR, LLC, Columbus, Ohio, for the Gascho Appellees.

_____

**OPINION**

_____

THAPAR, Circuit Judge. The contempt power ensures that the judiciary's mandates are authoritative rather than advisory. But an imperious judiciary is just as problematic as a powerless one. So the contempt power is limited: A party cannot be held in contempt unless it has violated a definite and specific court order. Exactly *when* a court order becomes definite and specific is the question of this appeal.

I.

Global Fitness Holdings ("Global Fitness") owned and operated a number of gyms. The plaintiffs were members of those gyms and believed that Global Fitness misrepresented the terms of its gym memberships. They banded together and sued as a class. Eventually, the plaintiffs and Global Fitness settled. In the settlement agreement, Global Fitness agreed to pay (1) $1.3 million to the class members, (2) class counsel's fees as ordered by the court, and (3) the claims administrator's fees and costs.

Some of the class members objected to the settlement. After a fairness hearing, the district court approved the agreement and ordered the parties to implement its terms. Still, some class members were dissatisfied and appealed. This court affirmed the district court's order, *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 294 (6th Cir. 2016), and the Supreme

Nos. 17-3577 /3578 /3579
/3804 /3805 /3821 /3822
/3825 /3826 /3827
*Gascho, et al. v. Global Fitness Holdings, et al.*
Page 3

Court denied certiorari, *Blackman v. Gascho*, 137 S. Ct. 1065 (2017) (mem.); *Zik v. Gascho*, 137 S. Ct. 1065 (2017) (mem.). With this denial, the district court's order was final, and it was time for Global Fitness to pay up. But by this point, Global Fitness was nearly broke. It had sold all of its gyms and funneled nearly $10.4 million of the sale proceeds to the company's managers through what it termed "tax distributions." Fortunately for the class members, the payments Global Fitness owed to them had been placed in escrow under the terms of the settlement agreement. But unfortunately for class counsel and the claims administrator, the agreement made no provision for the escrow of their payments. Two days before its payment obligation under the settlement agreement came due, Global Fitness notified the district court it was out of money and could not meet its remaining obligations under the agreement.

So the plaintiffs asked the district court to hold Global Fitness and its four managers in civil contempt. The district court did so and ordered them to pay the full amount owed to class counsel and the claims administrator, as well as statutory interest. Global Fitness and the managers now appeal.[1]

II.

Contempt is serious. *See Int'l Longshoremen's Ass'n, Local 1291 v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1967) (describing a court's contempt power as a "potent weapon"). To reflect its seriousness, courts must exercise the contempt sanction with caution and use "[t]he least possible power adequate to the end proposed." *United States v. Wilson*, 421 U.S. 309, 319 (1975) (quoting *Anderson v. Dunn*, 19 U.S. (6 Wheat.) 204, 231 (1821)); *see also Bloom v. Illinois*, 391 U.S. 194, 207 (1968) (emphasizing the "unwisdom of vesting the judiciary with completely untrammeled power to punish contempt"). Contempt is a measure of last resort, not first resort. *See Young v. United States*, 481 U.S. 787, 801 (1987).

---

[1]The district court issued a preliminary injunction freezing the managers' assets while it considered whether they were in contempt. That order is now moot since the district court lifted the asset freeze after the managers obtained a letter of credit guaranteeing payment if necessary. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.").

Nos. 17-3577 /3578 /3579
/3804 /3805 /3821 /3822
/3825 /3826 /3827
    *Gascho, et al. v. Global Fitness Holdings, et al.*    Page 4

A party that seeks civil contempt sanctions must demonstrate by clear and convincing evidence that the opposing party knowingly "violated a definite and specific order of the court." *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir. 1987) (quotation and brackets omitted). The "definite and specific" requirement guards against arbitrary exercises of the contempt power. Contempt cannot be based on "a decree too vague to be understood," but is instead reserved for those who "fully understand[]" the meaning of a court order and yet "choose[] to ignore its mandate." *Int'l Longshoreman's Ass'n*, 389 U.S. at 76. Accordingly, when deciding whether a court order is "definite and specific," courts must construe any ambiguity in favor of the party charged with contempt. *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996). And that makes sense—after all it would be unfair for courts to hold a party in contempt unless that party was disobeying a clear and unequivocal court command.

The burden of showing that an order is definite and specific is heavy. *See id*; *see also Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 379 (6th Cir. 2003) (underscoring the demanding nature of the "clear and convincing" standard for showing violation of a definite and specific court order). But if the movant carries it, the onus shifts to the opposing party to demonstrate that it was unable to comply with the court's order. *Gary's Elec.*, 340 F.3d at 379 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)).

Since the decision to hold a party in contempt is within the sound discretion of the district court, we will only reverse if the district court "relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Id*. at 378 (quoting *Blue Cross & Blue Shield Mut. of Ohio v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997)).

A.

In this case, no one disputes that Global Fitness violated a definite and specific court order by failing to pay class counsel and the claims administrator. The question is *when* the district court's order to do so became definite and specific.

Normally, the date on which a court's command becomes definite and specific is not difficult to determine. But the question becomes more complicated where the court's command is conditioned to take effect only upon the happening of some future event. Such a condition existed here. The settlement agreement provided that Global Fitness's obligation to pay would not become effective until the agreement was "fully and finally affirmed by the highest court" from which any party sought review. R. 97-1, Pg. ID 1491–92, 1509. And when the district court approved that agreement, its order required Global Fitness to pay class counsel and the claims administrator "in accordance with the terms and conditions set forth in the Settlement Agreement." R. 147, Pg. ID 3011.

So while the court's command was specific—Global Fitness has to pay—it was not *definite*. The timing of the payments depended on whether either party appealed. And here, the objecting class members did appeal. First they appealed the district court's order to this court, and this court affirmed (over a dissent). *See Gascho*, 822 F.3d at 294. Then they sought a writ of certiorari from the Supreme Court, securing amicus support from the Attorneys General of seventeen states in the process. *See* Brief of the Attorneys General of Ala. & Ariz. et al. as Amici Curiae in Support of Petitioner, *Blackman v. Gascho*, 137 S. Ct. 1065 (2017) (No. 16-364), 2016 WL 6213015. The Supreme Court denied certiorari. *Blackman*, 137 S. Ct. 1065; *Zik*, 137 S. Ct. 1065. And on March 21, 2017, after the time to request a rehearing expired, the Supreme Court's decision became final. Only then did the court's order become definite.

Until the order was "fully and finally affirmed," it remained possible that attorneys' fees could be reduced or the order reversed altogether. R. 97-1, Pg. ID 1488–89, 1508 (providing that "the Settling Parties enter[ed] into this Agreement on a conditional basis," and that if the order was reversed on appeal the agreement "shall be deemed null and void"). And while it would have been good business practice to set the money aside, the contempt power is not meant to force businesses into good business practices. Nor is it meant to force parties to comply with contracts, where a breach of contract action would be more appropriate. Rather, the contempt power is reserved for parties that knowingly violate clear and specific commands of the court. *See, e.g., Downey v. Clauder*, 30 F.3d 681, 686 (6th Cir. 1994) (holding that an order that did not

Case: 2:11-cv-00436-EAS-KAJ Doc #: 292 Filed: 11/15/17 Page: 8 of 12  PAGEID #: 5096 (8 of 12)

Nos. 17-3577 /3578 /3579
/3804 /3805 /3821 /3822
/3825 /3826 /3827  *Gascho, et al. v. Global Fitness Holdings, et al.*  Page 6

"specif[y] a date" or command the contemnor "to act immediately" was not definite and specific); *NLRB v. Deena Artware, Inc.*, 261 F.2d 503, 510 (6th Cir. 1958) (holding that an order under which the amount owed was contingent on a future event was not "sufficiently definite and mandatory to serve as the basis for contempt proceedings"), *rev'd on other grounds*, 361 U.S. 398 (1960); *Hall v. Chamberlin*, No. 4:12CV0460, 2012 WL 5399880, at *3 (N.D. Ohio Nov. 5, 2012) (rejecting a contempt motion where settlement agreement was contingent and the contingencies had not yet occurred). The parties did not knowingly violate a clear and specific command of the court until Global Fitness's relevant payment obligations under the order became effective, which was on March 21, 2017.

The plaintiffs argue that Global Fitness had an implied obligation to conserve its funds during the appeals. And it is true that parties must comply with court orders even while appeals are pending. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947). Our holding does not disturb that well-settled rule. The rule is simply inapplicable in the unusual circumstances of this case, where the command to act became effective only *after* the appeals were exhausted. As the Seventh Circuit explained in *H.K. Porter Co., Inc. v. National Friction Products Corp.*, "to furnish support for a contempt order," the judgment "must set forth in specific detail an *unequivocal* command." 568 F.2d 24, 27 (7th Cir. 1977) (emphasis added). A command conditioned on future events is not unequivocal. Neither, then, is it enforceable through an order of contempt.

If the plaintiffs wanted to ensure that Global Fitness would be able to pay class counsel and the claims administrator, they could have insisted that Global Fitness escrow those funds during the appeals. After all, that is what they did for the class payment. That would have been prudent here since at the time of settlement, Global Fitness had sold all of its gyms and had no ongoing revenue.

The plaintiffs had all the more reason to take precautions because of the unique procedural aspects of class actions. Class-action settlements require court approval, and sometimes class members object. Resolving those objections can delay the prevailing party's payment for years. Usually a prevailing party can seek an appeal bond to protect its interest

Case: 2:11-cv-00436-EAS-KAJ Doc #: 292 Filed: 11/15/17 Page: 9 of 12  PAGEID #: 5097 (9 of 12)

Nos. 17-3577 /3578 /3579 /3804 /3805 /3821 /3822 /3825 /3826 /3827   Gascho, et al. v. Global Fitness Holdings, et al.   Page 7

while a losing party appeals.  But an appeal bond would have been of no use here since it was class-member objectors who appealed the class-action settlement, not Global Fitness.  When a class-action settlement calls for payment from a company with shaky finances, self-help is indispensable.  Concerned parties are well-advised to insist upon an escrow provision, or even personal guarantees from individual defendants.  The settlement agreement included neither here.  Thus, Global Fitness had no legal obligation to conserve funds to pay class counsel and the claims administrator while the appeals were pending.  Its obligation to pay became definite and specific only once the appeals were exhausted—on March 21, 2017.

B.

Global Fitness argues that it was unable to comply with the court's order once it became definite and specific.  And when a party is unable to comply, a contempt order should not be issued.  *See Rylander*, 460 U.S. at 757 ("Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action.").  But to show impossibility, Global Fitness has the burden to demonstrate that (1) it was unable to comply with the court's order, (2) its inability to comply was not self-induced, and (3) it took "all reasonable steps" to comply.  *Gary's Elec.*, 340 F.3d at 381–83.

The district court found that Global Fitness's inability to pay was self-induced.  And that conclusion is not surprising—Global Fitness's $10 million tax distribution appears questionable to say the least.  Nevertheless, this tax distribution occurred *before* the district court issued its order approving the settlement agreement.  And just as a court cannot hold a party in contempt retroactively, it cannot reject a party's impossibility defense on the basis of conduct that predated its definite and specific command.  *See Tekkno Labs., Inc. v. Perales*, 933 F.2d 1093, 1099 (2d Cir. 1991) (explaining that a court cannot "hold a party in contempt retroactively to a time at which no valid court order had been entered"); *Deena Artware*, 261 F.2d at 509 ("Acts of a respondent *prior* to the entry of the order or judgment which he is charged with disobeying, do not constitute contempt of court, regardless of the intentions of the respondent to avoid the impact of an order or judgment expected by him to be thereafter entered.").

Here Global Fitness's obligation to pay class counsel and the claims administrator was not definite and specific until March 21, 2017. So the district court erred in considering any of Global Fitness's conduct from before then. And likewise the district court also erred in relying on pre-order conduct to hold the managers in contempt. As such, a remand is appropriate so the district court can consider whether the evidence after March 21, 2017, is sufficient to support a contempt finding.

### III.

Global Fitness and the managers further argue that contempt proceedings are not the proper vehicle for enforcing what was ultimately a monetary award. Instead, they claim a writ of execution is the proper remedy. But *Gary's Electric* forecloses that argument. 340 F.3d at 385. There, the court expressly endorsed the use of contempt in circumstances indistinguishable from this case. *Id.* And that decision is binding on this panel. *See Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985).

*Gary's Electric* also forecloses the managers' arguments that the district court lacked authority to hold them in contempt because they are not parties to the settlement agreement or the order. First, it is "[w]ell settled law" that courts have personal jurisdiction over non-party corporate officers who have notice of an injunction directed at their company and its contents. *Gary's Elec.*, 340 F.3d at 380. Second, those non-party corporate officers can be held in contempt for the corporation's failure to comply with the court's order, so long as they were responsible for the corporation's conduct and failed to take appropriate action to ensure performance. *Id.* at 382.

But while the district court had authority to sanction the managers, those sanctions are permissible against individual officers only when (1) they are intended to compensate for actual losses, and (2) the actual losses compensated for were caused by the officer's contumacious conduct. *Id.* at 383 n.13, 385. Here, the district court erred by holding the managers jointly and severally liable. On remand, if the district court determines sanctions are appropriate, it must

Nos. 17-3577 /3578 /3579 /3804 /3805 /3821 /3822 /3825 /3826 /3827     *Gascho, et al. v. Global Fitness Holdings, et al.*     Page 9

then determine the extent to which each manager deliberately caused Global Fitness's inability to pay.

### IV.

For the reasons set forth above, we **REVERSE** the district court's contempt finding and **REMAND** for further proceedings consistent with this opinion.

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Nos. 17-3577/3578/3579/3804/3805/3821/3822/3825/3826/3827

AMBER GASCHO, on behalf of herself
and all others similarly situated, et al.,
    Plaintiffs - Appellees,

    v.

GLOBAL FITNESS HOLDINGS, LLC,
doing business as Urban Active,
    Defendants - Appellants (17-3579 & 17-3827),

DAHL ADMINISTRATION, LLC,
    Defendant - Appellee (17-3821/3822/3825/3826/3827),

LAURENCE E. PAUL (17-3577 & 17-3821);
ROYCE G. PULLIAM (17-3578 & 17-3825);
TOMI ANNE PULLIAM (17-3804 & 17-3826);
STEPHEN PAUL (17-3805 & 17-3822),
    Interested Parties - Appellants.

**FILED**
Nov 15, 2017
DEBORAH S. HUNT, Clerk

Before:  SUTTON, DONALD, and THAPAR, Circuit Judges.

# JUDGMENT

On Appeal from the United States District Court
for the Southern District of Ohio at Columbus.

THIS CAUSE was heard on the record from the district court and was argued by counsel.

IN CONSIDERATION THEREOF, it is ORDERED that the judgment of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with the opinion of this court.

**ENTERED BY ORDER OF THE COURT**

Deborah S. Hunt, Clerk